IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:23-cv-164 |
| v. | ) |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10 AND CITY OF ERIE, PENNSYLVANIA, | ) *(Electronically Filed)* |
| Defendants. | ) |

## NOTICE OF REMOVAL

1. Removal of this action is pursuant to 28 U.S.C. §§ 1442 and 2679(d)(2) in that Task Force Officer Steven DeLuca was specially deputized by the United States Marshals Service to serve on a specific task force. While serving on that task force on March 12, 2023, he was considered a federal officer acting within the course and scope of his task force employment under the direction of a federal officer. Steven DeLuca is named as a Defendant in this action.

2. On or about March 24, 2023, Plaintiff, Lance Thornton, filed a Praecipe for Writ of Summons in the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023, against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania. *See* Ex. A, Plaintiff's Praecipe for Writ of Summons.

3. Plaintiff declared on his Civil Cover Sheet that the nature of this action is a state law tort claim. *See* Ex. A, Civil Cover Sheet attached to Praecipe for Writ of Summons filed with the Prothonotary of the Court of Common Pleas of Erie County.

4.	On or about April 20, 2023, Plaintiff, Lance Thornton, filed Pre-Complaint Discovery Requests Directed to Defendants Steven DeLuca and City of Erie, Pennsylvania, in the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023.

5.	A Complaint has not been filed in the above-described civil action.

6.	No trial or proceeding has been commenced in said civil action.

7.	A federal officer, or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil action is commenced against him "for or relating to any act under color of such office."[1]

8.	Plaintiff's state tort claim relates to actions taken by Steven DeLuca acting under color of office and in the performance of his office duties as a deputized federal officer.

9.	Congress provided in 28 U.S.C. § 2679(d)(2) that "[u]pon certification by the Attorney General that an employee acted within the scope of office or employment at the time of the incident out of which the plaintiff's claim arose, any civil action or proceeding commenced upon that claim in state court shall be removed without bond *at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." (emphasis added). The civil "action or proceeding shall then be deemed to be an action or proceeding against the United States under the FTCA, and the United States shall be substituted as the party defendant." Congress also provided

---

[1] Section 1442(d)(1) defines "civil action" to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." The definition is broad and clearly encompass removal of state court subpoena-related proceedings, including pre-filing discovery proceedings. The Removal Clarification Act of 2011 § 2, Pub. L. No. 112-51 125 Stat 545 (Nov. 9, 2011), broadened the definition of "civil action" for just this purpose. *See also* H. Rep. No. 112-17(I) at 6, *reprinted in* 2011 U.S.C.C.A.N. 420, 425.

in § 2679(d)(2) that "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

10. The Attorney General has delegated authority to certify scope of office or employment under § 2679 to the United States Attorney and to the Directors of the Torts Branch of Department of Justice Civil Division. 28 C.F.R. § 15.4(a). Filed with this Notice of Removal is a Certification by the Acting United States Attorney for the District of the Western District of Pennsylvania that Steven DeLuca was acting within the scope of office or employment at the time of incident out of which Plaintiff's state tort claim arose. *See* Ex. B, Acting United States Attorney's Certification of Employment.

11. Accordingly, this action must be deemed to be an action against the United States for purposes of Plaintiff's state tort claim, and it is therefore properly removed under 28 U.S.C. § 2679(d)(2). *See Osborn v. Haley*, 549 U.S. 525 (2007) (Attorney General could validly certify that the federal employee named as defendant was acting within scope of his employment to warrant substitution of United States as defendant pursuant to § 2679).

12. A true and correct copy of all pleadings and processes is attached hereto and marked as Ex. A.

13. The above-described civil action may be removed to this Court without bond pursuant to 28 U.S.C. §§ 1442, 2408 and 2679(d)(2).

WHEREFORE, Defendant, Steven DeLuca removes this matter from the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023, to the United States District Court for the Western District of Pennsylvania.

        Respectfully submitted,

        TROY RIVETTI
        Acting United States Attorney

        */s/ Kezia Taylor*
        KEZIA O. L. TAYLOR
        Assistant U.S. Attorney
        Western District of PA
        Joseph F. Weis, Jr. U. S. Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA  15219
        Tel:    (412) 894-7567
        Fax:   (412) 644-6995
        Kezia.Taylor@usdoj.gov
        PA ID No. 203759

        *Counsel for Defendant*
        *Steven DeLuca*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2023, a true and correct copy of the within NOTICE OF REMOVAL was duly served by either electronic filing and/or first-class mail, upon the following:

Aubrea Hagerty-Hayne
Prothonotary
Erie County Courthouse
140 West Sixth Street, Room 120
Erie, PA 16501
prothonotary@eriecountypa.gov


Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*


Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for Defendant*
*City of Erie*

                                                */s/ Kezia Taylor*
                                              KEZIA O. L. TAYLOR
                                              Assistant U.S. Attorney