IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:23-cv-164 |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, AND CITY OF ERIE, PENNSYLVANIA, | ) JUDGE CATHY BISSOON ) *(Electronic Filing)* |
|     Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY**

**I.      INTRODUCTION**

On or about March 24, 2023, Plaintiff commenced a state tort action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Erie County against Steven DeLuca, ten John Does, and the City of Erie, Pennsylvania. *See* ECF No. 1-2. Following the filing of the Praecipe for Writ of Summons, Plaintiff filed a Notice of Service of Plaintiff's Pre-Complaint Discovery Requests Directed to Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania. *Id*.

On June 6, 2023, the United States removed the action from the Court of Common Pleas of Erie County to this Court. *Id*. As explained below, at the time of the incident giving rise to this action, which allegedly occurred on March 12, 2023, Steven DeLuca was specially deputized by the United States Marshals Service to serve on specific task forces. While serving on task forces and engaged in task force activities, Steven DeLuca is considered a federal officer. The Acting United States Marshal of the United States Marshal Service, Phil Cornelious, has declared that Steven DeLuca was acting within the course and scope of his task force employment at the time

of the alleged March 12, 2023 incident.  *See* Ex. A, Declaration of Phil Cornelious, Acting United States Marshal of the United States Marshals Service for the Western District of Pennsylvania.  Further, the Acting United States Attorney has certified, pursuant to 28 U.S.C. § 2679(d), that Steven DeLuca was acting within the scope of his employment at the time of the incident.  *See* Ex. B, Certification of Scope of Employment.  Therefore, Steven DeLuca is immune from suit under the Federal Tort Claims Act, and the only proper defendant is the United States with respect to the state tort action that could be brought against Steven DeLuca in this action.

II.     ARGUMENT

In 1988, Congress amended the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), by enacting the Federal Employees Liability Reform and Tort Compensation Act ("Liability Reform Act").  The Liability Reform Act provides for absolute immunity of federal employees by establishing the FTCA as the exclusive remedy against the United States for negligent or wrongful acts committed by federal employees within the scope of their employment.  28 U.S.C. §§ 2679(b)(1), 2680(h); *United States v. Smith*, 499 U.S. 160, 161-63 (1991); *Vanderklok v. United States*, 868 F.3d 189, 201 (3d Cir. 2017) ("**The United States can generally be substituted for federal employees facing liability for state law tort claims** when they are 'sued for damages for harms caused in the course of their employment.'" (quoting *Hui v. Castaneda*, 559 U.S. 799, 801 (2010))) (emphasis added).  Where, as here, an action is brought against a federal employee, upon certification by the Attorney General that the employee was acting within the scope of his or her employment, the United States is substituted as the defendant.  28 U.S.C. § 2679(d)(1); *Osborn v. Haley*, 549 U.S. 225, 229-30 (2007).[1]

---

[1] 28 C.F.R. §§ 15.3(a) and 15.4 authorize the U.S. Attorney for the district where the civil action is brought to make the statutory certification that the employee was acting within the scope of employment.

In this case, the Attorney General of the United States, by the United States Attorney for the Western District of Pennsylvania, has certified, pursuant to 28 U.S.C. § 2679(d), that Steven DeLuca was acting within the scope of his employment at the time of the incident giving rise to this action.  *See* Ex. B, Certification of Scope of Employment.  As such, he is entitled to enjoy individual immunity from suit under the FTCA.  *Osborn*, 549 U.S. at 229.  Further, pursuant to 28 U.S.C. § 2679(d), the United States of America shall be substituted as a defendant with respect to any claims that could be brought against Steven DeLuca in this action.  *See Osborn v. Haley*, 549 U.S. 525 (2007) (Attorney General could validly certify that the federal employee named as defendant was acting within scope of his employment to warrant substitution of United States as defendant pursuant to Section 2679 of the Westfall Act, even though the Attorney General's certification rested on an understanding of facts that differed from plaintiff's allegations).

Accordingly, the United States respectfully requests that the Court substitute the United States of America for Steven DeLuca as a defendant in this action with respect to Plaintiff's state law tort claim.

### III. CONCLUSION

For the reasons stated above, the United States of America respectfully requests that the Court grant its Motion for Substitution of Party and issue an Order substituting the United States of America for Steven DeLuca as a defendant in this action with respect to any and all claims that could be asserted against him through this action, and dismissing him from this action, with prejudice.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney


*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR (PA 203759)
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel.: (412) 894-7567
Fax: (412) 644-6995
Email: kezia.taylor@usdoj.gov

*Counsel for Defendant
Steven DeLuca*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2023, a true and correct copy of the within Brief in Support of Motion for Substitution of Party was served by first-class mail upon the following:

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for City of Erie*

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney