IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| LANCE THORNTON, | : | |
|      Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN | : | |
| DOE 2, JOHN DOE 3, JOHN DOE 4, | : | |
| JOHN DOE 5, JOHN DOE 6, JOHN | : | Case No.: 1:23-cv-164 |
| DOE 7, JOHN DOE 8, and JOHN DOE 9, | : | |
| JOHN DOE 10, and CITY OF ERIE, | : | |
| PENNSYLVANIA, | : | |
| | : | |
| | : | |
|      Defendants | : | |
| | : | |

**ANSWER TO MOTION FOR SUBSTITUTION OF PARTY**

NOW COMES the Plaintiff, Lance Thornton, by counsel and in answer to the Motion for Substitution of Party heretofore filed by Steven DeLuca, respectfully represents:

**I.       Introduction**

The government, perhaps intentionally, misstates the basis of the claims in this case and is grossly in error in stating that the Writ of Summons or Pre-Complaint Discovery Requests assert any particular claim against Steven DeLuca and the City of Erie, much less any claim under the Federal Tort Claims Act. In support of this Answer, Lance Thornton avers as follows:

1.       Plaintiff admits that he filed a Praecipe for Writ of Summons against Defendant DeLuca on March 24, 2023 and served pre-complaint discovery requests in

accordance with Pennsylvania Rule of Civil Procedure 4003.8 on April 20, 2023. The

purpose of the discovery request was to identify the individuals who participated in an

armed invasion of Plaintiff's home on March 12, 2023. Plaintiff is investigating the

availability of causes of action that may arise out of these events and has not yet made

any claim against any party or specified the nature of any cause of action that may arise

out of those events.

2.    Admitted that the United States removed the case to this Court. The

removal of this case is improper since a case cannot be removed until after the filing of

an "initial pleading." 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or

proceeding shall be filed within 30 days **after** receipt by the Defendant...of a copy of the

**initial pleading** *setting forth the claim for relief upon which such action or*

*proceeding is based*.") (Emphasis added.) There is no statutory provision providing for

removal of an action before a Plaintiff has stated a claim for relief.

3.    DeLuca's employment status is unknown and has not been verified despite

multiple requests to the defendant City, defendant DeLuca and counsel for the

government. In fact, counsel for the government has expressly declined to provide the

Memorandum of Understanding between her client and the City of Erie despite that

being a public document. Since the Defendants have refused to document their

assertion, Plaintiff maintains his denial of the truth of that conclusion.

4.    It is admitted that the Attorney General has certified DeLuca's

employment. However, given the refusal of the Defendants to document the

"employment" of DeLuca or the applicability of any deputization certificate to the events

of March 12, Plaintiff denies this allegation.

5.     Plaintiff has not made any claim under the Federal Tort Claims Act.
Instead, he will likely proceed under the Bivens doctrine to which the FTCA does not
apply. Nothing in the Writ of Summons or anything that can be inferred from the
discovery requests necessarily gives rise to a claim under the Federal Tort Claims Act.
The government is attempting to circumvent the Plaintiff's recovery for the obvious
constitutional torts committed against him by securing a judgment on the "merits" of a
Federal Tort Claims Act claim to rely on the judgment bar of the Federal Tort Claims
Act. See *Brownback v. King,* 141 S.Ct. 740 209 L. ED. 2nd 33 (2021) holding that
dismissal of an FTCA claim barred pursuit of constitutional claims arising out of the
"same subject matter." (141 S.Ct. 745). In fact, Defendant's Motion seeks a judgment on
the merits of the case rather than mere substitution of a party. The United States is not
itself liable under *Bivens vs. Six Unknown Federal Narcotics Agents, 403 U.S. 388
(1971)*, which imposes personal liability for constitutional violations committed by
persons operating under color of federal law.  It is far too early to determine whether or
not Mr. DeLuca is entitled to immunity from suit under the Federal Tort Claims Act,
particularly where no claim under the Federal Tort Claims Act has yet been asserted and
there is no basis to believe that any FTCA claim will be asserted.

6.      These averments constitute a conclusion of law, noting that no Federal
Tort Claims Act claim has been presented or raised.

7.     Denied. The United States government should not be substituted for
Steven DeLuca since no claim under the Federal Tort Claims Act has been asserted
against Mr. DeLuca and the Pre-Complaint Discovery Requests do not set forth a cause
of action under that Act, further noting that, as can be seen from the Defendants'

3

responses to those discovery requests, attached as Exhibit "1" Defendants have denied all involvement in this matter.

8.      Plaintiff requests a reasonable period of time within which to file a brief in opposition to this Motion.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion and remand this case to the Erie County Court of Common Pleas for the development of an appropriate record.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC


By: */s/ Timothy D. McNair*
            Timothy D. McNair, Esquire
            Attorney for Plaintiff
            Pa. ID#34304
            821 State Street
            Erie, PA 16501
            (814) 452-0700
            (814) 454-2371
            tmcnair@mcnairlaw.com