| | | |
|---|---|---|
| LANCE THORNTON, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff, | : | OF ERIE COUNTY, PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10 and CITY OF ERIE, PENNSYLVANIA, | : | Civil Division - Law |
| | : | |
| | : | Docket No. 10721-2023 |
| Defendants. | : | |

## DEFENDANTS RESPONSE TO PRE-COMPLAINT DISCOVERY

AND NOW, comes the Defendants, by and through the Office of the City Solicitor, and files these responses to Plaintiff's Interrogatories and Request for Production of Documents to Steven Deluca, as follows:

### ANSWERS TO INTERROGATORIES:

1. Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

   **ANSWER:**

   a) Planning – Deputy U.S. Marshal Stephen Barnes.

   b) Execution – unknown.

   c) Review – unknown.

   d) Search – Steven Deluca and others known or unknown.

2. For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

   **ANSWER:**

   a) Stephen Barnes - U.S. Marshal's Service.

   b) Steven Deluca – Erie Police Department.

**EXHIBIT 1**

3. Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

4. Identify each individual, if any, who sought or obtained a search or arrest warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

5. Identify the individual in command of the group searching 410 Roslyn Ave.

**ANSWER:**

Deputy U.S. Marshall Stephen Barnes.

6. Identify the individual(s) who attempted to kick open the front door of 410 Roslyn Ave. at the outset of the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

7. Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock A.M. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

8. Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

9. Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

10. Was any advice sought from a judicial officer prior to the Search regarding the propriety of the Search?

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

11. If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

Not applicable based on ANSWER #10.

12. Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

## RESPONSES FOR REQUESTS:

1. All documents directing or authorizing the persons or organization named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

2. All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

3. All documents relating to the decision to conduct the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

4. Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at the time.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

5. All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

6. Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recordings that you claim is not available to you, identify the custodian of all such recordings and set for the reason it is not available to you.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said videos, if any. Further, Owner/Resident has recordings of the Search via a smartphone and/or home security systems.

7. Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

8. To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting s deputies of the United States Marshals Service or any task force… produce all certificates or documents… any Memorandum of Understanding… establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

WHEREFORE, Defendants respectfully submit the aforementioned Answers to Interrogatories and/or Responses for Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery.

**CITY OF ERIE:**

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814.870.1230
FX: 814.455.9438
Attorney for Defendants

| | |
|---|---|
| LANCE THORNTON,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10 and CITY OF ERIE, PENNSYLVANIA,<br>　　　　Defendants. | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA<br><br>Civil Division - Law<br><br>Docket No. 10721-2023 |

## CERTIFICATE OF SERVICE

The Defendants hereby states that service of the **Answers to Interrogatories and /or Responses to Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery** was sent by letter via United States Postal Service (USPS), by electronic notice via email address on record and/or other methods noticed below to the following individuals and/or entities on this date: June 1, 2023.

Timothy McNair, Esq.
McNair Law Offices
821 State Street
Erie, PA 16501
(via Courthouse Box)

Steven Deluca
City of Erie PD
City Hall
626 State Street
Erie, PA 16501
(via Personal Service)

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy City Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814/870-1230
FX: 814/455-9438
Attorney for Defendants