IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| LANCE THORNTON, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN | : | |
| DOE 2, JOHN DOE 3, JOHN DOE 4, | : | Case No.: 1:23-cv-164 |
| JOHN DOE 5, JOHN DOE 6, JOHN | : | |
| DOE 7, JOHN DOE 8, and JOHN DOE 9, | : | |
| JOHN DOE 10, and CITY OF ERIE, | : | |
| PENNSYLVANIA, | : | |
| | : | |
| | : | |
|     Defendants | : | |
| | : | |

**BRIEF IN OPPOSITION TO MOTION FOR SUBSTITUTION**

**I.**    **Statement of the Case**

On March 12, 2023, Lance Thornton was alone in a residence he owns which was in the process of remodeling in Erie, Erie County, Pennsylvania. Mr. Thornton suffers from early onset dementia which renders him subject to fear and anxiety when presented with fast-moving or unusual circumstances. Mr. Thornton's house was equipped with a number of video surveillance devices including a Ring doorbell, an outdoor camera on the front porch, and several interior cameras. These were installed and could be accessed remotely because Mr. Thornton was often away from the residence as it is a vacation home.

At approximately eight o'clock in the morning, Mr. Thornton was startled by noises and commotion in the street. He went downstairs, looked out the window and

saw approximately a dozen men dressed as soldiers, a SWAT vehicle and two or more ambulances on the street. This was highly unusual because the residence is in a secluded area on the bluff overlooking Lake Erie.

Mr. Thornton approached his front door to find out what was happening while at the same time the door and door jamb were being violently damaged by outside activity. Mr. Thornton opened the door and was spirited out of his residence to a spot in the snow in front of his house. He was approached by, among others, Mr. DeLuca, some Pennsylvania State Troopers, and two men wearing vests stating "U.S. Marshal." Mr. Thornton was told that there was a "credible tip" that he was harboring a fugitive. Plaintiff was intimidated into granting permission to search conditioned that he could withdraw that permission at any time, a condition to which the invaders agreed. The invaders, all of them armed with assault rifles, pistols, and other weapons, went into the house. After further discussion with personnel outside the house, Mr. Thornton decided to withdraw his consent to the search. This was communicated to the personnel who had invaded his residence by both Mr. Thornton and by radio from one of the invaders who remained outside with Mr. Thornton. In response, the invaders scoffed and called Mr. Thornton a "weasel," continuing their search by opening drawers and looking under a mattress, they left. The invaders would identify themselves only by badge number except for one marshal who gave his name (Bayle). One officer refused to even give a badge number. The only one Plaintiff has been able positively to identify is Steven DeLuca. The others are identified as "John Does" in the writ of summons.

Mr. Thornton was extremely anxious, nervous, and agitated as the result of these events. The next day, he was admitted to the hospital where it was discovered he had suffered a stroke as the result of the stress he was subjected to.

Mr. Thornton hired an attorney to investigate the matter to see if there was an available remedy for the outrageous behavior of the invaders. Given the paucity of information provided, and the rejection of several Right to Know Law requests to the City and the Pennsylvania State Police, yet being unsure of what remedies were available and aware of the limitations on bringing FTCA claims against government actors for intentional torts, Mr. Thornton filed a Praecipe for the Issuance of a Writ of Summons in the Court of Common Pleas of Erie County, Pennsylvania on March 24th. It was duly served on the City and DeLuca and was followed up with Pre-Complaint Discovery seeking the identity of those involved and their purposes, as well as whether there was legal justification for the invasion of Plaintiff's residence A copy of the requests is submitted herewith as Exhibit "1." Of course, if responses to the discovery requests reveal a legitimate reason for the actions taken by defendants, that would be the end of the case.

Pre-complaint discovery for the purpose of preparing a complaint is permitted under Pa. R.C.P. 4003.8. Upon the expiration of the thirty-day period for response, an individual identified as an attorney for the City of Erie requested an extension, which was granted. The discovery "responses" were served on Friday, June 2nd. They were woefully inadequate. For the Court's information, a copy of the responses is submitted

as Exhibit "2" to this Brief[1]. Given the woefully inadequate responses, Plaintiff prepared and filed a Motion to Compel Responses, attached for the Court's information as Exhibit "3" to this Brief. As the Motion to Compel was being filed with Judge Marshall Piccinini, Plaintiff received notice that this case had somehow been removed to this Court.

Subsequently, Plaintiff's counsel discussed the improper removal of the case with government counsel, Kezia Taylor. She informed counsel that it was the government's intention to substitute itself for DeLuca and seek dismissal of the claim with prejudice (insulating DeLuca from any constitutional claims under *Brownback v. King*, 140 S.Ct. 740, 209 L. ED 2d 33 (2021) as noted above) Counsel for Plaintiff protested that a case cannot be removed until after the filing of an initial pleading and no "initial pleading" had been filed. The government retorted that the discovery requests served as a complaint, a position not heretofore accepted by this Court.

Defendant argues that the case should be dismissed with prejudice for failure to exhaust remedies under the Federal Tort Claims Act. Defendant utterly fails to point to any authority that a person injured by the conduct of the government is *required* to file an FTCA claim. An individual may, for example, choose to pursue a constitutional remedy under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff may further choose to pursue a claim under 42 U.S.C § 1983 against the City of Erie for failing properly to train, equip, and supervise its employees attached to the task force. Plaintiff's counsel has informed the government that no claim under the FTCA has been presented and that, while it may be under consideration, Plaintiff has two years from the date of the occurrence to present his claim. Plaintiff is

---

[1] Since the discovery responses are simply informational, they are not attached to any formal motion or pleading.

unaware of any legal authority to the effect that government can force someone to present an invalid FTCA claim and thus be deprived of their constitutional claims.

## II.       Argument

### Substitution would be improper in this case since no claim under the Federal Tort Claims Act has been raised.

Defendant contends that the discovery requests clearly set forth a claim for damages under the Federal Tort Claims Act and that substitution is proper under the Westfall Act, 28 U.S.C. § 2679. At this point, the government has not been presented with a claim under the Federal Tort Claims Act, and it cannot be determined if such a claim will be presented. As the *Brownback, supra*, case teaches us, it may well be in a citizen's interest to rely solely on a *Bivens* claim rather than to file an FTCA claim in court, as was done in that case.

It is clear that the government is seeking completely to deprive Plaintiff of any remedy for the outrageous conduct in the search of his residence in clear violation of the Fourth Amendment. This conduct is remediable pursuant to *Bivens,* supra, and does not require the filing of an FTCA claim.

## III.      Conclusion

Defendant's removal of this case was premature and contrary to law. Given that, the case should be remanded until a pleading is filed in state court that is within the jurisdiction of this Court. Defendant is falsely attributing an FTCA claim to the Plaintiff when he has not made one and does not desire to make one at this point. No documentation has been presented to prove that DeLuca was acting under federal law

and documentation that may preserve DeLuca's liability under 42 U.S.C. § 1983 may exist but Defendant has refused to provide it. Defendant's Motion for Substitution is without current factual basis and should be denied, and the case should be remanded to the Erie County Court of Common Pleas for further appropriate action.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: */s/ Timothy D. McNair*
        Timothy D. McNair, Esquire
        Attorney for Plaintiff
        Pa. ID#34304
        821 State Street
        Erie, PA 16501
        (814) 452-0700
        (814) 454-2371
        tmcnair@mcnairlaw.com