IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON,<br>    Plaintiff | CIVIL DIVISION - LAW |
| v. | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA<br>    Defendants | **JURY TRIAL DEMANDED** |

## PRE-COMPLAINT DISCOVERY REQUESTS DIRECTED TO DEFENDANT, STEVEN DELUCA AND DEFENDANT, CITY OF ERIE, PENNSYLVANIA

NOW COMES the Plaintiff, Lance Thornton and propounds the following discovery requests to aid him in the preparation of his Complaint in this matter. In this case, Plaintiff seeks, *inter alia,* compensation for property damage, fright, terror, and personal injury sustained as the result of the search of his residence at 410 Roslyn Avenue, Erie, PA 16506 on March 12, 2023. These discovery requests are calculated to identify parties, since Plaintiff has limited information regarding their full names and employers, discover specific facts allowing him to accurately plead facts in support of his claim, as required by Pa.R.C.P. 1019, including the chronology of the events that led to the incident in suit:

## INSTRUCTIONS AND DEFINITIONS

**EXHIBIT 1**

A.  "Search" shall mean the incident occurring on the morning of March 12, 2023, at or near 410 Roslyn Avenue in Erie, Pennsylvania involving Erie Police and other law enforcement authorities.

B.  "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees. "You" further includes all persons who participated in the Search or preparations for the Search, or analysis and reporting after the fact of the Search.

C.  "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

D.  "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

E.  "Person" or "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

F.  "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

G.  "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size.  In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

H.      "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

I.      "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

J.      The period of time encompassed by these requests shall be from the date You received the alleged "credible tip" regarding Plaintiff, his property or relatives or associates of Plaintiff to the date responses to these requests are served unless otherwise indicated. These requests shall continuing and your duty is to supplement your responses with such responsive information as is discovered or obtained by you until the date of trial.

## INTERROGATORIES

1.      Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

**ANSWER:**

2.      For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

**ANSWER:**

3.      Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

4.      Identify each individual, if any, who sought or obtained a search or arrest

warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

5. Identify the individual in command of the group searching 410 Roslyn Avenue.

**ANSWER:**

6. Identify the individual(s) who attempted to kick open the front door of 410 Roslyn St. at the outset of the Search.

**ANSWER:**

7. Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock a.m. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

8. Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

9. Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

10. Was any advice sought from a judicial officer prior to the Search regarding

the propriety of the Search?

**ANSWER:**

11.    If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

12.    Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

### REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.    All documents directing or authorizing the persons or organizations named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

2.    All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

3.    All documents relating to the decision to conduct the Search.

**RESPONSE:**

4. Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at any time.

**RESPONSE:**

5. All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

6. Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recording that you claim is not available to you, identify the custodian of all such recordings and set forth the reason it is not available to you.

**RESPONSE:**

7. Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

8. To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting as deputies of

the United States Marshal Service or any task force created by or involving it, produce all certificates or documents appointing any of your employees as Deputy United States Marshals, and a complete and unredacted copy of any Memorandum of Understanding or agreement between the City of Erie or any bureau or division thereof and the United States Marshal Service establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

Case 1:23-cv-00164-CB   Document 8-1   Filed 06/09/23   Page 8 of 8

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON,<br> Plaintiff | CIVIL DIVISION - LAW |
| v. | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA<br> Defendants | **JURY TRIAL DEMANDED** |

## **VERIFICATION**

I, _____, am the _____ of the City of Erie and as such, being authorized to do, verify that the answers set forth in the within Interrogatories are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 28 U.S.C. §1746 regarding unsworn declarations under penalty of perjury.

_____
Date                 Representative of the City of Erie, Pennsylvania