IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|                                                      |     |                            |
| ---------------------------------------------------- | --- | -------------------------- |
| LANCE THORNTON,<br>    Plaintiff                     | :   | CIVIL ACTION - LAW         |
|                                                      | :   |                            |
| v.                                                   | :   |                            |
|                                                      | :   | Case No.: 10721-2023       |
| STEVEN DELUCA, JOHN DOE 1, JOHN                       | :   |                            |
| DOE 2, JOHN DOE 3, JOHN DOE 4,                       | :   |                            |
| JOHN DOE 5, JOHN DOE 6, JOHN                         | :   |                            |
| DOE 7, JOHN DOE 8, and JOHN DOE 9,                   | :   |                            |
| JOHN DOE 10, and CITY OF ERIE,                       | :   |                            |
| PENNSYLVANIA,                                        | :   |                            |
|                                                      | :   |                            |
|     Defendants                                       | :   |                            |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PRE-COMPLAINT DISCOVERY**

NOW COMES the Plaintiff, by counsel, McNair Law Offices, and, pursuant to Pa. R.C.P. 4019(A)(1), respectfully representing:

1.   On March 12, 2023, Plaintiff's home was invaded by a group of 10 to 12 heavily armed men dressed as soldiers. The home was searched despite Plaintiff's objection, and nothing was found. No warrant was issued or presented. Plaintiff has heard a rumor that a warrant was requested and denied.

2.   Plaintiff suffers from early-onset dementia and informed the invaders of this. The invaders made no effort to accommodate Plaintiff's disability despite their duties under the Pennsylvania Human Relations Act.

3.   Since the search of a residence without a warrant is presumptively a violation of Article I, Section 8 of the Pennsylvania Constitution remediable pursuant to 42 Pa. C.S. § 8309, Plaintiff has filed a lawsuit seeking redress for the damages he



EXHIBIT

3

suffered as the result of the invasion, including a stroke shortly after which has been attributed to the stress of the events, as well as significant damage to his home caused by the invaders' attempts to break the front door for no apparent reason.

4.      Since the identity of only one of the individuals involved in the search is known to Plaintiff, that being Steven DeLuca, and because the largest portion of the contingent claim to be part of the City of Erie Bureau of Police SWAT unit, Plaintiff has filed a Praecipe for Issuance of a Summons, which was duly issued and has been served on Defendant DeLuca and the City of Erie. Plaintiff is seeking pre-complaint discovery of the identification of the John Does involved in the invasion of his home as well as some of the facts surrounding the search.

5.      On April 20, 2023, Plaintiff served pre-complaint discovery requests on DeLuca and the City pursuant to Pa. R.C.P. 4003. Mr. Thornton is seeking the identities of the invaders and some of the facts underlying the decision to invade his home so he can draft a factually based complaint. Pursuant to Pa.R.C.P. 4006(b)(2), answers were due within thirty days. An extension was requested and granted, and unverified responses were finally served on Friday afternoon, June 2. A copy of the Discovery Requests, with Definitions and Instructions, is attached hereto as Exhibit "A," and the responses offered by Defendants are attached as Exhibit "B". Counsel drafting the responses has not entered an appearance with the Court.

6.      None of the interrogatories were answered completely or in accordance with the Definitions and Instructions provided. See Exhibit "A" for the Discovery Requests with Instructions and Definitions.

7.      While most of the interrogatories were simply not answered,

Interrogatories 3, 4, 6, 7, 8, 9, 10, 11, and 12 were objected to. In violation of Pa.R.C.P 4006(b)(2), none of the objections were signed by the attorney making them.

8.      In their discovery responses, the Defendants repetitively state: "Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances." At this point, Plaintiff is unable to file a "proper Civil Complaint" with any precision inasmuch as he does not have knowledge of a number of crucial facts, including the identity of the individuals participating in the invasion, the identity and location of any agency by which any of the armed soldiers were affiliated, the facts which led to the invasion, whether or not a search warrant was sought and what the result was, the extent of the Defendants' knowledge of Plaintiff prior to the search, the identity of non-paramilitary individuals at the scene, including ambulance personnel, or the source of the "credible tip" relied upon to justify the partial destruction of and invasion of Plaintiff's home. Without this information, Plaintiff will have to rely on speculation and inferences, rather than facts. Since Plaintiff must plead facts to support his case, and defendants are clearly in possession of facts, they should be required to disclose those facts.

9.      Plaintiff's discovery requests are neither vague nor irrelevant. Defendants appear to be trying to erect a stone wall to protect themselves from civil liability for their gross violations of Mr. Thornton's rights and the destruction of his property.

