IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LANCE THORNTON,<br> Plaintiff | :<br>:<br>:<br>: |
| v. | :   Case No.: 1:23-cv-164<br>: |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA, | :<br>:<br>:<br>:<br>:<br>: |
|  Defendants | : |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND**

**I. STATEMENT OF THE CASE:**

This case originated in the Court of Common Pleas of Erie County, Pennsylvania with the issuance of a Writ of Summons against the City of Erie and Steven A. DeLuca, as well as ten John Does. It arises out of an event on March 12, 2023, when DeLuca, in the company of approximately ten individuals dressed up in military garb as soldiers and carrying assault rifles, pistols, and other weapons, demanded Plaintiff's consent to search his home without a warrant and without any explanation of probable cause and no statement of exigency. Permission was briefly granted, but was then withdrawn, as was Plaintiff's right. Despite the withdrawal of consent, DeLuca and his compatriots continued to search Plaintiff's residence, in a very unreasonable manner, looking into drawers and under mattresses for an adult male they claimed was in the residence.

Plaintiff has no connection to the individual sought who has never been at

Plaintiff's home in Erie and whom Plaintiff has never met.

Plaintiff believes that the actions of the Defendants may have violated his constitutional rights entitling him to redress under the Civil Rights Act or the *Bivens* doctrine if indeed the actors were in the course of federal employment.

## II . ARGUMENT:

## REMOVAL OF THIS CASE IS PREMATURE

No initial pleading was filed in the Court of Common Pleas. Nonetheless, on June 6, 2023, the United States removed this action to this Court by filing a Notice of Removal and serving it on Defendant City of Erie, the Erie County Prothonotary, and counsel for Plaintiff. (Doc. 1.)

At the time it was filed, the Notice of Removal was improper. It is clearly established under the law under 28 U.S.C. § 1446 and the precedents of this Court that a Writ of Summons cannot be removed, even if it is accompanied by pre-complaint discovery requests from which a potential federal cause of action can be inferred. *Kempf v. Washington County,* 2:15-cv-486-TFM (WD Pa., 4/14/2015), see also *Geromichalos v. Cascade Engineering, Inc.,* 20-3164 (Ed. Pa. 7/20/2020): "Even if pre-complaint discovery suggests a basis for federal jurisdiction, a defendant may not rely on a writ of summons and pre-complaint discovery as a basis for determining that the jurisdictional threshold has been met. Because that combination does not constitute an "initial pleading" under § 1446(b) removal is improper if a complaint has not yet been filed, citing *Serfass v. Oliveras-Smith,* Civil Action 19-806(E.D. Pa. 7/22/2019)

The time for filing a Notice of Removal does not even begin to run until a complaint is filed. *Sikirica v. Nationwide Insurance Company,* 416 F.3d 214 (3d. Cir.,

2005).

The government has pointed to no case where this court has considered pre-complaint discovery to constitute an "initial pleading" within the meaning of 28 U.S.C. § 1446(b).

### III. CONCLUSION:

The Notice of Removal was filed prematurely. Despite the probable basis for eventual subject matter jurisdiction in this Court, the case should be remanded for completion of the currently pending Motion to Compel Discovery and the filing of a proper complaint. At that point, should the government believe there is grounds to remove, it may attempt removal again. As of now, there is no authority supporting removal under the present circumstances.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: */s/Timothy D. McNair*
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com