IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:23-cv-164 |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, AND CITY OF ERIE, PENNSYLVANIA, | ) JUDGE CATHY BISSOON ) *(Electronic Filing)* |
| Defendants. | ) |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant DeLuca,[1] by his attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Kezia O. L. Taylor, Assistant United States Attorney, files this Brief in Opposition in response to Plaintiff's Motion to Remand.

### Removal Was Proper Pursuant to 28 U.S.C. §§ 2679(d)(2) and 1442

For starters, Defendant DeLuca removed the proceeding to Federal Court pursuant to 28 U.S.C. §§ 2679(d)(2) and 1442. ECF No. 1, ¶1. In Plaintiff's Brief in Support of Motion for Remand (ECF No. 10, pp. 2-3), Plaintiff ignores the statutory authority cited by Defendant DeLuca – 28 U.S.C. §§ 2679(d)(2) and 1442 – and repeatedly invokes 28 U.S.C. § 1446, which is the wrong statutory authority.[2] As set forth in Defendant DeLuca's Notice of Removal, **Section**

---

[1] Because Plaintiff speculates in both his Answer to Motion for Substitution (ECF No. 7) and Brief in Opposition to Motion for Substitution (ECF No. 8) that he may also advance a *Bivens* cause of action, Defendant DeLuca is in the process of obtaining representation approval from the Department of Justice pursuant to 28 C.F.R. § 50.15(a)(2).

[2] Plaintiff also cites to four cases within his Brief in Support of Motion to Remand; however, three of those cases only invoke § 1446, which, again, is not the statute used to remove this case

**2679(d)(2) permits removal** "[u]pon certification by the Attorney General that an employee acted within the scope of office or employment at the time of the incident out of which the plaintiff's claim arose, ***any civil action <u>or</u> proceeding commenced*** upon that claim in state court shall be removed without bond ***at any time before trial*** by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." Congress expressly provided for removal *upon any civil action or proceeding. Id*. A praecipe for writ of summons is a civil action, and pre-complaint discovery is an ancillary proceeding. *See* Commencement of an Action, 231 Pa. Code § 1007(1), praecipe for a writ of summons; *see also infra* n. 4 ("civil action" includes any proceeding, whether ancillary or not to another proceeding). Also, as set forth in the Notice of Removal, removal pursuant to Section 1442 was clarified by the Removal Clarification Act of 2011, which permits the removal of pre-suit discovery. *See Guggenberger v. Starkey Lab'ys, Inc.*, No. CV 16-2021, 2016 WL 7479542, at *6 (D. Minn. Dec. 29, 2016) (Congress amended the statute after the General Counsel's Office recommended the removal statute should "take into account the operation of these State pre-civil suit discovery statutes" by permitting removal when discovery is sought from a federal entity, even if there has been no lawsuit filed against it); *see In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 467 (3d Cir. 2015) (The Removal

---

to Federal Court. The one case cited to by Plaintiff that discussed a § 1442(d)(1) removal opined: "But the Government is equally correct that § 1442(d)(1) defines 'civil action' broadly, and this allows removal of discrete portions of state court proceedings that involve the issuance of subpoenas or court orders to obtain discovery in a case against a federal officer. ***I will therefore keep jurisdiction over the enforceability of Plaintiff's subpoena and discovery requests***, but otherwise remand because removal of the principal case was premature." *Serfass v. Oliveras-Smith*, 19-cv-806, 2019 WL 3318466, *1 (E.D. Pa. July 22, 2019). In *Serfass*, the Court remanded the principal case holding that "[t]here is, however, ***no independent basis on the record before me*** for removal of Plaintiff's claim in its entirety." *Id*. at * 3 (emphasis added). Here, unlike the *Serfass* Court, the additional and independent basis for removal is Section 2679(d)(2).

Clarification Act was "intended to broaden the universe of acts that enable Federal officers to remove to Federal court."). Additionally, Defendant DeLuca was certified as acting within the course and scope of his employment, and the Certification of the Acting United States Attorney was filed as an exhibit to the Notice of Removal.[3]  ECF No. 1-3.  Accordingly, removal was proper.[4]

---

[3] To establish Defendant DeLuca's employment as a U.S. Marshal Task Force Officer on March 12, 2023, the alleged incident date, Defendant DeLuca filed: (1) a Certification of Scope of Employment executed by the then Acting United States Attorney (ECF No. 1-3); (2) a Declaration of Philip Cornelious, Acting United States Marshal for the Western District of Pennsylvania (ECF No. 3-1); and (3) his Special Deputation Oath of Office, Authorization and Appointment (ECF No. 5).

