IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:23-cv-164 |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, AND CITY OF ERIE, PENNSYLVANIA, | ) JUDGE CATHY BISSOON<br><br>) *(Electronic Filing)* |
| Defendants. | ) |

## MOTION FOR ADMINISTRATIVE CLOSURE

Defendant DeLuca, by his attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Kezia O. L. Taylor, Assistant United States Attorney, respectfully moves the Court to issue an Order administratively closing this matter because there is no pleading for Defendant DeLuca[1] to respond to. In support of this Motion, Defendant DeLuca avers as follows:

1. On or about March 24, 2023, Plaintiff filed a Praecipe for Writ of Summons, and on or about April 20, 2023, he filed Pre-Complaint Discovery Requests Directed to Defendant Steven DeLuca and the City of Erie at No. 10721-2023 in the Court of Common Pleas of Erie County, Pennsylvania, Civil Division, against Defendants Steven DeLuca, John Doe 1, John Doe

---

[1] Because Plaintiff speculates that he may advance a *Bivens* cause of action in his Brief in Opposition to Defendant's Motion for Substitution (ECF No. 8, pp. 4-6), Defendant DeLuca is in the process of obtaining representation approval from the Department of Justice pursuant 28 C.F.R. § 50.15(a)(2).

2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10, and the City of Erie, Pennsylvania.  ECF No. 1-2.

2. On June 6, 2023, the United States removed the action (ECF No. 1) to this Court because: 1) Plaintiff's Pre-Complaint Discovery Requests were directed to Defendant Steven DeLuca who is deputized as an employee of the United States Marshals Service, an agency of the United States, and was acting within the course and scope of that employment, and 2) the Removal Clarification Act of 2011 permits the removal of pre-suit discovery.  *See Guggenberger v. Starkey Lab'ys, Inc.*, No. CV 16-2021, 2016 WL 7479542, at *6 (D. Minn. Dec. 29, 2016) (Congress amended the statute after the General Counsel's Office recommended the removal statute should "take into account the operation of these State pre-civil suit discovery statutes" by permitting removal when discovery is sought from a federal entity, even if there has been no lawsuit filed against it); *see In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 467 (3d Cir. 2015) (The Removal Clarification Act was "intended to broaden the universe of acts that enable Federal officers to remove to Federal court.").

3. Plaintiff declared on his Civil Cover Sheet that the nature of this action is a state law intentional tort claim.  *See* ECF No. 1-2.  Thus, on June 7, 2023, Defendant United States filed a Motion for Substitution of Party and Brief in Support of the Motion averring that Steven DeLuca is immune from suit under the Federal Tort Claims Act, and the only proper defendant is the United States with respect to the state tort action.  ECF Nos. 2 and 3, respectively.

4. Pursuant to Federal Rule of Civil Procedure 81(c), Defendant United States is required to file an answer, present defenses, or objections within seven (7) days of filing the Notice of Removal.

5. However, as the docket reflects, Plaintiff has not filed a complaint to which Defendants could answer, present defenses, or objections.

6. Therefore, Defendant DeLuca requests that this Court administratively close this case until Plaintiff files a complaint.

7. "Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication." *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (quoting *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 391-92 (1st Cir. 1999)).

8. An Order administratively closing a case is not a "dismissal" on the merits. Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication. *Penn West Assocs.*, 371 F.3d at 127 (endorsing the judicious use of administrative closures) (quoting source omitted). Because an administrative closing "has no legal significance beyond removing the case from [the court's] active docket," it does not prejudice the substantive rights of the parties. *Massey v. Pfeifer*, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017); *Perrin v. Iuzzolino*, 2017 WL 487123, *4, n. 7 (W.D. Pa. 2017) ("Administrative closure is a docket control device used for statistical purposes, and it is without prejudice to Plaintiff's substantive rights") (citation omitted).

9. As set forth in *Massey* and *Perrin*, Plaintiff's substantive rights are not prejudiced by Defendant DeLuca's request for an administrative closure. *Id*.

WHEREFORE, Defendant DeLuca respectfully requests that the Court issue an Order administratively closing this action until Plaintiff files a complaint, or in the alternative, the Court compels Plaintiff to file a complaint.

A proposed Order is attached.

                                      Respectfully submitted,

                                      ERIC G. OLSHAN
                                      United States Attorney

                                      */s/ Kezia Taylor*
                                      KEZIA O. L. TAYLOR (PA 203759)
                                      Assistant U.S. Attorney
                                      Western District of Pennsylvania
                                      Joseph F. Weis, Jr. U.S. Courthouse
                                      700 Grant Street, Suite 4000
                                      Pittsburgh, PA 15219
                                      Tel.:  (412) 894-7567
                                      Fax:  (412) 644-6995
                                      Email:  kezia.taylor@usdoj.gov
                                      *Counsel for Defendant DeLuca*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2023, a true and correct copy of the within Motion for Administrative Closure was served via the court's electronic filing system upon the following:

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for City of Erie*

/s/ Kezia Taylor
KEZIA O. L. TAYLOR
Assistant U.S. Attorney