IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LANCE THORNTON,<br>    Plaintiff<br><br>v.<br><br>STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA,<br><br>    Defendants | Case No.: 1:23-cv-164 |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

NOW COMES the Plaintiff, Lance Thornton, by counsel, and pursuant to F. R. C.P. (16)(d)(1), respectfully representing:

1.      On March 12, 2023, Plaintiff's home was invaded without his consent and searched by the United States Marshal fugitive Task Force. The invaders were affiliated with, inter alia, the City of Erie Police Department, the Pennsylvania State Police, the United States Marshal, and possibly other agencies.

2.      The invaders had no warrant, and the fugitive being sought was not in Plaintiff's home, nor does the Plaintiff have any connection with the fugitive. After Plaintiff was coerced into giving consent to search the home, his continued attempts to determine why his home was thought to harbor a fugitive led to double talk and evasion, leading Plaintiff to revoke his consent to the search. Despite being clearly informed that the consent was withdrawn, the invaders continued to rummage through Plaintiff's

home in an unreasonable manner, opening drawers and looking in places too small to hold an adult male. During this period, the invaders referred to Plaintiff in obscene and derisive terms.

3. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), a fact he communicated to the invaders before the invasion. He suffers from early-onset dementia, which causes confusion and becomes more prominently displayed during periods of high stress.

4. Plaintiff believes that, based on what he saw and recorded, the people who invaded his home without a warrant and apparently without probable cause violated his right to be secure in his home guaranteed by the Fourth Amendment to the United States Constitution, and by Article I, Section 8 of the Pennsylvania Constitution.

5. On March 24, 2023, Plaintiff had a summons issued for the one defendant identified to him, Steven A. DeLuca, as well as 10 "John Does," being the other people involved in the illegal search. Plaintiff named the "John Does" because the identities of the invading parties were unknown to him, and he could not be sure of their affiliations.

6. No Complaint was filed.

7. On April 20, 2023, to identify the invaders and determine the basis for their actions to prepare an appropriate complaint or to determine that the actions of the invaders were reasonable and justified, Plaintiff served Pre-complaint discovery requests on the City of Erie. A copy of the Notice of Service is attached hereto as Exhibit "A." A copy of the discovery requests is attached as Exhibit "B."

8. After requesting an extension, the City of Erie provided "Responses" to the discovery requests which were unresponsive, and which provided not a single page of

documentation. See Exhibit "C."

9. Despite the absence of a statement of Plaintiff's cause of action, Defendant DeLuca removed this case to this Court based on nothing more than his bald assertion that Plaintiff was suing under the Federal Tort Claims Act ("FTCA."). Plaintiff has not filed a claim under the FTCA, nor has a claim been denied. The purpose of making this false assertion was to prejudice Plaintiff's rights by securing dismissal of a nonexistent claim and asserting the judgment bar of the FTCA to bar Plaintiff's constitutional claims.

10. Defendant DeLuca has filed a "Motion for Substitution of Party," to which Plaintiff has responded. Said Motion is without merit in that there is no indication that Plaintiff is making any claim under the Federal Tort Claims Act.

11. Defendant has also filed a "Motion for Administrative Closure" even though Defendant did not initiate the action and does not have any authority to dispose of it. It appears that the point of the "Motion for Administrative Closure" is to freeze the case in some kind of purgatory so that it cannot advance and will deny Plaintiff the opportunity to vindicate his rights.

12. The invaders, during the event occurring on March 12, 2023, failed to accommodate Plaintiff's disability in failing adequately to explain to him what the circumstances were. The event resulted in great emotional distress and physical injury, including a stroke precipitated by the stress of the invasion.

