| | |
|---|---|
| **From:** | Taylor, Kezia (USAPAW) <Kezia.Taylor@usdoj.gov> |
| **Sent:** | Friday, June 16, 2023 3:14 PM |
| **To:** | Timothy McNair; Ed Betza; Jason Checque |
| **Cc:** | Ashley Rutter; Ashley Rutter |
| **Subject:** | RE: Thornton v. DeLuca, 1:23-cv-164 |

Good afternoon –

We will not consent to expedited discovery.  If this matter survives a motion to dismiss, in compliance with the Federal Rules of Civil Procedure, we will provide you with our Initial Disclosures, and federal defendants will consent to Plaintiff amending his complaint by the date that the parties set forth in the 26(f) Report,  ¶9(c).  Thanks.

Very truly yours,

Kezia

**Kezia O. L. Taylor**
**Assistant United States Attorney**
United States Attorney's Office I Western District of Pennsylvania
700 Grant Street, Suite 4000 I Pittsburgh, PA 15219
Office: (412) 894-7567 I Mobile: (412) 350-9679

**From:** Timothy McNair <tmcnair@mcnairlaw.com>
**Sent:** Wednesday, June 14, 2023 1:20 PM
**To:** Taylor, Kezia (USAPAW) <KTaylor6@usa.doj.gov>; Ed Betza <ejbetza@elderkinlaw.com>
**Cc:** Ashley Rutter <ashley@mcnairlaw.com>; Ashley Rutter <ashley@mcnairlaw.com>
**Subject:** [EXTERNAL] RE: Thornton v. DeLuca, 1:23-cv-164

Thank you.

### Timothy D. McNair, Esquire



821 State Street
Erie, Pennsylvania 16501-1316

**P: (814) 452-0700**
**F: (814) 454-2371**
**Toll Free: (800) 453-0566**
www.mcnairlaw.com

**"The service you do for others is the rent you pay for your room here on earth."**
                                                                            **Muhammad Ali**

**From:** Taylor, Kezia (USAPAW) <Kezia.Taylor@usdoj.gov>
**Sent:** Wednesday, June 14, 2023 1:16 PM
**To:** Timothy McNair <tmcnair@mcnairlaw.com>; Ed Betza <ejbetza@elderkinlaw.com>

1

**Cc:** Ashley Rutter <ashley@mcnairlaw.com>
**Subject:** RE: Thornton v. DeLuca, 1:23-cv-164

Hello –

I will confer with the Civil Division Chief and respond no later than Friday afternoon. Thanks.

Very truly yours,

Kezia

**Kezia O. L. Taylor**
**Assistant United States Attorney**
United States Attorney's Office I Western District of Pennsylvania
700 Grant Street, Suite 4000 I Pittsburgh, PA 15219
Office: (412) 894-7567 I Mobile: (412) 350-9679

---

**From:** Timothy McNair <tmcnair@mcnairlaw.com>
**Sent:** Wednesday, June 14, 2023 11:34 AM
**To:** Taylor, Kezia (USAPAW) <KTaylor6@usa.doj.gov>; Ed Betza <ejbetza@elderkinlaw.com>
**Cc:** Ashley Rutter <ashley@mcnairlaw.com>; Grantham Thornton <grantwathornton@gmail.com>; Hope Thornton <hopetthornton@gmail.com>; Lance Thornton <lance@raineater.com>
**Subject:** [EXTERNAL] Thornton v. DeLuca, 1:23-cv-164

Ms. Taylor and Mr. Betza:

I have reviewed the response to our Motion to remand. While I cannot say that it is well-taken, I believe the interests of the parties would be best served by simply agreeing to litigate Mr. Thornton's Civil Rights claims in the Western District, where they will undoubtedly be in any event, even if remand is granted.

The difficulty in proceeding is that the Plaintiff is hampered in the preparation of an appropriate complaint due to his lack of knowledge of the identity of the participants other than Mr. DeLuca. This was the main point of the pre-complaint discovery requests seemingly jokingly answered by the City. Further, Plaintiff needs to review the memoranda of understanding between the United States Marshal's Service and the other agencies participating in the assault on Mr. Thornton's residence, as well as documentation confirming the deputization of those individuals.

It is also necessary to determine if a search warrant was requested or granted and to review any application and/or order related to that.

To that end, I am requesting that you stipulate to an order for expedited discovery pursuant to F.R.C.P. 16(d)(1) so that we will have to file only one complaint. As the Third Circuit stated in *Alston v. Parker,* 363 F.3d 229: "This Court has long recognized the importance of discovery in the successful prosecution of civil rights complaints. See *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988) ("[I]n civil rights cases `much of the evidence can be developed only through discovery' of materials held by defendant officials." (quoting *Frazier v. Southeastern Pa. Transp. Auth.,* 785 F.2d 65, 68 (3d Cir.1986)))." The idea of withholding information from Plaintiff and moving to dismiss based on an insufficient complaint was disapproved in that case.

*In* Curran v. Venango County, 1:23-cv-19-RAL. April 28, 2023 (W.D. Pa., 2023), Judge Lanzillo quoted Alston and the Third Circuit's footnote 6 in that case:

> This good cause standard requires the court to "consider[ ] the totality of the circumstances to discern whether the

need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Teets, 2021 WL 808572, at *1 (citing Strike 3 Holdings, LLC v. Doe, 2020 WL 3567282, at *4-5 (D.N.J. June 30, 2020) (applying non-exclusive list of factors for determining "good cause"); Leone v. Towanda Borough, 2012 WL 1123958 (M.D. Pa. Apr. 4, 2012) (applying good cause standard to request for expedited discovery)). Apropos to the instant case, the Third Circuit instructs that

> [t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages. Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps.... For instance, our cases permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery.... [and] access to discovery may well be critical.
>
> Id., at *2 (quoting *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (internal citations omitted) (citing *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980))). In such situations, courts generally grant the plaintiff "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Stroman v. Lower Merion Twp.,* 2007 WL 475817, at *6 (E.D. Pa. Feb. 7, 2007) (quoting *Alston,* 363 F.3d at 233 n.6) (quoting *Gillespie,* 629 F.2d at 642)).
>
> *Curran v. Venango County* (W.D. Pa. 2023) at *2.

We believe that a motion for expedited discovery limited to the issues noted above would be granted under the good cause standard. It would eliminate further motion practice and give the government a clean shot at dismissing the case if it is indeed insufficient assuming that the complaint cannot be amended.

All we seek is access to the information reasonably necessary to prepare an adequate complaint. I do not see the utility of further stonewalling, and do not believe Judge Bissoon will either. You may consider this an attempt to confer before the filing of a motion. Should you have any comments or suggestions on another way to get this case moving, please call me. Of course, if I do not hear from you we will certify that conferral was attempted.

Thank you.

Tim McNair


**Timothy D. McNair, Esquire**



821 State Street
Erie, Pennsylvania 16501-1316

**P: (814) 452-0700**
**F: (814) 454-2371**
**Toll Free: (800) 453-0566**
[www.mcnairlaw.com](www.mcnairlaw.com)

**"The service you do for others is the rent you pay for your room here on earth."**
**Muhammad Ali**

4