IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LANCE THORNTON, <br>     Plaintiff <br><br> v. <br><br> STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA, <br><br>     Defendants | Case No.: 1:23-cv-164 |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

### I.  Statement of the Case

On March 12, 2023, Plaintiff was forced from his residence which was then invaded by several armed individuals, most of whom are unidentified[1]. On that day, Plaintiff was alone in his residence, a vacation home on the south shore of Lake Erie, when he was alerted to the presence of intruders on his property. He looked out and viewed several vehicles, including at least two ambulances and one large tank-like SWAT vehicle, and several what appeared to be special forces military outside his residence.

The intruders attempted to destroy Plaintiff's video surveillance system by tearing cameras off the wall and throwing them into the snow. As Plaintiff approached

---

[1] Partial video of the events can be view at _____

the front door, the intruders attempted to break it down, without success, significantly damaging the doorjamb, doorframe, floor, ceiling, and interior wall of Plaintiff's residence. Plaintiff opened the damaged door and was spirited from his residence to a point in his driveway. He was surrounded by the heavily armed soldiers, who demanded that he produce some individual, unknown to him, who was allegedly the subject of an arrest warrant.

Plaintiff suffers from early-onset dementia and suffers substantial distress when confronted with unusual or fast-moving events such as this. Plaintiff explained to the soldiers that he suffered from early-onset dementia, that he was scared and confused, and requested explanation of the events. Despite the requirements of the Americans with Disabilities Act, the Defendants did not take steps to accommodate Plaintiff by explaining the situation to him. Plaintiff was importuned to permit the soldiers to search his home. He consented to that search on condition that he could withdraw his consent but continued to attempt to acquire information concerning the events. When it became obvious that he was being given a "run around" he withdrew his consent to search and demanded that the soldiers leave his home. They did not. They continued to search, exceeding any reasonable limitation of the search for an adult male by looking in drawers, between mattresses, and in spaces where no such individual could fit. When Plaintiff's withdrawal of consent was communicated, the soldiers mocked him, called him names, and continued their search knowing that it was then being undertaken without consent.

Ultimately, the invaders found exactly what Plaintiff told them they would find: nothing. They left. Some refused to identify themselves, others identified themselves only badge number, which is useless to Plaintiff.

Plaintiff concluded that he had suffered a substantial violation of his rights under the Fourth Amendment by the unconsented ransacking of his home for no apparent reason. To seek redress, he filed suit in the Court of Common Pleas of Erie County, requesting issuance of a summons in civil action and properly serving it. Thereafter, Plaintiff served pre-complaint discovery on Defendants City of Erie and DeLuca. After requesting and being granted an extension, DeLuca provided nonresponsive answers which did not meet his obligations under the Pennsylvania Rules of Civil Procedure.

On June 6, 2023, the United States, falsely claiming that Plaintiff was making a claim under the Federal Tort Claims Act, removed the case to this Court based on its representation that Defendant DeLuca was deputized as an employee of the United States Marshal Service and was acting within the course and scope of that employment at the time of the events, and that the Removal Clarification Act of 2011 permits removal based on pre-suit discovery requests. Defendant filed a Motion for Substitution of Party, which it has now partially withdrawn. Once it became obvious that its Motion for Substitution would fail, it filed a Motion for Administrative Closure.

Defendant is demanding that Plaintiff file a complaint without knowing the identity of the Defendants or the sources of information that led them to act as they did. This is odd, since if the Defendants actions were justified, they would not be so eager to hide and they would be ready fully to explain the circumstances that led to these events. However, they are fighting tooth and nail to impede Plaintiff from proceeding.

After Plaintiff requested the government to stipulate to expedited discovery, the government indicated that it intended to file a Motion to Dismiss and to delay any discovery until after that Motion and subsequent motions based on further amendments of the (as yet non-existent) Complaint were decided, and then wait until after a 26(f) conference. (*See* Exhibit D to Motion for Expedited Discovery)

Plaintiff has now requested that his pre-complaint discovery responses be answered to enable him to draft an appropriate Complaint providing the basis to move this action forward that will not suck the Court into an endless round of amendments and motions to dismiss. Plaintiff files this Brief in Support of that Motion.

II.   **Statement of the Issues Presents**

      A.  **CAN PLAINTIFF SHOW GOOD CAUSE FOR AN ORDER FOR EXPEDITED DISCOVERY? (Suggested answer in the affirmative).**

      B.  **WILL THE DEFENDANT SUFFER UNDUE PREJUDICE AS A RESULT OF PROVIDING EXPEDITED DISCOVERY? (Suggested answer in the negative).**

Federal Rule of Civil Procedure 16(D)(1) provides that the Court may enter an Order authorizing discovery prior to the conference required under Rule 26(f). While such motions are unusual, Plaintiff submits that this case justifies the granting of that somewhat exceptional relief.

As noted in the Motion, Third Circuit precedent authorizes expedited discovery, although the issue was whether a heightened standard of pleading was required in civil rights case, the Third Circuit noted the importance of discovery in the successful

prosecution of civil rights complaints. *Alston v. Parker*, 263 F.3d 229, 232 (3rd Cir. 2004). *Alston* has been relied upon by several courts to authorize expedited discovery. *See*, e.g., *Curran v. Venango County*, 1:23-cv-19-RAL, April 28, 2023 (W.D. Pa., 2023)

### Good Cause for Expedited Discovery Exists

This Court itself has recognized that good cause exists to discover a John Doe defendant's identity before a Rule 26(f) conference where plaintiff states a viable claim for relief, a specific discovery request, and there is an absence of alternative means to obtain the information, there is a central need for the information, and the defendants have a minimal expectation of privacy. *Folino v. John Doe, et al.*, 2:17-cv-1584-CB, Dec. 13, 2017(W.D. Pa.), citing *Artista Records, LLC v. Doe*, 604 F.3d 110 (2nd Cir. 2010); *Malibu Media, LLC v. John Does 1-18*, 2012 W.L. 8264665 (ED Pa., 2012). In *Folino*, *supra*, this Court recognized the centrality of identifying defendants and that the defendants had a minimal expectation of privacy. In this case, identification of Defendants is central, especially since it appears they will all be claiming federal immunity. Further, it is necessary to identify some of the actions taken by the Defendants to plead a plausible complaint supporting a claim for a Fourth Amendment violation. In *Folino*, *supra*, this Court recognized "no other way for plaintiff to discover defendants' identities…" aside from pre-complaint discovery (consisting of serving a subpoena on the ISPs or internet service providers). The Court recognized the need for the information, citing the difficulty of serving defendants who are not identified and found no substantial privacy interest.

**There is no risk of prejudice to the Defendants.**

In this case, the Defendants have no legitimate claim to prejudice (beyond potentially being held to account for their unlawful actions) and should have no expectation of privacy when they invade the close of residential property without a warrant and, apparently, without probable cause.

### III. Conclusion

Considering the foregoing, Plaintiff respectfully moves this Honorable Court to order expedited discovery to permit discovery of the identities of the Defendants so that an adequate complaint can be prepared.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: */s/Timothy D. McNair*
　　Timothy D. McNair, Esquire
　　821 State Street
　　Erie, PA 16501
　　(814) 452-0700
　　(814) 454-2371 (fax)
　　tmcnair@mcnairlaw.com