10.      Plaintiff's belief is that Defendants have liability for a violation of the Pennsylvania Constitution under 42 Pa.C.S. §8309. This arises out of the obvious fact that they occupied, searched, and damaged the Plaintiffs' home without a warrant and without permission in violation of Article I, Section 8 of the Pennsylvania Constitution,

which has judicially been acknowledged to afford greater protection to Commonwealth citizens than the Fourth Amendment to the US Constitution. See, e.g., *Commonwealth v. Edmunds*, 586 A2.d 887 (1991), holding that Federal Fourth Amendments decisions establish the Constitutional floor, but Pennsylvania is free to offer heightened protection to her citizens.

11.     The search of a residence without a warrant is presumptively unreasonable. *Com. of Pa. v. Romero*, 183 A.3d 364 (Pa. 2018), citing *United States v. United States Dist. Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). This is why Plaintiff believes he has a case. The invasion was objectively unreasonable and conducted without a warrant in violation of Article I, Section 8 of the Pennsylvania Constitution.

12.     Defendants provided no documents responsive to Plaintiff's Request for Production of Documents. Instead, they deny having copies of any documents, repetitively stating: "Defendants aver and believe that the U.S. Marshals Service has said documents, if any." This is hardly an appropriate answer. Even if the Marshal's Service has the documents or copies of documents, Defendants fail to explain why they do not have copies of documents they generated or received. As Defendants know, Plaintiff cannot subpoena documents from the Marshal's Service in this case. The Marshal's Service is a United States federal agency and will not produce documents in response to a state court subpoena. *Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

13.     Interrogatory 1 requests the identity of those who participated in the invasion. The Defendants state that they do not know who participated, which is obviously false. Defendants seem to be claiming that they do not know who else went with Deluca to the scene, armed to the teeth with assault rifles, pistols, and undoubtedly

other weapons. It is not credible that one would voluntarily associate with a bunch of other individuals under such dangerous circumstances without knowing who they were.

14.     Interrogatory 3 asks for the facts and reasoning that led Defendants to invade Plaintiff's residence. This information is obviously fair game and clearly beyond Plaintiff's knowledge, but necessary to prepare an appropriate complaint. The objection is not well taken and should be overruled.

15.     Interrogatory 6 requests the identity of the person who tried to break down Plaintiff's door. This person is obviously a potential defendant and Plaintiff cannot sue him unless he is identified. The repetitive objection should be overruled.

16.     Interrogatory 12 requests the City of Erie Bureau of Police's policy on dealing with persons with disabilities. Police agencies are required to modify their policies to comply with the Pennsylvania Human Relations Act and not to discriminate against individuals with disabilities. Plaintiff is an individual with a disability within the meaning of the PHRA because he has early-onset dementia which renders him subject to agitation and fear in the presence of unusual or fast-moving events. Discovery of this policy will help Plaintiff determine whether Defendants may have violated the Pennsylvania Human Relations Act in their treatment of him.

17.     Request for Production No. 1 requests the production of "All documents directing or authorizing the persons or organization in your response to Interrogatory 1 to perform the Search ("Search" is a defined term in the requests, and refers to the invasion of Plaintiff's home on March 12.) Defendants respond by claiming that an entity insulated from judicial process "may have" the requested documents, implying without stating that they do not. They offer no explanation why they do not have the

documents, or how the United States Marshal's Service came into possession of them. The documents may well provide an adequate explanation for the invasion of Mr. Thornton's home, obviating the need for further litigation, so it would be in the Defendants' interest to produce them. The unverified response does not satisfy the requirements of Pa.R.C.P. 4009.12, which mandates a specific procedure for responding to Requests for production. Defendant has made no attempt to comply with that rule[1].

---

[1] The rule states:

Rule 4009.12. Answer to Request Upon a Party for Production of Documents and Things.

(a)  The party upon whom the request is served shall within thirty days after the service of the request

 (1)  serve an answer including objections to each numbered paragraph in the request, and

 (2)  produce or make available to the party submitting the request those documents and things described in the request to which there is no objection.

  (i)   Where the documents may be identified only after review of a larger group of documents, and the burden of identifying the documents would be substantially the same for the party serving the request as for the party served, the party served may afford the party serving the request reasonable opportunity to identify the documents, to examine or inspect them and to obtain copies.