[4] As set forth in Defendant DeLuca's Notice of Removal, 28 U.S.C. § 1442(a)(1) provides that a federal officer, or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil action is commenced against him "for or relating to any act under color of such office." **Section 1442(d)(1) defines "civil action" to "include any proceeding (whether or not ancillary to another proceeding)** to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." (emphasis added). The Supreme Court has provided that "the removal statute's 'basic' purpose is to protect the Federal Government from the interference with its 'operations' that would ensure were a State able, for example, to 'arres[t]' and bring 'to trial in a State cour[t] for an alleged offense against the law of the State,' 'officers and agents' of the Federal Government 'acting … within the scope of their authority.'" *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007) (citation omitted). As stated *supra*, the Removal Clarification Act of 2011 permits the removal of pre-suit discovery. Regarding the Act, the Third Circuit informed:

> The Removal Clarification Act of 2011, Pub.L. 11251, 125 Stat. 545 (2011), made two amendments to § 1442 that are relevant here. First, the Act clarified that the term "civil action" includes ancillary proceedings, so long as a "judicial order" is sought or issued. *Id.* at 545; *see* § 1442(d)(1). Second, it added the words "or relating to" after "for" in § 1442(a). 125 Stat. 545. **The House Committee on the Judiciary wrote that the changes to the statute were meant "to ensure that any individual drawn into a State legal proceeding based on that individual's status as a Federal officer has the right to remove the proceeding to a U.S. district court for adjudication."** H.R.Rep. No. 112-17, pt. 1 (2011), as reprinted in 2011 U.S.C.C.A.N. 420, 420. Furthermore, adding the "or relating to" language is "intended to

**Plaintiff Certified that His Cause of Action Was an Intentional Tort**

As set forth in Defendant DeLuca's Motion for Substitution of Party (ECF No. 2), Plaintiff certified to the Erie County Court of Common Pleas that the nature of his lawsuit was an "intentional tort" among the forty-six (46) choices he could have selected from within the seven (7) categories offered.[5] ECF No. 1-2. Certainly, Plaintiff is well within his right to add additional claims and/or to not proceed with his intentional tort claim. However, it cannot be disputed that a state tort law claim levied at federal officers becomes a Federal Tort Claims Act (FTCA) claim, and the United States becomes the proper party.[6] 28 U.S.C. § 2679(b)(1); *United States v. Smith*, 499 U.S. 160, 161-63 (1991) ("the FTCA permits a person injured by a Government employee acting within the scope of his or her employment to seek tort damages against the Government"). Moreover, in Plaintiff's Brief in Opposition to Motion for Substitution, he admits that he <u>might</u> bring a *Bivens* cause of action against the named and unnamed defendants. ECF No. 8, pp. 4-5. The only proper forum for a *Bivens* action is Federal Court. *Ziglar v. Abassi*, 582 U.S. 120, 130 (2017) (the Supreme Court fashioned a damage remedy in *Bivens* to compensate persons injured

---

> broaden the universe of acts that enable Federal officers to remove to Federal court." *Id.* at 425. (emphasis added).

*In re Commonwealth's Motion to Appoint Couns.*, 790 F.3d at 467.

[5] Additionally, on the Civil Cover Sheet completed by Plaintiff, each of the seven categories include "other" next to two blank spaces where Plaintiff could have written in other causes of action; Plaintiff did not assert any other cause of action.

[6] The Liability Reform Act provides for absolute immunity of federal employees by establishing the Federal Tort Claims Act as the exclusive remedy against the United States for negligent or wrongful acts committed by federal employees within the scope of their employment. 28 U.S.C. §§ 2679(b)(1), 2680(h); *United States v. Smith*, 499 U.S. 160, 161-63 (1991); *Vanderklok v. United States*, 868 F.3d 189, 201 (3d Cir. 2017) ("The United States can generally be substituted for federal employees facing liability for state law tort claims when they are 'sued for damages for harms caused in the course of their employment.'" (quoting *Hui v. Castaneda*, 559 U.S. 799, 801 (2010))).

by federal officers). Bottom line, whether Plaintiff proceeds with the intentional tort claim against Defendant DeLuca or brings a *Bivens* cause of action, the lawsuit must proceed in Federal Court; state courts have no jurisdiction over federal actors or federal agencies. *See* 28 U.S.C. §§ 2679(d)(2), 1442; *see also Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)").

Finally, a remand provides no relief to Plaintiff because he has enough information to draft and file a complaint in compliance with Federal Rule of Civil Procedure 8. *See* Plaintiff's Pre-Complaint Discovery requests which detail his knowledge of the March 12, 2023 matter; *see also* Plaintiff's videos posted to YouTube depicting the surveillance of the task force officers at his home on March 12, 2023,[7] and s*ee* ECF No. 10, Plaintiff's Brief in Support of Remand, para. 1, Plaintiff recites factual averments. However, if Plaintiff wants more time to plead what he already knows, then Defendant DeLuca would agree to an administrative closure of this case until Plaintiff files his complaint.[8]

---

[7] https://www.youtube.com/watch?v=-uoZ9IZoExc
https://www.youtube.com/watch?v=cxtucZyRrJs

[8] Pre-complaint discovery is not permitted by the Federal Rules of Civil Procedure – Fed. R. Civ. P. 26(a)(1)(C), (d)(1).

Accordingly, Plaintiff's request for a remand is against statutory authority and should be denied.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR (PA 203759)
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel.: (412) 894-7567
Fax: (412) 644-6995
Email: kezia.taylor@usdoj.gov
*Counsel for Defendant DeLuca*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2023, a true and correct copy of the within Brief in Opposition in response to Plaintiff's Motion to Remand was served by electronic filing and/or postage-paid U.S. Mail, upon the following:

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*


Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for Defendant, City of Erie*


              */s/ Kezia Taylor*
              KEZIA O. L. TAYLOR
              Assistant U.S. Attorney