13. DeLuca seeks in his Motion for Administrative Closure to keep the case closed "until Plaintiff files a complaint." However, at this point, Plaintiff is without sufficient information to formulate an adequate Complaint to vindicate his claims of the

violation of his rights under the Fourth Amendment to the United States Constitution to be secure in his "houses, papers, and effects, against unreasonable searches and seizures", the violation of the Americans with Disabilities Act and Pennsylvania Human Relations Act arising out of the Defendants' gross and intentional violation of Plaintiff's right to be accommodated in his disability, early-onset dementia and their violation of Article 1, Section 8 of the Pennsylvania constitution, which provides:" The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

14. Pursuant to this this Court's practices and procedures, Section III(B)(3), the Parties have conferred regarding this Motion. Specifically, counsel for Plaintiff, in an email dated June 14, 2023, requested the United States Attorney to stipulate to a Motion for Expedited Discovery, citing legal authority. On June 16, 2023, the United States Attorney responded that they would not consent to expedited discovery. A copy of this email chain is attached as Exhibit "D".

15. Further, the United States has indicated that it will file a Motion to Dismiss to delay discovery until after that Motion is decided. The government is intending to prejudice Plaintiff's recovery by forcing him to file a Complaint without adequate factual basis. *id*.

16. Since Plaintiff is unaware of the identities of the individuals who conducted the raid on his home, apart from Defendant DeLuca, and their reason for doing so, he is unable to prepare an adequate complaint. The filing of a complaint would result in the government filing its promised Motion to Dismiss.

17. Plaintiff is unaware of the facts on which the identified and unidentified Defendants relied to justify compelling him to leave his residence and searching it without his consent, from whom a warrant was requested or issued and the identities of the non-governmental ambulance personnel, who would have knowledge of some of the facts by virtue of being outside the residence and observing the events. These facts are essential to the drafting of an adequate complaint.

18. Plaintiff submits that his discovery requests are reasonable, and that answers to these requests are essential to the formulation of an adequate Complaint.

19. As the 3rd Circuit recognized in *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004): "This Court has long recognized the importance of discovery in the successful prosecution of civil rights complaints. See *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3rd Cir. 1988) ("[I]n civil rights cases 'much of the evidence can be developed only through discovery of materials held by Defendant officials.' (quoting *Fraizer v. Southeastern PA Transportation Authority*, 785 F.2d 65, 68 (3rd Cir. 1986)))." In *Alston*, the idea of withholding information from the Plaintiff and moving to dismiss based on an insufficient Complaint was disapproved.

20. Recently, Magistrate Judge Lanzillo of this Court granted expedited discovery in *Curran v. Venango County*, 1:23-cv-19-RAL, April 28, 2023(WDPA, 2023) holding that granting expedited discovery under the good cause standard requires the Court to "consider the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Citing *Teets,* 2021 WL 808 572 at *1 (citing *Strike 3 Holdings, LLC v. Doe,* 2020 WL 3567282, at *4-5 (D.N.J June 30, 2020) (applying non-exclusive list of factors for determining "good cause"); *Leone v. Towanda Borough*,

2012 WL 1123958 (M.D. Pa. Apr. 4, 2012) (applying good cause standard to request for expedited discovery)).

21. There is no reason to believe that the limited expedited discovery requested by the Plaintiff will prejudice the United States government or Defendant DeLuca in any way. While it is evident that DeLuca, through his new ally, the United States, intends to fight this case tooth and nail, imposing on the resources of this Court, it is apparent that Plaintiff's claim is more than plausible and that the liability of DeLuca and the other individuals under the doctrine of *Bivens v. Six Unknown Named Agents of Federal Borough of Narcotics*, 403 U.S. 388 (1971) may readily be established.

22. Given the need of the Plaintiff for the information requested in his pre-complaint discovery requests and the lack of prejudice to DeLuca from granting that request, this Court should enter an Order directing DeLuca to answer Plaintiff's discovery requests.

WHEREFORE, Plaintiff respectfully moves this Honorable court to enter an Order compelling Defendant DeLuca to provide full and complete responses to Plaintiff's pre-complaint discovery requests.

    Respectfully submitted,

    MCNAIR LAW OFFICES, PLLC

    By: */s/Timothy D. McNair*
        Timothy D. McNair, Esquire
        821 State Street
        Erie, PA 16501
        (814) 452-0700
        (814) 454-2371 (fax)
        tmcnair@mcnairlaw.com