(b)  The answer shall be in the form of a paragraph-by-paragraph response which shall

 (1)  identify all documents or things produced or made available;

 (2)  identify all documents or things not produced or made available because of the objection that they are not within the scope of permissible discovery under Rule 4003.2 through Rule 4003.6 inclusive and Rule 4011(c). Documents or things not produced shall be identified with reasonable particularity together with the basis for non-production;

 (3)  specify a larger group of documents or things from which the documents or things to be produced or made available may be identified as provided by subdivision (a)(2)(i);

 (4)  object to the request on the grounds set forth in Rule 4011(a), (b), and (e) or on the ground that the request does not meet the requirements of Rule 4009.11;

18.     Request 2 asks Defendants to produce any applications for search warrants. Under the circumstances, this is reasonable, since the issue of not having a search warrant (none was produced at Plaintiff's request during the invasion) is central to the inquiry, and such application, if it exists, would be discoverable in this case. If someone else prepared a search warrant application and did not provide it to Defendants, they should say so. Merely claiming that another party beyond the Court's jurisdiction may have documents is clearly unreasonable and insufficient.

19.     Request 5 requests any memoranda or reports prepared by any person participating in the Search. The answer is the same, but it is not credible that all of the EPD officers involved failed to file or prepare any reports concerning the invasion of an innocent citizen's home. Plaintiff's understanding is that whenever an officer participates in an enforcement action, they are required to file a report. Further, the City defendant has indicated to Plaintiff, upon his inquiry, that it is investigating the matter. Any such investigation would result in the creation of discoverable documents.

20.     Request 6 requests production of all body-worn camera recordings made during the home invasion. It seems ridiculous to claim that only the Marshal has possession of those recordings. It is Plaintiff's understanding that the recordings are uploaded and available to anyone with proper authorization. Again, Defendants completely fail to explain why they cannot produce these items they themselves created, particularly after defendant DeLuca, threatening Plaintiff with an assault rifle, told him not to video-record the events, and that the invaders all had body-worn cameras so

---

(5)  state that after reasonable investigation, it has been determined that there are no documents responsive to the request.

there was no need.[2] Although Plaintiff was not dissuaded and has video of some of the events, the body-worn cameras would provide more detail and context, including conversations between the participants.

21.      Without the requested information Plaintiff will be unable to draft and file an adequate complaint.

22.      The responses must be verified to provide the identity of persons with knowledge who can be deposed.

WHEREFORE, Plaintiff respectfully requests an Order compelling defendants to fully respond to Plaintiff's pre-complaint discovery requests.

<table>
<tr><td>

**CERTIFICATE OF COMPLIANCE**

   I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

_____
Timothy D. McNair, Esquire

</td><td>

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

</td></tr>
</table>

---

[2] The video from home surveillance and Plaintiff's cell phone camera, along with a statement from Plaintiff can be viewed on YouTube at the following link The search starts at 14:09 of the video: https://www.youtube.com/watch?v=cxtucZyRrJs

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : | CIVIL DIVISION - LAW |
|  | : |  |
| v. | : | Case No.: 10721-2023 |
|  | : |  |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | : | **JURY TRIAL DEMANDED** |

**PRE-COMPLAINT DISCOVERY REQUESTS DIRECTED TO DEFENDANT,
STEVEN DELUCA AND DEFENDANT, CITY OF ERIE, PENNSYLVANIA**

NOW COMES the Plaintiff, Lance Thornton and propounds the following discovery requests to aid him in the preparation of his Complaint in this matter. In this case, Plaintiff seeks, *inter alia,* compensation for property damage, fright, terror, and personal injury sustained as the result of the search of his residence at 410 Roslyn Avenue, Erie, PA 16506 on March 12, 2023. These discovery requests are calculated to identify parties, since Plaintiff has limited information regarding their full names and employers, discover specific facts allowing him to accurately plead facts in support of his claim, as required by Pa.R.C.P. 1019, including the chronology of the events that led to the incident in suit:

**INSTRUCTIONS AND DEFINITIONS**

**EXHIBIT**

A

A.     "Search" shall mean the incident occurring on the morning of March 12, 2023, at or near 410 Roslyn Avenue in Erie, Pennsylvania involving Erie Police and other law enforcement authorities.

B.     "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees. "You" further includes all persons who participated in the Search or preparations for the Search, or analysis and reporting after the fact of the Search.

C.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

D.     "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

E.     "Person" or "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

F.     "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

G.     "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size.  In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

H.     "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

I.     "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

J.     The period of time encompassed by these requests shall be from the date You received the alleged "credible tip" regarding Plaintiff, his property or relatives or associates of Plaintiff to the date responses to these requests are served unless otherwise indicated. These requests shall continuing and your duty is to supplement your responses with such responsive information as is discovered or obtained by you until the date of trial.

## INTERROGATORIES

1.     Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

**ANSWER:**

2.     For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

**ANSWER:**

3.     Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

4.     Identify each individual, if any, who sought or obtained a search or arrest

warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

5.      Identify the individual in command of the group searching 410 Roslyn Avenue.

**ANSWER:**

6.      Identify the individual(s) who attempted to kick open the front door of 410 Roslyn St. at the outset of the Search.

**ANSWER:**

7.      Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock a.m. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

8.      Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

9.      Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

10.      Was any advice sought from a judicial officer prior to the Search regarding

the propriety of the Search?

**ANSWER:**

11.     If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

12.     Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.     All documents directing or authorizing the persons or organizations named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

2.     All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

3.     All documents relating to the decision to conduct the Search.

**RESPONSE:**

4.      Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at any time.

**RESPONSE:**

5.      All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

6.      Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recording that you claim is not available to you, identify the custodian of all such recordings and set forth the reason it is not available to you.

**RESPONSE:**

7.      Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

8.      To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting as deputies of

the United States Marshal Service or any task force created by or involving it, produce all certificates or documents appointing any of your employees as Deputy United States Marshals, and a complete and unredacted copy of any Memorandum of Understanding or agreement between the City of Erie or any bureau or division thereof and the United States Marshal Service establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By _____

Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

LANCE THORNTON,
    Plaintiff

v.

STEVEN DELUCA, JOHN DOE 1, JOHN
DOE 2, JOHN DOE 3, JOHN DOE 4,
JOHN DOE 5, JOHN DOE 6, JOHN
DOE 7, JOHN DOE 8, and JOHN DOE 9,
JOHN DOE 10, and CITY OF ERIE,
PENNSYLVANIA
    Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL DIVISION - LAW

Case No.: 10721-2023

**JURY TRIAL DEMANDED**

## VERIFICATION

I, _____, am the _____ of

the City of Erie and as such, being authorized to do, verify that the answers set forth in

the within Interrogatories are true and correct to the best of my knowledge, information

and belief.  I understand that false statements herein are made subject to the penalties

of 28 U.S.C. §1746 regarding unsworn declarations under penalty of perjury.

_____
Date

_____
Representative of the City of Erie, Pennsylvania

 **Erie Insurance®**

Branch Office • 2200 West Broad Street • Suite 1 • P.O. Box 4286 • Bethlehem, PA 18018-0286
610.865.1911 • Toll free 1.800.322.9026 • Fax 800.545.0409 • www.erieinsurance.com

Copy

June 1, 2023



UPMC HAMOT
PO BOX 382007
PITTSBURGH , PA  15251

Re: ERIE Claim     # A00003420746
ERIE Insured:  Valerie Driver
Loss Date:      06/25/21
Your Patient:   Alicia Driver
Billing Invoice # 68815835-3044

Dear Provider:

We must respectfully decline payment of your bill date of service 03/22/2023 for the following reason:

AFTER FURTHER FILE REVIEW IT APPEARS TREATMENT IS UNRELATED TO THIS MOTOR
VEHICLE ACCIDENT.

Sincerely,

Ayisha Holmes
Medical Management Specialist
610-892-3513

/ANH GEN22
cc: Timothy D McNair
    File

LANCE THORNTON,                     :    IN THE COURT OF COMMON PLEAS
                Plaintiff,        :    OF ERIE COUNTY, PENNSYLVANIA

        v.                         :

STEVEN DELUCA, JOHN DOE 1, JOHN     :    Civil Division - Law
DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN :
DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN :
DOE 8, JOHN DOE 9, JOHN DOE 10 and  :
CITY OF ERIE, PENNSYLVANIA,         :    Docket No. 10721-2023
              Defendants.      :

### DEFENDANTS RESPONSE TO PRE-COMPLAINT DISCOVERY

    **AND NOW**, comes the Defendants, by and through the Office of the City Solicitor, and files these responses to Plaintiff's Interrogatories and Request for Production of Documents to Steven Deluca, as follows:

### ANSWERS TO INTERROGATORIES:

    1. Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

    **ANSWER:**

    a) Planning – Deputy U.S. Marshal Stephen Barnes.

    b) Execution – unknown.

    c) Review – unknown.

    d) Search – Steven Deluca and others known or unknown.

    2. For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

    **ANSWER:**

    a) Stephen Barnes - U.S. Marshal's Service.

    b) Steven Deluca – Erie Police Department.

**EXHIBIT**

B

3. Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

4. Identify each individual, if any, who sought or obtained a search or arrest warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

5. Identify the individual in command of the group searching 410 Roslyn Ave.

**ANSWER:**

Deputy U.S. Marshall Stephen Barnes.

6. Identify the individual(s) who attempted to kick open the front door of 410 Roslyn Ave. at the outset of the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

2

7. Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock A.M. on March 12, 2023.  If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

8. Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

9. Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

3

10. Was any advice sought from a judicial officer prior to the Search regarding the propriety of the Search?

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

11. If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

Not applicable based on ANSWER #10.

12. Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

Objection to this question based on relevancy and vagueness.  Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

4

## RESPONSES FOR REQUESTS:

1. All documents directing or authorizing the persons or organization named in your response to Interrogatory 1 to perform the Search.

**RESPONSE**:

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

2. All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE**:

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

3. All documents relating to the decision to conduct the Search.

**RESPONSE**:

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

4. Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at the time.

**RESPONSE**:

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

5. All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

6. Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recordings that you claim is not available to you, identify the custodian of all such recordings and set for the reason it is not available to you.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said videos, if any. Further, Owner/Resident has recordings of the Search via a smartphone and/or home security systems.

7. Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

8. To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting s deputies of the United States Marshals Service or any task force... produce all certificates or documents... any Memorandum of Understanding... establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

WHEREFORE, Defendants respectfully submit the aforementioned Answers to Interrogatories and/or Responses for Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery.

**CITY OF ERIE:**

Respectfully submitted,

/s/ Jason A. Checque

Jason A. Checque, Esq.
Deputy Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814.870.1230
FX: 814.455.9438
Attorney for Defendants

7

LANCE THORNTON,
          Plaintiff,

      v.

STEVEN DELUCA, JOHN DOE 1, JOHN
DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN
DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN
DOE 8, JOHN DOE 9, JOHN DOE 10 and
CITY OF ERIE, PENNSYLVANIA,
          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

Civil Division - Law

Docket No. 10721-2023

## CERTIFICATE OF SERVICE

The Defendants hereby states that service of the **Answers to Interrogatories and /or Responses to Requests** as part of **Defendants Response to Plaintiff's Request for Pre-Complaint Discovery** was sent by letter via United States Postal Service (USPS), by electronic notice via email address on record and/or other methods noticed below to the following individuals and/or entities on this date: June 1, 2023.

Timothy McNair, Esq.
McNair Law Offices
821 State Street
Erie, PA 16501
(via Courthouse Box)

Steven Deluca
City of Erie PD
City Hall
626 State Street
Erie, PA 16501
(via Personal Service)

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy City Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814/870-1230
FX: 814/455-9438
Attorney for Defendants

8

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : : : : | CIVIL ACTION - LAW |
| v. | : : : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA,<br><br>Defendants | : : : : : : : : : : | |

### ORDER

AND NOW, to-wit this _____ day of June, 2023, upon consideration of Plaintiff's Motion to Compel Responses to Pre-Complaint Discovery, it is ORDERED that said Motion shall be, and is hereby GRANTED. Defendant's City of Erie and Steven Deluca shall, within 20 days of the date of this Order, provide full, complete, and verified responses to Plaintiff's discovery requests. Should Defendants fail to do so, the Court will consider imposition of sanctions, including default judgment.

BY THE COURT:

_____
Marshall J. Piccinini, J.

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

LANCE THORNTON,
    Plaintiff

v.

STEVEN DELUCA, JOHN DOE 1, JOHN
DOE 2, JOHN DOE 3, JOHN DOE 4,
JOHN DOE 5, JOHN DOE 6, JOHN
DOE 7, JOHN DOE 8, and JOHN DOE 9,
JOHN DOE 10, and CITY OF ERIE,
PENNSYLVANIA,

    Defendants

:
:
:    CIVIL ACTION - LAW
:
:
:
:    Case No.: 10721-2023
:
:
:
:
:
:
:
:
:
:

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the Motion to Compel Pre-Complaint Discovery Responses was served by hand-delivery or electronic mail on this 6th day of June, 2023:

*Plaintiff notes as of this date, no attorney has entered their appearance on behalf of Defendants*

Steven DeLuca
626 State Street
Erie, PA 16501

Office of the City Solicitor
626 State Street, Room 505
Erie, PA 16501

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
Pa. ID#34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371
tmcnair@mcnairlaw.com