# ATTACHMENT

Case 1:23-cv-00164-CB   Document 13-1   Filed 06/26/23   Page 2 of 109

2023-10721   LANCE THORNTON (vs) STEVEN DELUCA, AL

```
Reference No..:                            Filed........:    3/24/2023
Case Type.....: TORT - INTENTIONAL         Time.........:        3:29

Judgment......          .00                Execution Date  0/00/0000
Judge Assigned: PICCININI MARSHALL J, JUDGE  Jury Trial....
Disposed Desc.: OTHER                      Disposed Date.   6/07/2023
------------ Case Comments -------------   Higher Crt 1.:
                                           Higher Crt 2.:
```

**********************************************************************
        General Index                        Attorney Info

THORNTON LANCE                PLAINTIFF      MCNAIR TIMOTHY D, ESQ
NO ADDRESS GIVEN

DELUCA STEVEN                 DEFENDANT      TAYLOR KEZIA O L, ESQ
NO ADDRESS GIVEN

DOE JOHN 1                    DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 2                    DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 3                    DEFENDANT

DOE JOHN 4                    DEFENDANT

DOE JOHN 5                    DEFENDANT

DOE JOHN 6                    DEFENDANT

DOE JOHN 7                    DEFENDANT

DOE JOHN 8                    DEFENDANT

DOE JOHN 9                    DEFENDANT

DOE JOHN 10                   DEFENDANT

ERIE CITY OF PENNSYLVANIA     DEFENDANT

I, Aubrea Hagerty-Haynes Prothonotary of the Court
of Common Pleas of Erie County, PA., do certify that
this is a true and correct copy of the original record
filed in said court.

Prothonotary:
Date: 6/9/23          Deputy:

**********************************************************************
* Date     Entries                                                    *
**********************************************************************

```
            - - - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - - -
3/24/2023   CAPTION: LANCE THORNTON VS STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2,
            JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN
            DOE 8, JOHN DOE 9, JOHN DOE 10 AND CITY OF ERIE, PENNSYLVANIA
            -------------------------------------------------------------
3/24/2023   CIVIL COVER SHEET FILED.
                          001 Image page(s) exist(s) for this entry
            -------------------------------------------------------------
3/24/2023   PRAECIPE FOR WRIT OF SUMMONS F/TIMOTHY D MCNAIR ESQ W/CERT OF
            COMPLIANCE
                          001 Image page(s) exist(s) for this entry
            -------------------------------------------------------------
3/27/2023   WRIT OF SUMMONS ISSUED.
                          001 Image page(s) exist(s) for this entry
            -------------------------------------------------------------
4/06/2023   SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS      RET TYPE: REGULAR
            LITIGANT..: CITY OF ERIE
            ADDRESS...: 626 STATE STREET
            CTY/ST/ZIP: ERIE, PA 16501
            HND TO....: MARILYN POL (DEPUTY CITY CLERK), AIC
            SHF/DPTY..: ANDY JACKSON
            DATE/TIME.: 4-4-23 @09:39
                          003 Image page(s) exist(s) for this entry
            -------------------------------------------------------------
4/06/2023   SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS      RET TYPE: REGULAR
            LITIGANT..: STEVEN DELUCA
```

2023-10721   LANCE THORNTON (vs) STEVEN DELUCA, AL

```
Reference No..:                                      Filed........:   3/24/2023
Case Type.....: TORT - INTENTIONAL                   Time.........:      3:29

Judgment......         .00                           Execution Date   0/00/0000
Judge Assigned: PICCININI MARSHALL J, JUDGE          Jury Trial....
Disposed Desc.: OTHER                                Disposed Date.   6/07/2023
----------- Case Comments -------------              Higher Crt 1.:
                                                     Higher Crt 2.:
                ADDRESS...: 626 STATE STREET
                CTY/ST/ZIP: ERIE, PA 16501
                HND TO....: MARILYN POL (DEPUTY CITY CLERK), AIC
                SHF/DPTY..: ANDY JACKSON
                DATE/TIME.: 4-4-23 @09:40
                COSTS.....: $ 119.00
                          003 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
4/20/2023   NOTICE OF SERVICE OF PLAINTIFF'S PRE-COMPLAINT DISCOVERY REQUESTS
            DIRECTED TO DEFENDANT STEVEN DELUCA AND DEFENDANT CITY OF ERIE,
            PENNSYLVANIA, UPON ED BETZA, ESQ., OFFICE OF CITY SOLICITOR, 626
            STATE ST ERIE PA 16501 ON 4/20/23; AND STEVEN DELUCA, CITY OF ERIE,
            BUREAU OF POLICE, 626 STATE ST ERIE, PA 16501, ON 4/20/23.
            F/TIMOTHY D MCNAIR, ESQ. W/CERT OF COMPLIANCE AND CERT OF SERVICE
                          002 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
6/01/2023   DEFTS RESPONSE TO PRE-COMPLIANT DISCOVERY F/JASON A CHECQUE, ESQ W/
            CERT OF SERVICE
                          008 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
6/06/2023   JUDGE PICCININI MARSHALL J, JUDGE ASSIGNED TO CASE
                ----------------------------------------------------------------
6/06/2023   REQUEST FOR CIVIL JUDGE ASSIGNMENT, JUDGE PICCININI
                          002 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
6/06/2023   PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PRE-COMPLAINT DISCOVERY
            F/TIMOTHY D MCNAIR, ESQ. W/CERT OF COMPLIANCE, EXHIBITS A & B,
            PROPOSED ORDER AND CERT OF SERVICE
                          027 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
6/07/2023   ORDER DTD 6/7/23, UPON CONSIDERATION OF PLTF'S MOTION TO COMPEL
            RESPONSES TO PRE-COMPLAINT DISCOVERY, IT IS HEREBY ORDERED THE DEFT
            CITY OF ERIE, SHALL FILE A RESPONSE NO LATER THAN TUES, 6/27/23.
            FAILURE TO FILE A RESPONSE MAY RESULT IN PLTF'S MOTION BEING DEEMED
            AS UNCONTESTED. S/MARSHALL J PICCININI, JUDGE (RULE 236 NOTICE
            PROVIDED ON 6/7/23)
                          001 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
6/07/2023   NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE
            WESTERN DISTRICT OF PENNSYLVANIA ON BEHALF OF STEVEN DELUCA
            F/KEZIA TAYLOR, ESQ W/CERT OF SERVICE, EXHIBITS, AND CORRESPONDENCE
            (EMAILED COPY)
                          028 Image page(s) exist(s) for this entry
                ----------------------------------------------------------------
6/09/2023   NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE
            WESTERN DISTRICT OF PENNSYLVANIA ON BEHALF OF STEVEN DELUCA
            F/KEZIA TAYLOR, ESQ W/CERT OF SERVICE, EXHIBITS, AND CORRESPONDENCE
                          029 Image page(s) exist(s) for this entry
            - - - - - - - - - - - - - LAST ENTRY - - - - - - - - - - - - - -
****************************************************************************
*                         Escrow Information                               *
* Fees & Debits         Beg Bal   Pymts/Adj    End Bal                      *
****************************************************************************

    SUMMONS TAX              .50         .50         .00
    JCS/ATJ                40.25       40.25         .00
    SUMMONS                98.00       98.00         .00
    AUTOMATION FEE          5.00        5.00         .00
                        ---------   ---------   ---------
                          143.75      143.75         .00

****************************************************************************
*         End of Case Information                                          *
****************************************************************************
```

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

ERIE _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | 10711-2023 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: Lance Thornton | Lead Defendant's Name: Steven DeLuca |
|---|---|

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Timothy D. McNair, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

---

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

I, Aubrea Hagerty-Haynes Prothonotary of the Court of Common Pleas of Erie County, PA., do certify that this is a true and correct copy of the original record filed in said court.

Prothonotary: _____

Date: 1/9/23   Deputy: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON,<br>Plaintiff<br><br>v.<br><br>STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA,<br><br>Defendants | CIVIL ACTION - LAW<br><br>Case No.: _____ 1074 1 _____ -2023 |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Please issue a Writ of Summons in Civil Action against the above-named

Defendants on behalf of the Plaintiff in the above captioned matter.

---

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the
provisions of the Case Records Public Access
Policy of the Unified Judicial System of
Pennsylvania that require filing confidential
information and documents differently than
non-confidential information and
documents.

_____
Timothy D. McNair, Esquire

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

I, Aubrea Hagerty-Haynes Prothonotary of the Court
of Common Pleas of Erie County, PA., do certify that
this is a true and correct copy of the original record
filed in said court.

Prothonotary: _____

Date: _____   Deputy: _____

LANCE THORNTON : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
:
:
Vs. :
:
STEVEN DELUCA, JOHN DOE 1, JOHN : CASE NO 10721-2023
DOE 2, JOHN DOE 3, JOHN DOE 4,
JOHN DOE 5, JOHN DOE 6, JOHN DOE :
7, JOHN DOE 8, JOHN DOE 9, JOHN :
DOE 10 AND CITY OF ERIE, :
PENNSYLVANIA :

WRIT OF SUMMONS

TO:  THE ABOVE NAMED DEFENDANT (S):

YOU ARE HEREBY NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF (S) HAS
(HAVE) COMMENCED AN ACTION AGAINST YOU.

COPIES OF ALL PLEADINGS FILED SHOULD BE SERVED UPON PLAINTIFF (S) /
COUNSEL:

Timothy D. McNair, Esq
831 State Street
Erie Pa 16501
(814) 452-0700

AUBREA HAGERTY-HAYNES
CLERK OF RECORDS
PROTHONOTARY DIVISION

Date: March 27, 2023

BY _____
Eruvinia Rivera-Vera, Deputy

I, Aubrea Hagerty-Haynes Prothonotary of the Court
of Common Pleas of Erie County, PA., do certify that
this is a true and correct copy of the original record
filed in said court.

Prothonotary:

Date: 6/9/23                Deputy:

# SHERIFF'S OFFICE OF ERIE COUNTY



**CHRIS CAMPANELLI**
*Sheriff*

**DOUGLAS A. KUBIAK**
*Chief Deputy*

**FORGED WITH PRIDE**

**HEIDI THOMAS**
*Sergeant*

| LANCE THORTON<br>vs.<br>STEVEN DELUCA (et al.) | **Case Number**<br>2023-10721 |
| --- | --- |

## SHERIFF'S RETURN OF SERVICE

04/04/2023    09:39 AM - Deputy Andy Jackson, being duly sworn according to law, served the requested Writ of Summons (WOSM) by handing  a true copy to a person representing themselves to be MARILYN POL-DEPUTY CITY CLERK, who accepted as "Adult Person in Charge" for CITY OF ERIE at 626 STATE STREET, ERIE, PA 16501.

ANDY JACKSON, DEPUTY

04/04/2023    09:40 AM - Deputy Andy Jackson, being duly sworn according to law, served the requested Writ of Summons (WOSM) by handing  a true copy to a person representing themselves to be MARILYN POL-DEPUTY CITY CLERK, who accepted as "Adult Person in Charge" for STEVEN DELUCA at 626 STATE STREET, ERIE, PA 16501.

ANDY JACKSON, DEPUTY

SHERIFF COST: $119.00

SO ANSWERS,

April 06, 2023

CHRIS CAMPANELLI, SHERIFF

I, Aubrea Hagerty-Haynes Prothonotary of the Court of Common Pleas of Erie County, PA., do certify that this is a true and correct copy of the original record filed in said court.

Prothonotary:

Date:                    Deputy:

# SHERIFF'S OFFICE OF ERIE COUNTY



**CHRIS CAMPANELLI**
*Sheriff*

**DOUGLAS A. KUBIAK**
*Chief Deputy*

ERIE COUNTY
SHERIFF'S OFFICE
FORGED WITH PRIDE

**HEIDI THOMAS**
*Sergeant*

THORTON, LANCE
vs.
DELUCA, STEVEN (et al.)

Case Number
2023-10721

## SERVICE COVER SHEET

**Service Details:**

| | | | |
|---|---|---|---|
| **Category:** | Civil Action - Writ of Summons (WOSM) | **Zone:** | |
| **Manner:** | Adult in Charge | **Expires:** 04/24/2023 | **Warrant:** |

**Notes:** SERVING 2 @ SAME ADDRESS.

| **Serve To:** | | **Final Service:** | |
|---|---|---|---|
| **Name:** | CITY OF ERIE | **Served:** | Personally · (Adult In Charge) · Posted · Other |
| **Primary Address:** | 626 STATE STREET ERIE, PA 16501 | **Adult In Charge:** | Marilyn Pol |
| **Phone:** | **DOB:** | **Relation:** | Deputy City Clerk |
| **Alternate Address:** | | **Date:** 4-4-23 | **Time:** 09:39hrs |
| **Phone:** | | **Deputy:** 33 | **Mileage:** |

**Attorney / Originator:**

| **Name:** | MCNAIR LAW OFFICES PLLC | **Phone:** | 814-452-0700 |
|---|---|---|---|

**Service Attempts:**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Date:** | | | | | | |
| **Time:** | | | | | | |
| **Mileage:** | | | | | | |
| **Deputy:** | 1 | 2 | 3 | 4 | 5 | 6 |

**Service Attempt Notes:**

1. 
2. 
3. 
4. 
5. 
6. 

*(c) CountyState Sheriff Telecont, Inc*

*EXP: 04/24/2023*

*626 STATE STREET, ERIE, PA 16501*

*2023-10721*

*CITY OF ERIE*

# OFFICE OF THE SHERIFF

### ERIE COUNTY, PENNSYLVANIA
140 WEST SIXTH STREET • ERIE, PENNSYLVANIA 16501
814/451-6254      FAX 814/451-6323

| ERIE COUNTY SHERIFF'S SERVICE PROCESS RECORD | Please type or print legibly. |
|---|---|

| | |
|---|---|
| PLAINTIFF<br>Lance Thornton | TERM AND NO.<br>2023- _10721_ |
| DEFENDANT<br>Steven DeLuca | TYPE OF WRIT<br>Summons |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
City of Erie, Pennsylvania

**→ AT** ADDRESS *(Street or rfd, apartment No., City, State and Zip Code)*
626 State Street, Erie, PA 16501

| SEND NOTICE OF SERVICE COPY TO NAME AND ADDRESS BELOW | SHOW number of this writ and total number of writs submitted. i.e., 1 of 1, 1 of 3, etc. ⇒ | No.<br>1 | of | Total<br>2 |
|---|---|---|---|---|

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501

*Check if applicable:*
☐ Serve Secretary of Commonwealth
☐ Deputized Service
☐ Publication
Special instructions required for all of the above

SHOW IN THIS SPACE BELOW ANY SPECIAL INSTRUCTIONS OR OTHER INFORMATION PERTINENT TO SERVING THE WRIT DESCRIBED ABOVE

Please serve the above-named Defendant at the above-referenced address.

| NAME AND SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR *(signer)* Timothy D. McNair | TELEPHONE NUMBER<br>(814) 452-0700 | DATE<br>3/24/23 |
|---|---|---|

SPACE BELOW FOR USE OF SHERIFF ONLY - DO NOT WRITE BELOW THIS LINE

| Show amount of prepared fees and sign → | DEPOSIT | DISTRICT TO SERVE | | |
|---|---|---|---|---|
| I acknowledge receipt for the total number of writs indicated and for the deposit (if applicable) shown. | SIGNATURE OF AUTHORIZED DEPUTY OR CLERK | | | DATE |
| OVERTIME AUTHORIZATION | DEPUTY | DATE AND TIME | AUTHORIZING ATTORNEY | |

☐ I hereby certify and return that I have personally served, have legal evidence of service, or have executed as shown in "REMARKS," the writ described on the individual, company, corporation, etc., at the address shown above on the individual, company, corporation, etc., at the address inserted below.

☐ I hereby certify and return that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named above within the bailiwick of Erie County, Pennsylvania.

| NAME AND TITLE OF INDIVIDUAL SERVED *(If not shown above)* | ☐ A person of suitable age then abiding in the defendant's usual place of abode. |
|---|---|
| ADDRESS *(Complete only if different than shown above)* | FEE *(If applicable)*<br>$ | MILEAGE<br>$ |
| DATE(S) OF ENDEAVOR *(Use remarks if necessary)* | DATE OF SERVICE | TIME | AM<br>PM | SIGNATURE OF SHERIFF OR DEPUTY |

REMARKS

# SHERIFF'S OFFICE OF ERIE COUNTY



**CHRIS CAMPANELLI**
*Sheriff*

**DOUGLAS A. KUBIAK**
*Chief Deputy*

**FORGED WITH PRIDE**

**HEIDI THOMAS**
*Sergeant*

| LANCE THORTON vs. STEVEN DELUCA (et al.) | **Case Number** 2023-10721 |
|---|---|

## SHERIFF'S RETURN OF SERVICE

04/04/2023   09:39 AM - Deputy Andy Jackson, being duly sworn according to law, served the requested Writ of Summons (WOSM) by handing a true copy to a person representing themselves to be MARILYN POL-DEPUTY CITY CLERK, who accepted as "Adult Person in Charge" for CITY OF ERIE at 626 STATE STREET, ERIE, PA 16501.

ANDY JACKSON, DEPUTY

04/04/2023   09:40 AM - Deputy Andy Jackson, being duly sworn according to law, served the requested Writ of Summons (WOSM) by handing a true copy to a person representing themselves to be MARILYN POL-DEPUTY CITY CLERK, who accepted as "Adult Person in Charge" for STEVEN DELUCA at 626 STATE STREET, ERIE, PA 16501.

ANDY JACKSON, DEPUTY

SHERIFF COST: $119.00

SO ANSWERS,

CHRIS CAMPANELLI, SHERIFF

April 06, 2023

TS 4/10/23
COMMON PLEAS COURT
ERIE, PA
2023 APR -6  PM 2:16
CLERK OF RECORDS
PROTHONOTARY

I, Aubrea Hagerty-Haynes Prothonotary of the Court of Common Pleas of Erie County, PA., do certify that this is a true and correct copy of the original record filed in said court.

Prothonotary:

Date:                          Deputy:

# SHERIFF'S OFFICE OF ERIE COUNTY

**CHRIS CAMPANELLI**
*Sheriff*



**DOUGLAS A. KUBIAK**
*Chief Deputy*

**HEIDI THOMAS**
*Sergeant*

**FORGED WITH PRIDE**

| THORTON, LANCE | **Case Number** |
|---|---|
| vs. | 2023-1072 |
| DELUCA, STEVEN (et al.) | |

## SERVICE COVER SHEET

**Service Details:**

| Category: | Civil Action - Writ of Summons (WOSM) | Zone: | |
|---|---|---|---|
| Manner: | Adult in Charge | **Expires:** 04/24/2023 | Warrant: |

Notes: SERVING 2 @ SAME ADDRESS

**Serve To:**

| Name: | STEVEN DELUCA |
|---|---|
| Primary Address: | 626 STATE STREET ERIE, PA 16501 |
| Phone: | DOB: |
| Alternate Address: | |
| Phone: | |

**Final Service:**

Served:   Personally   (Adult In Charge)   Posted · Other

Adult In Charge:   *Marilyn Pol*

Relation:   *Deputy City Clerk*

Date:   *4-4-23*   Time:   *09:40 hes*

Deputy:   (33)   Mileage:

**Attorney / Originator:**

| Name: | MCNAIR LAW OFFICES PLLC | Phone: | 814-452-0700 |
|---|---|---|---|

**Service Attempts:**

| Date: | | | | | | |
|---|---|---|---|---|---|---|
| Time: | | | | | | |
| Mileage: | | | | | | |
| Deputy: | 1 | 2 | 3 | 4 | 5 | 6 |

**Service Attempt Notes:**

1.
2.
3.
4.
5.
6.

*Side text (left margin): EXP: 04/24/2023 · 626 STATE STREET, ERIE, PA 16501 · 2023-1072 · DELUCA, STEVEN*

# OFFICE OF THE SHERIFF

ERIE COUNTY, PENNSYLVANIA
140 WEST SIXTH STREET • ERIE, PENNSYLVANIA 16501
814/451-6254      FAX 814/451-6323

| ERIE COUNTY SHERIFF'S SERVICE PROCESS RECORD | Please type or print legibly. |
|---|---|

| PLAINTIFF | TERM AND NO. |
|---|---|
| Lance Thornton | 2023- _10721_ |

| DEFENDANT | TYPE OF WRIT |
|---|---|
| Steven DeLuca | Summons |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Steven DeLuca

➡ **AT** ADDRESS *(Street or rfd, apartment No., City, State and Zip Code)*
626 State Street, Erie, PA 16501

| SEND NOTICE OF SERVICE COPY TO NAME AND ADDRESS BELOW | SHOW number of this writ and total number of writs submitted. i.e., 1 of 1, 1 of 3, etc. | No. *1* of *2* | Total |
|---|---|---|---|

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501

*Check if applicable:*
☐ Serve Secretary of Commonwealth
☐ Deputized Service
☐ Publication
Special instructions required for all of the above

SHOW IN THIS SPACE BELOW ANY SPECIAL INSTRUCTIONS OR OTHER INFORMATION PERTINENT TO SERVING THE WRIT DESCRIBED ABOVE

Please serve the above-named Defendant at the above-referenced address.

| NAME AND SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR | TELEPHONE NUMBER | DATE |
|---|---|---|
| Timothy D. McNair ◄ SIGN HERE | (814) 452-0700 | 3/24/23 |

**SPACE BELOW FOR USE OF SHERIFF ONLY - DO NOT WRITE BELOW THIS LINE**

| Show amount of prepared fees and sign ➡ | DEPOSIT | DISTRICT TO SERVE | |
|---|---|---|---|
| I acknowledge receipt for the total number of writs indicated and for the deposit (if applicable) shown. | SIGNATURE OF AUTHORIZED DEPUTY OR CLERK | | DATE |
| OVERTIME AUTHORIZATION | DEPUTY | DATE AND TIME | AUTHORIZING ATTORNEY |

☐ I hereby certify and return that I have personally served, have legal evidence of service, or have executed as shown in "REMARKS," the writ described on the individual, company, corporation, etc., at the address shown above on the individual, company, corporation, etc.. at the address inserted below.

☐ I hereby certify and return that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named above within the bailiwick of Erie County, Pennsylvania.

| NAME AND TITLE OF INDIVIDUAL SERVED *(if not shown above)* | ☐ A person of suitable age then abiding in the defendant's usual place of abode. |
|---|---|

| ADDRESS *(Complete only if different than shown above)* | FEE *(if applicable)* $ | MILEAGE $ |
|---|---|---|

| DATE(S) OF ENDEAVOR *(Use remarks if necessary)* | DATE OF SERVICE | TIME | AM PM | SIGNATURE OF SHERIFF OR DEPUTY |
|---|---|---|---|---|

REMARKS

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : | CIVIL DIVISION - LAW |
| | : | |
| v. | : | Case No.: 10721-2023 |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | : <br>: <br>: <br>: <br>: <br>: <br>: | **JURY TRIAL DEMANDED** |

*2023 APR 20 PM 2:47*
*CLERK OF RECORDS PROTHONOTARY*
*COMMON PLEAS COURT ERIE, PA*
*4/21/23 pm*

## NOTICE OF SERVICE OF PLAINTIFF'S PRE-COMPLAINT DISCOVERY REQUESTS DIRECTED TO DEFENDANT STEVEN DELUCA AND DEFENDANT CITY OF ERIE, PENNSYLVANIA

Notice is hereby given that Plaintiff's Pre-Complaint Discovery Requests Directed to

Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania was served on the 20th

day of April, 2023 by hand delivery to Ed Betza, Esquire City of Erie, Office of City Solicitor,

626 State Street, Erie, PA 16501 and by hand delivery to Steven DeLuca, City of Erie, Bureau of

Police, 626 State Street, Erie, PA 16501.

---

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

_Timothy D. McNair, Esquire_

---

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

I, Aubrea Hagerty-Haynes Prothonotary of the Court
of Common Pleas of Erie County, PA., do certify that
this is a true and correct copy of the original record
filed in said court.

_Aubrea Hagerty Haynes_
Prothonotary:

Date: 6/9/23   Deputy:

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : | CIVIL DIVISION - LAW |
| | : | |
| v. | : | Case No.: 10721-2023 |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | : | **JURY TRIAL DEMANDED** |

## <u>CERTIFICATE OF SERVICE</u>

On this 20th day of April, 2023 the undersigned does depose and say that he

served a true and correct copy of Plaintiff's Pre-Complaint Discovery Requests Directed to

Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania by hand delivery upon

the following:

<table>
<tr><td>Ed Betza, Esquire<br>City of Erie, Office of City Solicitor<br>City Hall<br>626 State Street<br>Erie, PA 16501</td><td>Steven DeLuca<br>City of Erie, Bureau of Police<br>City Hall<br>626 State Street<br>Erie, PA 16501</td></tr>
</table>

Timothy D. McNair, Esquire
Attorney for Lance Thornton, Plaintiff

LANCE THORNTON,               :   IN THE COURT OF COMMON PLEAS
                Plaintiff,    :   OF ERIE COUNTY, PENNSYLVANIA
                              :
          v.                  :
                              :
STEVEN DELUCA, JOHN DOE 1, JOHN   :   Civil Division - Law
DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN :
DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN :
DOE 8, JOHN DOE 9, JOHN DOE 10 and :
CITY OF ERIE, PENNSYLVANIA,    :   Docket No. 10721-2023
                Defendants.   :

## DEFENDANTS RESPONSE TO PRE-COMPLAINT DISCOVERY

**AND NOW**, comes the Defendants, by and through the Office of the City Solicitor, and files these responses to Plaintiff's Interrogatories and Request for Production of Documents to Steven Deluca, as follows:

## ANSWERS TO INTERROGATORIES:

1. Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

**ANSWER**:

a) Planning – Deputy U.S. Marshal Stephen Barnes.

b) Execution – unknown.

c) Review – unknown.

d) Search – Steven Deluca and others known or unknown.

2. For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

**ANSWER**:

a) Stephen Barnes - U.S. Marshal's Service.

b) Steven Deluca – Erie Police Department.

I, Aubrea Hagerty-Haynes Prothonotary of the Court of Common Pleas of Erie County, PA., do certify that this is a true and correct copy of the original record filed in said court.

Prothonotary:

Date:                    Deputy:

3. Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

4. Identify each individual, if any, who sought or obtained a search or arrest warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

5. Identify the individual in command of the group searching 410 Roslyn Ave.

**ANSWER:**

Deputy U.S. Marshall Stephen Barnes.

6. Identify the individual(s) who attempted to kick open the front door of 410 Roslyn Ave. at the outset of the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

7. Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock A.M. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

8. Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

9. Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

10. Was any advice sought from a judicial officer prior to the Search regarding the propriety of the Search?

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

11. If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

Not applicable based on ANSWER #10.

12. Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

**RESPONSES FOR REQUESTS:**

1. All documents directing or authorizing the persons or organization named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.


2. All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.


3. All documents relating to the decision to conduct the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.


4. Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at the time.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

5. All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

6. Produce all body-worn camera recordings relating to the Search.  To the extent that you are aware of the existence of any body-worn camera recordings that you claim is not available to you, identify the custodian of all such recordings and set for the reason it is not available to you.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said videos, if any. Further, Owner/Resident has recordings of the Search via a smartphone and/or home security systems.

7. Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

8. To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting s deputies of the United States Marshals Service or any task force... produce all certificates or documents... any Memorandum of Understanding... establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

6

WHEREFORE, Defendants respectfully submit the aforementioned Answers to Interrogatories and/or Responses for Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery.

**CITY OF ERIE**:

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814.870.1230
FX: 814.455.9438
Attorney for Defendants

7

| | | |
|---|---|---|
| LANCE THORNTON, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff, | : | OF ERIE COUNTY, PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN | : | Civil Division - Law |
| DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN | : | |
| DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN | : | |
| DOE 8, JOHN DOE 9, JOHN DOE 10 and | : | |
| CITY OF ERIE, PENNSYLVANIA, | : | Docket No. 10721-2023 |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The Defendants hereby states that service of the **Answers to Interrogatories and /or Responses to Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery** was sent by letter via United States Postal Service (USPS), by electronic notice via email address on record and/or other methods noticed below to the following individuals and/or entities on this date: June 1, 2023.

Timothy McNair, Esq.
McNair Law Offices
821 State Street
Erie, PA 16501
(via Courthouse Box)

Steven Deluca
City of Erie PD
City Hall
626 State Street
Erie, PA 16501
(via Personal Service)

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy City Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814/870-1230
FX: 814/455-9438
Attorney for Defendants

8

# ERIE COUNTY COURT OF COMMON PLEAS
## REQUEST FOR CIVIL JUDGE ASSIGNMENT

| DATE COMPLAINT FILED | DOCKET NUMBER |
|---|---|
| 3/24/2023 | 10721-2023 |

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEYS (Address) |
|---|---|
| Lance Thronton | Timothy D. McNair, Esquire<br>McNair Law Offices, PLLC<br>821 State Street<br>Erie, PA 16501 |

| DEFENDANT(S) | DEFENDANT'S ATTORNEYS (Address) |
|---|---|
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA | Jason Checque, Esquire<br>Office of the City Solicitor<br>626 State Street, Room 505<br>Erie, PA 16501 |

**HAS THIS CASE RECEIVED ANY PREVIOUS JUDICIAL ATTENTION?**

NO_____     YES____X____

If yes, name of Judge_____

**ARE THERE ANY COMPANION CASES ALREADY ASSIGNED TO A JUDGE?**

NO_____     YES___X____

If yes, name of Judge_____     Docket No._____

FOR COURT USE ONLY:

_Marshall Piccinini_____ has been assigned to this case. This matter, and all future matters, should be filed directly with the assigned judge per local rules of court.

DATE:_06/06/23__ ASSIGNED BY: _____

NOTICE: REQUESTING PARTY MUST FILE THE COMPLETED ASSIGNMENT FORM WITH THE OFFICE OF THE PROTHONOTARY AND PROVIDE A STAMPED COPY TO THE ASSIGNED JUDGE

I, Aubrea Hagerty-Haynes Prothonotary of the Court of Common Pleas of Erie County, PA, do certify that this is a true and correct copy of the original record filed in said court.

# ERIE COUNTY COURT OF COMMON PLEAS
## REQUEST FOR CIVIL JUDGE ASSIGNMENT

| DATE COMPLAINT FILED | DOCKET NUMBER |
|---|---|
| 3/24/2023 | 10721-2023 |

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEYS (Address) |
|---|---|
| Lance Thronton | Timothy D. McNair, Esquire<br>McNair Law Offices, PLLC<br>821 State Street<br>Erie, PA 16501 |

| DEFENDANT(S) | DEFENDANT'S ATTORNEYS (Address) |
|---|---|
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA | Jason Checque, Esquire<br>Office of the City Solicitor<br>626 State Street, Room 505<br>Erie, PA 16501 |

**HAS THIS CASE RECEIVED ANY PREVIOUS JUDICIAL ATTENTION?**

NO_____      YES___X_____

If yes, name of Judge_____

**ARE THERE ANY COMPANION CASES ALREADY ASSIGNED TO A JUDGE?**

NO_____      YES___X_____

If yes, name of Judge_____      Docket No._____

FOR COURT USE ONLY:

Marshall Piccinini_____ has been assigned to this case. This matter, and all future matters, should be filed directly with the assigned judge per local rules of court.

DATE:__010023___ ASSIGNED BY:__CAD_____

NOTICE: REQUESTING PARTY MUST FILE THE COMPLETED ASSIGNMENT FORM WITH THE OFFICE OF THE PROTHONOTARY AND PROVIDE A STAMPED COPY TO THE ASSIGNED JUDGE

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA, | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PRE-COMPLAINT
DISCOVERY**

NOW COMES the Plaintiff, by counsel, McNair Law Offices, and, pursuant to Pa.

R.C.P. 4019(A)(1), respectfully representing:

1.    On March 12, 2023, Plaintiff's home was invaded by a group of 10 to 12

heavily armed men dressed as soldiers. The home was searched despite Plaintiff's

objection, and nothing was found. No warrant was issued or presented. Plaintiff has

heard a rumor that a warrant was requested and denied.

2.    Plaintiff suffers from early-onset dementia and informed the invaders of

this. The invaders made no effort to accommodate Plaintiff's disability despite their

duties under the Pennsylvania Human Relations Act.

3.    Since the search of a residence without a warrant is presumptively a

violation of Article I, Section 8 of the Pennsylvania Constitution remediable pursuant to

42 Pa. C.S. § 8309, Plaintiff has filed a lawsuit seeking redress for the damages he

of Common ... ... ... ... ... ... ... ... ... ... ... that
this is a true and correct copy of the original record
filed in said court.

Prothonotary:

Date:                    Deputy:

suffered as the result of the invasion, including a stroke shortly after which has been attributed to the stress of the events, as well as significant damage to his home caused by the invaders' attempts to break the front door for no apparent reason.

4.      Since the identity of only one of the individuals involved in the search is known to Plaintiff, that being Steven DeLuca, and because the largest portion of the contingent claim to be part of the City of Erie Bureau of Police SWAT unit, Plaintiff has filed a Praecipe for Issuance of a Summons, which was duly issued and has been served on Defendant DeLuca and the City of Erie. Plaintiff is seeking pre-complaint discovery of the identification of the John Does involved in the invasion of his home as well as some of the facts surrounding the search.

5.      On April 20, 2023, Plaintiff served pre-complaint discovery requests on DeLuca and the City pursuant to Pa. R.C.P. 4003. Mr. Thornton is seeking the identities of the invaders and some of the facts underlying the decision to invade his home so he can draft a factually based complaint. Pursuant to Pa.R.C.P. 4006(b)(2), answers were due within thirty days. An extension was requested and granted, and unverified responses were finally served on Friday afternoon, June 2. A copy of the Discovery Requests, with Definitions and Instructions, is attached hereto as Exhibit "A," and the responses offered by Defendants are attached as Exhibit "B". Counsel drafting the responses has not entered an appearance with the Court.

6.      None of the interrogatories were answered completely or in accordance with the Definitions and Instructions provided. See Exhibit "A" for the Discovery Requests with Instructions and Definitions.

7.      While most of the interrogatories were simply not answered,

Interrogatories 3, 4, 6, 7, 8, 9, 10, 11, and 12 were objected to. In violation of Pa.R.C.P 4006(b)(2), none of the objections were signed by the attorney making them.

8.      In their discovery responses, the Defendants repetitively state: "Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances." At this point, Plaintiff is unable to file a "proper Civil Complaint" with any precision inasmuch as he does not have knowledge of a number of crucial facts, including the identity of the individuals participating in the invasion, the identity and location of any agency by which any of the armed soldiers were affiliated, the facts which led to the invasion, whether or not a search warrant was sought and what the result was, the extent of the Defendants' knowledge of Plaintiff prior to the search, the identity of non-paramilitary individuals at the scene, including ambulance personnel, or the source of the "credible tip" relied upon to justify the partial destruction of and invasion of Plaintiff's home. Without this information, Plaintiff will have to rely on speculation and inferences, rather than facts. Since Plaintiff must plead facts to support his case, and defendants are clearly in possession of facts, they should be required to disclose those facts.

9.      Plaintiff's discovery requests are neither vague nor irrelevant. Defendants appear to be trying to erect a stone wall to protect themselves from civil liability for their gross violations of Mr. Thornton's rights and the destruction of his property.

10.      Plaintiff's belief is that Defendants have liability for a violation of the Pennsylvania Constitution under 42 Pa.C.S. §8309. This arises out of the obvious fact that they occupied, searched, and damaged the Plaintiffs' home without a warrant and without permission in violation of Article I, Section 8 of the Pennsylvania Constitution,

which has judicially been acknowledged to afford greater protection to Commonwealth citizens than the Fourth Amendment to the US Constitution. See, e.g., *Commonwealth v. Edmunds*, 586 A2.d 887 (1991), holding that Federal Fourth Amendments decisions establish the Constitutional floor, but Pennsylvania is free to offer heightened protection to her citizens.

11.    The search of a residence without a warrant is presumptively unreasonable. *Com. of Pa. v. Romero*, 183 A.3d 364 (Pa. 2018), citing *United States v. United States Dist. Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). This is why Plaintiff believes he has a case. The invasion was objectively unreasonable and conducted without a warrant in violation of Article I, Section 8 of the Pennsylvania Constitution.

12.    Defendants provided no documents responsive to Plaintiff's Request for Production of Documents. Instead, they deny having copies of any documents, repetitively stating: "Defendants aver and believe that the U.S. Marshals Service has said documents, if any." This is hardly an appropriate answer. Even if the Marshal's Service has the documents or copies of documents, Defendants fail to explain why they do not have copies of documents they generated or received. As Defendants know, Plaintiff cannot subpoena documents from the Marshal's Service in this case. The Marshal's Service is a United States federal agency and will not produce documents in response to a state court subpoena. *Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

13.    Interrogatory 1 requests the identity of those who participated in the invasion. The Defendants state that they do not know who participated, which is obviously false. Defendants seem to be claiming that they do not know who else went with Deluca to the scene, armed to the teeth with assault rifles, pistols, and undoubtedly

other weapons. It is not credible that one would voluntarily associate with a bunch of other individuals under such dangerous circumstances without knowing who they were.

14.    Interrogatory 3 asks for the facts and reasoning that led Defendants to invade Plaintiff's residence. This information is obviously fair game and clearly beyond Plaintiff's knowledge, but necessary to prepare an appropriate complaint. The objection is not well taken and should be overruled.

15.    Interrogatory 6 requests the identity of the person who tried to break down Plaintiff's door. This person is obviously a potential defendant and Plaintiff cannot sue him unless he is identified. The repetitive objection should be overruled.

16.    Interrogatory 12 requests the City of Erie Bureau of Police's policy on dealing with persons with disabilities. Police agencies are required to modify their policies to comply with the Pennsylvania Human Relations Act and not to discriminate against individuals with disabilities. Plaintiff is an individual with a disability within the meaning of the PHRA because he has early-onset dementia which renders him subject to agitation and fear in the presence of unusual or fast-moving events. Discovery of this policy will help Plaintiff determine whether Defendants may have violated the Pennsylvania Human Relations Act in their treatment of him.

17.    Request for Production No. 1 requests the production of "All documents directing or authorizing the persons or organization in your response to Interrogatory 1 to perform the Search ("Search" is a defined term in the requests, and refers to the invasion of Plaintiff's home on March 12.) Defendants respond by claiming that an entity insulated from judicial process "may have" the requested documents, implying without stating that they do not. They offer no explanation why they do not have the

documents, or how the United States Marshal's Service came into possession of them. The documents may well provide an adequate explanation for the invasion of Mr. Thornton's home, obviating the need for further litigation, so it would be in the Defendants' interest to produce them. The unverified response does not satisfy the requirements of Pa.R.C.P. 4009.12, which mandates a specific procedure for responding to Requests for production. Defendant has made no attempt to comply with that rule[1].

---

[1] The rule states:

Rule 4009.12. Answer to Request Upon a Party for Production of Documents and Things.

(a) The party upon whom the request is served shall within thirty days after the service of the request

 (1) serve an answer including objections to each numbered paragraph in the request, and

 (2) produce or make available to the party submitting the request those documents and things described in the request to which there is no objection.

   (i)  Where the documents may be identified only after review of a larger group of documents, and the burden of identifying the documents would be substantially the same for the party serving the request as for the party served, the party served may afford the party serving the request reasonable opportunity to identify the documents, to examine or inspect them and to obtain copies.

(b) The answer shall be in the form of a paragraph-by-paragraph response which shall

 (1) identify all documents or things produced or made available;

 (2) identify all documents or things not produced or made available because of the objection that they are not within the scope of permissible discovery under Rule 4003.2 through Rule 4003.6 inclusive and Rule 4011(c). Documents or things not produced shall be identified with reasonable particularity together with the basis for non-production;

 (3) specify a larger group of documents or things from which the documents or things to be produced or made available may be identified as provided by subdivision (a)(2)(i);

 (4) object to the request on the grounds set forth in Rule 4011(a), (b), and (e) or on the ground that the request does not meet the requirements of Rule 4009.11;

18.     Request 2 asks Defendants to produce any applications for search warrants. Under the circumstances, this is reasonable, since the issue of not having a search warrant (none was produced at Plaintiff's request during the invasion) is central to the inquiry, and such application, if it exists, would be discoverable in this case. If someone else prepared a search warrant application and did not provide it to Defendants, they should say so. Merely claiming that another party beyond the Court's jurisdiction may have documents is clearly unreasonable and insufficient.

19.     Request 5 requests any memoranda or reports prepared by any person participating in the Search. The answer is the same, but it is not credible that all of the EPD officers involved failed to file or prepare any reports concerning the invasion of an innocent citizen's home. Plaintiff's understanding is that whenever an officer participates in an enforcement action, they are required to file a report. Further, the City defendant has indicated to Plaintiff, upon his inquiry, that it is investigating the matter. Any such investigation would result in the creation of discoverable documents.

20.     Request 6 requests production of all body-worn camera recordings made during the home invasion. It seems ridiculous to claim that only the Marshal has possession of those recordings. It is Plaintiff's understanding that the recordings are uploaded and available to anyone with proper authorization. Again, Defendants completely fail to explain why they cannot produce these items they themselves created, particularly after defendant DeLuca, threatening Plaintiff with an assault rifle, told him not to video-record the events, and that the invaders all had body-worn cameras so

---

(5) state that after reasonable investigation, it has been determined that there are no documents responsive to the request.

there was no need.[2] Although Plaintiff was not dissuaded and has video of some of the events, the body-worn cameras would provide more detail and context, including conversations between the participants.

21.     Without the requested information Plaintiff will be unable to draft and file an adequate complaint.

22.     The responses must be verified to provide the identity of persons with knowledge who can be deposed.

WHEREFORE, Plaintiff respectfully requests an Order compelling defendants to fully respond to Plaintiff's pre-complaint discovery requests.

| **CERTIFICATE OF COMPLIANCE** |
| --- |
| I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents. |
| *(signature)* |
| Timothy D. McNair, Esquire |

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: *(signature)*

Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

---

[2] The video from home surveillance and Plaintiff's cell phone camera, along with a statement from Plaintiff can be viewed on YouTube at the following link The search starts at 14:09 of the video: https://www.youtube.com/watch?v=cxtucZyRrJs

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : | CIVIL DIVISION - LAW |
| v. | : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | : | **JURY TRIAL DEMANDED** |

## PRE-COMPLAINT DISCOVERY REQUESTS DIRECTED TO DEFENDANT, STEVEN DELUCA AND DEFENDANT, CITY OF ERIE, PENNSYLVANIA

NOW COMES the Plaintiff, Lance Thornton and propounds the following discovery requests to aid him in the preparation of his Complaint in this matter. In this case, Plaintiff seeks, *inter alia,* compensation for property damage, fright, terror, and personal injury sustained as the result of the search of his residence at 410 Roslyn Avenue, Erie, PA 16506 on March 12, 2023. These discovery requests are calculated to identify parties, since Plaintiff has limited information regarding their full names and employers, discover specific facts allowing him to accurately plead facts in support of his claim, as required by Pa.R.C.P. 1019, including the chronology of the events that led to the incident in suit:

## INSTRUCTIONS AND DEFINITIONS



EXHIBIT

A

A.    "Search" shall mean the incident occurring on the morning of March 12, 2023, at or near 410 Roslyn Avenue in Erie, Pennsylvania involving Erie Police and other law enforcement authorities.

B.    "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees. "You" further includes all persons who participated in the Search or preparations for the Search, or analysis and reporting after the fact of the Search.

C.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

D.    "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

E.    "Person" or "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

F.    "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

G.    "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

H.    "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

I.    "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

J.    The period of time encompassed by these requests shall be from the date You received the alleged "credible tip" regarding Plaintiff, his property or relatives or associates of Plaintiff to the date responses to these requests are served unless otherwise indicated. These requests shall continuing and your duty is to supplement your responses with such responsive information as is discovered or obtained by you until the date of trial.

## INTERROGATORIES

1.    Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

**ANSWER:**

2.    For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

**ANSWER:**

3.    Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

4.    Identify each individual, if any, who sought or obtained a search or arrest

warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

5.    Identify the individual in command of the group searching 410 Roslyn Avenue.

**ANSWER:**

6.    Identify the individual(s) who attempted to kick open the front door of 410 Roslyn St. at the outset of the Search.

**ANSWER:**

7.    Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock a.m. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

8.    Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

9.    Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

10.    Was any advice sought from a judicial officer prior to the Search regarding

the propriety of the Search?

**ANSWER:**

11.    If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

12.    Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.    All documents directing or authorizing the persons or organizations named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

2.    All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

3.    All documents relating to the decision to conduct the Search.

**RESPONSE:**

4.      Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at any time.

**RESPONSE:**

5.      All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

6.      Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recording that you claim is not available to you, identify the custodian of all such recordings and set forth the reason it is not available to you.

**RESPONSE:**

7.      Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

8.      To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting as deputies of

the United States Marshal Service or any task force created by or involving it, produce all certificates or documents appointing any of your employees as Deputy United States Marshals, and a complete and unredacted copy of any Memorandum of Understanding or agreement between the City of Erie or any bureau or division thereof and the United States Marshal Service establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff | : | CIVIL DIVISION - LAW |
| v. | : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | : | **JURY TRIAL DEMANDED** |

## VERIFICATION

I, _____, am the _____ of

the City of Erie and as such, being authorized to do, verify that the answers set forth in

the within Interrogatories are true and correct to the best of my knowledge, information

and belief.  I understand that false statements herein are made subject to the penalties

of 28 U.S.C. §1746 regarding unsworn declarations under penalty of perjury.


_____                    _____

Date                                                            Representative of the City of Erie, Pennsylvania



Erie Insurance®

Copy

Branch Office • 2200 West Broad Street • Suite 1 • P.O. Box 4286 • Bethlehem, PA 18018-0286
610.865.1911 • Toll free 1.800.322.9026 • Fax 800.545.0409 • www.erieinsurance.com

June 1, 2023



UPMC HAMOT
PO BOX 382007
PITTSBURGH , PA  15251

Re: ERIE Claim    # A00003420746
ERIE Insured:  Valerie Driver
Loss Date:     06/25/21
Your Patient:  Alicia Driver
Billing Invoice # 68815835-3044

Dear Provider:

We must respectfully decline payment of your bill date of service 03/22/2023 for the following reason:

AFTER FURTHER FILE REVIEW IT APPEARS TREATMENT IS UNRELATED TO THIS MOTOR
VEHICLE ACCIDENT.

Sincerely,

Ayisha Holmes
Medical Management Specialist
610-892-3513

/ANH GEN22
 cc: Timothy D McNair
     File

The ERIE is Above All in SERVICE®

LANCE THORNTON,                                   :   IN THE COURT OF COMMON PLEAS
                        Plaintiff,                :   OF ERIE COUNTY, PENNSYLVANIA
                                                  :
        v.                                        :
                                                  :
STEVEN DELUCA, JOHN DOE 1, JOHN                   :   Civil Division - Law
DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN               :
DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN               :
DOE 8, JOHN DOE 9, JOHN DOE 10 and                :
CITY OF ERIE, PENNSYLVANIA,                       :   Docket No. 10721-2023
                        Defendants.               :

## DEFENDANTS RESPONSE TO PRE-COMPLAINT DISCOVERY

AND NOW, comes the Defendants, by and through the Office of the City Solicitor, and files these responses to Plaintiff's Interrogatories and Request for Production of Documents to Steven Deluca, as follows:

## ANSWERS TO INTERROGATORIES:

1. Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

ANSWER:

a) Planning – Deputy U.S. Marshal Stephen Barnes.

b) Execution – unknown.

c) Review – unknown.

d) Search – Steven Deluca and others known or unknown.

2. For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

ANSWER:

a) Stephen Barnes - U.S. Marshal's Service.

b) Steven Deluca – Erie Police Department.



EXHIBIT

B

3. Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

ANSWER:

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

4. Identify each individual, if any, who sought or obtained a search or arrest warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

ANSWER:

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

5. Identify the individual in command of the group searching 410 Roslyn Ave.

ANSWER:

Deputy U.S. Marshall Stephen Barnes.

6. Identify the individual(s) who attempted to kick open the front door of 410 Roslyn Ave. at the outset of the Search.

ANSWER:

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

2

7. Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock A.M. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

ANSWER:

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

8. Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

ANSWER:

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

9. Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

ANSWER:

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

10. Was any advice sought from a judicial officer prior to the Search regarding the propriety of the Search?

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

11. If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

Not applicable based on ANSWER #10.

12. Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

Objection to this question based on relevancy and vagueness. Defendants request that Plaintiff file a proper Civil Complaint specifying the precise allegations and/or reasons that Plaintiff avers or believes that Defendants have any liability under the circumstances.

4

## RESPONSES FOR REQUESTS:

1. All documents directing or authorizing the persons or organization named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

2. All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

3. All documents relating to the decision to conduct the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

4. Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at the time.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

5. All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

6. Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recordings that you claim is not available to you, identify the custodian of all such recordings and set for the reason it is not available to you.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said videos, if any. Further, Owner/Resident has recordings of the Search via a smartphone and/or home security systems.

7. Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

8. To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting s deputies of the United States Marshals Service or any task force… produce all certificates or documents… any Memorandum of Understanding… establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Defendants aver and believe that the U.S. Marshals Service has said documents, if any.

6

WHEREFORE, Defendants respectfully submit the aforementioned Answers to Interrogatories and/or Responses for Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery.

CITY OF ERIE:

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy Solicitor
626 State Street, Room 505
Erie, PA 16501
PH: 814.870.1230
FX: 814.455.9438
Attorney for Defendants

LANCE THORNTON,                    :    IN THE COURT OF COMMON PLEAS
                    Plaintiff,     :    OF ERIE COUNTY, PENNSYLVANIA
                                   :
          v.                       :
                                   :
STEVEN DELUCA, JOHN DOE 1, JOHN    :    Civil Division - Law
DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN:
DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN:
DOE 8, JOHN DOE 9, JOHN DOE 10 and :
CITY OF ERIE, PENNSYLVANIA,        :    Docket No. 10721-2023
                    Defendants.    :

## CERTIFICATE OF SERVICE

The Defendants hereby states that service of the **Answers to Interrogatories and /or Responses to Requests as part of Defendants Response to Plaintiff's Request for Pre-Complaint Discovery** was sent by letter via United States Postal Service (USPS), by electronic notice via email address on record and/or other methods noticed below to the following individuals and/or entities on this date: June 1, 2023.

Timothy McNair, Esq.                        Steven Deluca
McNair Law Offices                          City of Erie PD
821 State Street                            City Hall
Erie, PA 16501                              626 State Street
(via Courthouse Box)                        Erie, PA 16501
                                            (via Personal Service)

                              Respectfully submitted,

                              /s/ Jason A. Checque
                              Jason A. Checque, Esq.
                              Deputy City Solicitor
                              626 State Street, Room 505
                              Erie, PA 16501
                              PH: 814/870-1230
                              FX: 814/455-9438
                              Attorney for Defendants

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>        Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA,<br><br>        Defendants | : | |

## **ORDER**

AND NOW, to-wit this _____ day of June, 2023, upon consideration of Plaintiff's

Motion to Compel Responses to Pre-Complaint Discovery, it is ORDERED that said

Motion shall be, and is hereby GRANTED. Defendant's City of Erie and Steven Deluca

shall, within 20 days of the date of this Order, provide full, complete, and verified

responses to Plaintiff's discovery requests. Should Defendants fail to do so, the Court

will consider imposition of sanctions, including default judgment.

BY THE COURT:


_____
Marshall J. Piccinini, J.

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON, | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
|  | : | |
| v. | : | |
|  | : | Case No.: 10721-2023 |
|  | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN | : | |
| DOE 2, JOHN DOE 3, JOHN DOE 4, | : | |
| JOHN DOE 5, JOHN DOE 6, JOHN | : | |
| DOE 7, JOHN DOE 8, and JOHN DOE 9, | : | |
| JOHN DOE 10, and CITY OF ERIE, | : | |
| PENNSYLVANIA, | : | |
|  | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion to Compel Pre-Complaint

Discovery Responses was served by hand-delivery or electronic mail on this 6th day of June,

2023:

*Plaintiff notes as of this date, no attorney has entered their appearance on behalf of*
*Defendants*

Steven DeLuca
626 State Street
Erie, PA 16501

Office of the City Solicitor
626 State Street, Room 505
Erie, PA 16501

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
Pa. ID#34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371
tmcnair@mcnairlaw.com

**IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| LANCE THORNTON,<br>　　　　PLAINTIFF | : | TRIAL DIVISION - CIVIL |
| | : | |
| v. | : | |
| | : | |
| STEVEN DeLUCA, JOHN DOE 1, JOHN,<br>DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN<br>DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN<br>DOE 8, JOHN DOE 9, JOHN DOE 10, AND<br>CITY OF ERIE, PENNSYLVANIA,<br>　　　　DEFENDANTS | : | DOCKET NO. 10721-2023 |

**ORDER**

AND NOW, to-wit, this 7th day of June, 2023, upon consideration of Plaintiff's Motion to Compel Responses to Pre-Complaint Discovery, it is hereby **ORDERED** that Defendant, City of Erie, shall file a response no later than **Tuesday, June 27, 2023**. Failure to file a response may result in Plaintiff's Motion being deemed as uncontested.

BY THE COURT:

MARSHALL J. PICCININI, JUDGE

cc:　Court Administration
Timothy D. McNair, Esquire – 821 State Street, Erie, PA 16501 (for Plaintiff)
Jason A. Checque, Esquire, Deputy City Solicitor – 626 State Street, Room 505, Erie, PA 16501 (for City of Erie)

Rule 236 notice
Provided on: 6/7/23

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

LANCE THORNTON,                          )
                                         )
                 Plaintiff,              )
                                         )        NO.  10721-2023
        v.                               )
                                         )
STEVEN DELUCA, JOHN DOE 1,               )        TYPE OF PLEADING
JOHN DOE 2, JOHN DOE 3,                  )        **NOTICE OF REMOVAL**
JOHN DOE 4, JOHN DOE 5,                  )
JOHN DOE 6, JOHN DOE 7,                  )
JOHN DOE 8, JOHN DOE 9,                  )
JOHN DOE 10 AND CITY OF ERIE,            )
PENNSYLVANIA,                            )
                                         )
                 Defendants.             )


CODE AND CLASSIFICATION:

*FILED ON BEHALF OF*
*DEFENDANT, STEVEN DELUCA:*

KEZIA O. L. TAYLOR
Assistant U.S. Attorney


NAME, ADDRESS AND
TELEPHONE OF:

   X    Counsel of Record

_____   Individual, if Pro Se


Western District of PA
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7567


Attorney's Firm ID No.: 288

I, Aubrea Hagerty-Haynes Prothonotary of the Court
of Common Pleas of Erie County, PA., do certify that
this is a true and correct copy of the original record
filed in said court.

Prothonotary:

Date:                        Deputy:

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LANCE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  10721-2023 |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN DELUCA, JOHN DOE 1, | ) | |
| JOHN DOE 2, JOHN DOE 3, | ) | |
| JOHN DOE 4, JOHN DOE 5, | ) | |
| JOHN DOE 6, JOHN DOE 7, | ) | |
| JOHN DOE 8, JOHN DOE 9, | ) | |
| JOHN DOE 10 AND CITY OF ERIE, | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

To:    Aubrea Hagerty-Hayne
       Prothonotary
       Erie County Courthouse
       140 West Sixth Street, Room 120
       Erie, PA 16501
       prothonotary@eriecountypa.gov

       Timothy D. McNair, Esquire
       McNair Law Offices, PLLC
       821 State Street
       Erie, PA 16501
       tmcnair@mcnairlaw.com

PLEASE TAKE NOTICE that on June 6, 2023, the Defendant Steven DeLuca filed in the

Office of the Clerk of the United States Court for the Western District of Pennsylvania, at Civil

Action No. 23-164E, a Notice of Removal to remove to the said District Court the action pending

against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe

5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania,

in the Court of Common Pleas of Erie County, Pennsylvania, entitled *"Lance Thornton, Plaintiff*

*v. Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania, Defendants"* at No. 10721-2023.

A copy of the Notice of Removal has been filed with the Court of Common Pleas of Erie County, Pennsylvania pursuant to 28 U.S.C. § 1446(d).

The filing of the Notice together with the giving of the Notice herein effects the removal and the proceedings against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania, shall proceed no further unless and until remanded by the United States Court for the Western District of Pennsylvania.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
Tel:    (412) 894-7567
Fax:    (412) 644-6995
Kezia.Taylor@usdoj.gov
PA ID No. 203759

*Counsel for Defendant
Steven DeLuca*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.   1:23-cv-164 |
| v. | ) | |
| | ) | |
| STEVEN DELUCA, JOHN DOE 1, | ) | *(Electronically Filed)* |
| JOHN DOE 2, JOHN DOE 3, | ) | |
| JOHN DOE 4, JOHN DOE 5, | ) | |
| JOHN DOE 6, JOHN DOE 7, | ) | |
| JOHN DOE 8, JOHN DOE 9, | ) | |
| JOHN DOE 10 AND CITY OF ERIE, | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

1.      Removal of this action is pursuant to 28 U.S.C. §§ 1442 and 2679(d)(2) in that Task Force Officer Steven DeLuca was specially deputized by the United States Marshals Service to serve on a specific task force.  While serving on that task force on March 12, 2023, he was considered a federal officer acting within the course and scope of his task force employment under the direction of a federal officer. Steven DeLuca is named as a Defendant in this action.

2.      On or about March 24, 2023, Plaintiff, Lance Thornton, filed a Praecipe for Writ of Summons in the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023, against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania. *See* Ex. A, Plaintiff's Praecipe for Writ of Summons.

3.      Plaintiff declared on his Civil Cover Sheet that the nature of this action is a state law tort claim. *See* Ex. A, Civil Cover Sheet attached to Praecipe for Writ of Summons filed with the Prothonotary of the Court of Common Pleas of Erie County.

4.     On or about April 20, 2023, Plaintiff, Lance Thornton, filed Pre-Complaint Discovery Requests Directed to Defendants Steven DeLuca and City of Erie, Pennsylvania, in the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023.

5.     A Complaint has not been filed in the above-described civil action.

6.     No trial or proceeding has been commenced in said civil action.

7.     A federal officer, or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil action is commenced against him "for or relating to any act under color of such office."[1]

8.     Plaintiff's state tort claim relates to actions taken by Steven DeLuca acting under color of office and in the performance of his office duties as a deputized federal officer.

9.     Congress provided in 28 U.S.C. § 2679(d)(2) that "[u]pon certification by the Attorney General that an employee acted within the scope of office or employment at the time of the incident out of which the plaintiff's claim arose, any civil action or proceeding commenced upon that claim in state court shall be removed without bond *at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." (emphasis added). The civil "action or proceeding shall then be deemed to be an action or proceeding against the United States under the FTCA, and the United States shall be substituted as the party defendant." Congress also provided

---

[1] Section 1442(d)(1) defines "civil action" to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." The definition is broad and clearly encompass removal of state court subpoena-related proceedings, including pre-filing discovery proceedings. The Removal Clarification Act of 2011 § 2, Pub. L. No. 112-51 125 Stat 545 (Nov. 9, 2011), broadened the definition of "civil action" for just this purpose. *See also* H. Rep. No. 112-17(I) at 6, *reprinted in* 2011 U.S.C.C.A.N. 420, 425.

in § 2679(d)(2) that "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

10.     The Attorney General has delegated authority to certify scope of office or employment under § 2679 to the United States Attorney and to the Directors of the Torts Branch of Department of Justice Civil Division. 28 C.F.R. § 15.4(a). Filed with this Notice of Removal is a Certification by the Acting United States Attorney for the District of the Western District of Pennsylvania that Steven DeLuca was acting within the scope of office or employment at the time of incident out of which Plaintiff's state tort claim arose. *See* Ex. B, Acting United States Attorney's Certification of Employment.

11.     Accordingly, this action must be deemed to be an action against the United States for purposes of Plaintiff's state tort claim, and it is therefore properly removed under 28 U.S.C. § 2679(d)(2). *See Osborn v. Haley*, 549 U.S. 525 (2007) (Attorney General could validly certify that the federal employee named as defendant was acting within scope of his employment to warrant substitution of United States as defendant pursuant to § 2679).

12.     A true and correct copy of all pleadings and processes is attached hereto and marked as Ex. A.

13.     The above-described civil action may be removed to this Court without bond pursuant to 28 U.S.C. §§ 1442, 2408 and 2679(d)(2).

WHEREFORE, Defendant, Steven DeLuca removes this matter from the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023, to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

/s/ Kezia Taylor
KEZIA O. L. TAYLOR
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
Tel:    (412) 894-7567
Fax:    (412) 644-6995
Kezia.Taylor@usdoj.gov
PA ID No. 203759

*Counsel for Defendant*
*Steven DeLuca*

4

### CERTIFICATE OF SERVICE

I hereby certify that on this 6ᵗʰ day of June, 2023, a true and correct copy of the within

NOTICE OF REMOVAL was duly served by either electronic filing and/or first-class mail, upon

the following:

Aubrea Hagerty-Hayne
Prothonotary
Erie County Courthouse
140 West Sixth Street, Room 120
Erie, PA. 16501
prothonotary@eriecountypa.gov

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for Defendant*
*City of Erie*

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney

5

JS 44 (Rev. 04/21)

Case 1:23-cv-00164-CB  Document 1-1  Filed 06/06/23  Page 1 of 2

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
LANCE THORNTON

### DEFENDANTS
STEVEN DELUCA, et al.

**(b)** County of Residence of First Listed Plaintiff    Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy D. McNair, Esq., 814-452-0700
821 State St., Erie, PA 16501

Attorneys *(If Known)*
Kezia O. L. Taylor, AUSA  412-894-7567
USAO, 700 Grant St., Ste. 4000, Pittsburgh, PA 15219

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | | |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | | |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1442, 2408 and 2679(d)(2)
Brief description of cause:
Removal of civil action filed in Court of Common Pleas of Erie County, Pennsylvania

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
6/6/23

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kezia O. L. Taylor

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

_____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 107-1-2023 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N A**

| Commencement of Action: |
| --- |
| ☐ Complaint  ☒ Writ of Summons  ☐ Petition |
| ☐ Transfer from Another Jurisdiction  ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| Lance Thornton | Steven DeLuca |

| Are money damages requested? ☒ Yes  ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits  ☒ outside arbitration limits |
| --- | --- | --- |

| Is this a *Class Action Suit*?  ☐ Yes  ☒ No | Is this an *MDJ Appeal*?  ☐ Yes  ☒ No |
| --- | --- |

Name of Plaintiff's/Appellant's Attorney: Timothy D. McNair, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**   Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N B**

**TORT** (*do not include Mass Tort*)
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

LANCE THORNTON                          :          IN THE COURT OF COMMON PLEAS
                                        :          OF ERIE COUNTY, PENNSYLVANIA
                                        :
                                        :
Vs.                                     :
                                        :
STEVEN DELUCA, JOHN DOE 1, JOHN  :               CASE NO 10721-2023
DOE 2, JOHN DOE 3, JOHN DOE 4,          :
JOHN DOE 5, JOHN DOE 6, JOHN DOE  :
7, JOHN DOE 8, JOHN DOE 9, JOHN         :
DOE 10 AND CITY OF ERIE,                :
PENNSYLVANIA                            :


WRIT OF SUMMONS


TO:  THE ABOVE NAMED DEFENDANT (S):


YOU ARE HEREBY NOTIFIED THAT THE ABOVE NAMED PLAINTIFF (S) HAS
(HAVE) COMMENCED AN ACTION AGAINST YOU.

COPIES OF ALL PLEADINGS FILED SHOULD BE SERVED UPON PLAINTIFF (S) /
COUNSEL:


Timothy D. McNair, Esq
831 State Street
Erie Pa 16501
(814) 452-0700


                                        AUBREA HAGERTY-HAYNES
                                        CLERK OF RECORDS
                                        PROTHONOTARY DIVISION

Date: March 27, 2023
                                        By
                                            Eruvinia Rivera-Vera, Deputy

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON,<br>Plaintiff | CIVIL DIVISION - LAW |
| v. | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | **JURY TRIAL DEMANDED** |

## NOTICE OF SERVICE OF PLAINTIFF'S PRE-COMPLAINT DISCOVERY REQUESTS DIRECTED TO DEFENDANT STEVEN DELUCA AND DEFENDANT CITY OF ERIE, PENNSYLVANIA

Notice is hereby given that Plaintiff's Pre-Complaint Discovery Requests Directed to

Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania was served on the 20th

day of April, 2023 by hand delivery to Ed Betza, Esquire City of Erie, Office of City Solicitor,

626 State Street, Erie, PA 16501 and by hand delivery to Steven DeLuca, City of Erie, Bureau of

Police, 626 State Street, Erie, PA 16501.

<table>
<tr><td>

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

_____
Timothy D. McNair, Esquire

</td><td>

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

</td></tr>
</table>

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON,<br>Plaintiff | CIVIL DIVISION - LAW |
| v. | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

On this 20th day of April, 2023 the undersigned does depose and say that he

served a true and correct copy of Plaintiff's Pre-Complaint Discovery Requests Directed to

Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania by hand delivery upon

the following:

Ed Betza, Esquire
City of Erie, Office of City Solicitor
City Hall
626 State Street
Erie, PA 16501

Steven DeLuca
City of Erie, Bureau of Police
City Hall
626 State Street
Erie, PA 16501

Timothy D. McNair, Esquire
Attorney for Lance Thornton, Plaintiff

A.    "Search" shall mean the incident occurring on the morning of March 12, 2023, at or near 410 Roslyn Avenue in Erie, Pennsylvania involving Erie Police and other law enforcement authorities.

B.    "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees. "You" further includes all persons who participated in the Search or preparations for the Search, or analysis and reporting after the fact of the Search.

C.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

D.    "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

E.    "Person" or "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

F.    "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

G.    "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

H.   "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

I.   "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

J.   The period of time encompassed by these requests shall be from the date You received the alleged "credible tip" regarding Plaintiff, his property or relatives or associates of Plaintiff to the date responses to these requests are served unless otherwise indicated. These requests shall continuing and your duty is to supplement your responses with such responsive information as is discovered or obtained by you until the date of trial.

## INTERROGATORIES

1.   Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

**ANSWER:**

2.   For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

**ANSWER:**

3.   Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

**ANSWER:**

4.   Identify each individual, if any, who sought or obtained a search or arrest

warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

5.      Identify the individual in command of the group searching 410 Roslyn Avenue.

**ANSWER:**

6.      Identify the individual(s) who attempted to kick open the front door of 410 Roslyn St. at the outset of the Search.

**ANSWER:**

7.      Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock a.m. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

8.      Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**        .

9.      Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

10.      Was any advice sought from a judicial officer prior to the Search regarding

the propriety of the Search?

**ANSWER:**

11.    If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

12.    Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.    All documents directing or authorizing the persons or organizations named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

2.    All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

3.    All documents relating to the decision to conduct the Search.

**RESPONSE:**

4.    Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at any time.

**RESPONSE:**

5.    All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

6.    Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recording that you claim is not available to you, identify the custodian of all such recordings and set forth the reason it is not available to you.

**RESPONSE:**

7.    Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

8.    To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting as deputies of

the United States Marshal Service or any task force created by or involving it, produce all certificates or documents appointing any of your employees as Deputy United States Marshals, and a complete and unredacted copy of any Memorandum of Understanding or agreement between the City of Erie or any bureau or division thereof and the United States Marshal Service establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

**RESPONSE:**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____

Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| | : | |
| LANCE THORNTON, | : | CIVIL DIVISION - LAW |
| Plaintiff | : | |
| | : | |
| v. | : | Case No.: 10721-2023 |
| | : | |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN | : | |
| DOE 2, JOHN DOE 3, JOHN DOE 4, | : | |
| JOHN DOE 5, JOHN DOE 6, JOHN | : | |
| DOE 7, JOHN DOE 8, and JOHN DOE 9, | : | **JURY TRIAL DEMANDED** |
| JOHN DOE 10, and CITY OF ERIE, | : | |
| PENNSYLVANIA | : | |
| Defendants | | |

## **VERIFICATION**

I, Steven DeLuca, subject to the penalties of 18 Pa C.S.A. Section 4904, relating to

unsworn falsification to authorities, state the attached answers and/or documents are

submitted in response to the foregoing Interrogatories and Request for Production of

Documents and that to the best of my knowledge, information and belief they are true

and complete.

_____          _____

Date                                            Steven DeLuca

# McNair Law Offices, PLLC

### ATTORNEYS AND COUNSELORS AT LAW

April 20, 2023

Steven DeLuca
City of Erie, Bureau of Police
City Hall
626 State Street
Erie, PA 16501

> Re:   Thornton v. DeLuca, et al.
> No.: 10721-2023

Dear Mr. DeLuca:

Enclosed please find the original and one copy of Plaintiff's discovery requests in aid of preparation of a Complaint as well as a time-stamped copy Notice of Service of same. These are served upon you pursuant to the Pennsylvania Rules of Civil Procedure and require your response.

Should you have questions, I would suggest that you contact an attorney.

Thank you.

Very truly yours,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire

TDM/arr
Enclosures
cc:   Ed Betza, Esquire *via hand delivery*
      Lance Thornton *via email*

821 STATE STREET · ERIE, PENNSYLVANIA 16501-1318
TELEPHONE 814.452.0700 · FACSIMILE 814.454.2371 · TOLL FREE (800)453.0566
E-MAIL: TMCNAIR@MCNAIRLAW.COM · URL: HTTP://WWW.MCNAIRLAW.COM

# McNair Law Offices, PLLC

ATTORNEYS AND COUNSELORS AT LAW

April 20, 2023

City of Erie, Office of City Solicitor
City Hall
626 State Street
Erie, PA 16501

> Re:   Thornton v. DeLuca, et al.
>        No.: 10721-2023

Dear Mr. Betza:

Enclosed herewith please find the original and one copy of Plaintiff's discovery requests in aid of the preparation of a Complaint pursuant to Pa.R.C.P. 4003.8 as well as a time-stamped copy Notice of Service of same.

Since these discovery requests relate only to knowledge and documents in the possession of the City of Erie or Mr. DeLuca, and are limited to the facts concerning a search conducted at 410 Roslyn Avenue, Erie, Pennsylvania 16506 on March 12, 2023, and seek primarily the identification of parties and circumstances leading up to the conduct of the search, we believe that these are squarely within the limitations of Pa.R.C.P. 4003.8.

It has been represented to us that all of the documents requested are in the possession of the United States Marshal Service, which is not a party to this case. Nonetheless, we are not required or inclined to accept such representation without documentary proof. Should you maintain this position, we expect that you will file a Motion for Protective Order so that we may seek a ruling from the Court.

Should you have any questions, please contact me.

Thank you.

Very truly yours,

MCNAIR LAW OFFICES, PLLC

By: _____
        Timothy D. McNair, Esquire

TDM/arr
Enclosures

cc:   Steven DeLuca *via hand delivery*
       Lance Thornton *via email*

PYS511                     Erie County Prothonotary                    Page    1
                           Civil Case Print

2023-10721  LANCE THORNTON (vs) STEVEN DELUCA, AL

Reference No..:                              Filed........:    3/24/2023
Case Type.....: TORT - INTENTIONAL           Time.........:         3:29
Judgment......:           .00                Execution Date   0/00/0000
Judge Assigned:                              Jury Trial....:
Disposed Desc.:                              Disposed Date.:   0/00/0000
---------- Case Comments -----------         Higher Crt 1.:
                                             Higher Crt 2.:

***************************************************************************
        General Index                         Attorney Info

THORNTON LANCE                  PLAINTIFF     MCNAIR TIMOTHY D, ESQ
NO ADDRESS GIVEN

DELUCA STEVEN                   DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 1                      DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 2                      DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 3                      DEFENDANT

DOE JOHN 4                      DEFENDANT

DOE JOHN 5                      DEFENDANT

DOE JOHN 6                      DEFENDANT

DOE JOHN 7                      DEFENDANT

DOE JOHN 8                      DEFENDANT

DOE JOHN 9                      DEFENDANT

DOE JOHN 10                     DEFENDANT

ERIE CITY OF PENNSYLVANIA       DEFENDANT

***************************************************************************
* Date      Entries                                                       *
***************************************************************************
            - - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - - -
3/24/2023   CAPTION: LANCE THORNTON VS STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2,
            JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN
            DOE 8, JOHN DOE 9, JOHN DOE 10 AND CITY OF ERIE, PENNSYLVANIA
            -----------------------------------------------------------------
3/24/2023   CIVIL COVER SHEET FILED.
            -----------------------------------------------------------------
3/24/2023   PRAECIPE FOR WRIT OF SUMMONS F/TIMOTHY D MCNAIR ESQ W/CERT OF
            COMPLIANCE
            -----------------------------------------------------------------
3/27/2023   WRIT OF SUMMONS ISSUED.
            -----------------------------------------------------------------
4/06/2023   SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS      RET TYPE: REGULAR
            LITIGANT..: CITY OF ERIE
            ADDRESS...: 626 STATE STREET
            CTY/ST/ZIP: ERIE, PA 16501
            HND TO....: MARILYN POL (DEPUTY CITY CLERK), AIC
            SHF/DPTY..: ANDY JACKSON
            DATE/TIME.: 4-4-23 @09:39
            -----------------------------------------------------------------
4/06/2023   SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS      RET TYPE: REGULAR
            LITIGANT..: STEVEN DELUCA
            ADDRESS...: 626 STATE STREET
            CTY/ST/ZIP: ERIE, PA 16501
            HND TO....: MARILYN POL (DEPUTY CITY CLERK), AIC
            SHF/DPTY..: ANDY JACKSON
            DATE/TIME.: 4-4-23 @09:40

```
PYS511                    Erie County Prothonotary                Page    2
           Case 1:23-cv-00164-CB Civil Case Print Filed 06/06/23   Page 15 of 15

2023-10721  LANCE THORNTON (vs) STEVEN DELUCA, AL

Reference No..:                                    Filed........:   3/24/2023
Case Type.....: TORT - INTENTIONAL                 Time.........:       3:29
Judgment......:              .00                    Execution Date   0/00/0000
Judge Assigned:                                    Jury Trial....:
Disposed Desc.:                                    Disposed Date.   0/00/0000
------------ Case Comments -------------           Higher Crt 1.:
                                                   Higher Crt 2.:
            COSTS.....: $ 119.00
            - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
4/20/2023   NOTICE OF SERVICE OF PLAINTIFF'S PRE-COMPLAINT DISCOVERY REQUESTS
            DIRECTED TO DEFENDANT STEVEN DELUCA AND DEFENDANT CITY OF ERIE,
            PENNSYLVANIA, UPON ED BETZA, ESQ, OFFICE OF CITY SOLICITOR, 626
            STATE ST ERIE PA 16501 ON 4/20/23; AND STEVEN DELUCA, CITY OF ERIE,
            BUREAU OF POLICE, 626 STATE ST ERIE, PA 16501, ON 4/20/23.
            F/TIMOTHY D MCNAIR, ESQ. W/CERT OF COMPLIANCE AND CERT OF SERVICE
            - - - - - - - - - - - - - - - - LAST ENTRY - - - - - - - - - - - -

*****************************************************************************
*                          Escrow Information                               *
* Fees & Debits        Beg Bal   Pymts/Adj      End Bal                      *
*****************************************************************************

    SUMMONS TAX               .50        .50         .00
    JCS/ATJ                 40.25      40.25         .00
    SUMMONS                 98.00      98.00         .00
    AUTOMATION FEE           5.00       5.00         .00
                        ----------  ----------   ----------
                          143.75     143.75         .00

*****************************************************************************
*        End of Case Information                                            *
*****************************************************************************
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 23-_____ |
| | ) | |
| STEVEN DELUCA, JOHN DOE 1, | ) | JUDGE |
| JOHN DOE 2, JOHN DOE 3, | ) | |
| JOHN DOE 4, JOHN DOE 5, | ) | *(Electronic Filing)* |
| JOHN DOE 6, JOHN DOE 7, | ) | |
| JOHN DOE 8, JOHN DOE 9, | ) | |
| JOHN DOE 10, AND CITY OF ERIE, | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania,
pursuant to the provisions of 28 U.S.C. § 2679 (1988), as amended by Public Law 100-694, and
by virtue of the authority vested in me by the Attorney General of the United States under
28 C.F.R. § 15.4, hereby certify that I have read the Praecipe for Writ of Summons and the Pre-
Complaint Discovery Requests Directed to Defendant Steven DeLuca and the City of Erie in this
action. On the basis of the information now available to me with respect to the state tort action, I
find that the Defendant, Task Force Officer Steven DeLuca, was deputized as a federal officer
and acting within the scope of his employment as an employee of the United States Marshals
Service with respect to the state tort action.

Date:  June  5 , 2023

TROY RIVETTI
Acting United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2023, a true and correct copy of the within

NOTICE OF REMOVAL was duly served by either electronic filing and/or first-class mail, upon

the following:

Aubrea Hagerty-Hayne
Prothonotary
Erie County Courthouse
140 West Sixth Street, Room 120
Erie, PA 16501
prothonotary@eriecountypa.gov

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for Defendant*
*City of Erie*

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney

## Malone, Kelly

| | |
|---|---|
| **From:** | Black, Vanessa (USAPAW) <Vanessa.Black@usdoj.gov> |
| **Sent:** | Wednesday, June 7, 2023 2:30 PM |
| **To:** | Malone, Kelly |
| **Cc:** | Malone, Kelly |
| **Subject:** | THORNTON, Lance v. Steven DeLuca, et al. - No. 10721-2023(Erie County) - CA# 23-164E(WDPA) - NOTICE OF REMOVAL from Court of Common Pleas to U.S. District Court for the WDPA |
| **Attachments:** | THORNTON v. DELUCA, ET AL. - Removal.pdf |
| **Importance:** | High |

*ORIGINAL DOCUMENTS WENT OUT IN TODAY'S MAIL, VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*

Attached herewith is a Notice of Removal, which was filed on June 6, 2023, with the United States District Court for the Western District of Pennsylvania.

The action removed from the Court of Common Pleas to the District Court is the action titled as above. In accordance with 28 U.S.C. § 1446(d), we are hereby filing said Notice in your office.

At your earliest convenience, please forward to this office a certified copy of all records and pleadings in connection with the above case in order that same can be filed with the Clerk of the United States District Court in accordance with 28 U.S.C. § 1447(b).

For any fee chargeable for your service, please bill us in the usual manner.  Thank you!

**Vanessa L. Black**
**Supervisory Legal Assistant**
**Legal Assistant to Civil Division Chief**
**United States Attorney's Office**
**Western District of Pennsylvania**
**Joseph F. Weis, Jr. United States Courthouse**
**700 Grant Street, Suite 4000**
**Pittsburgh, PA  15219**
**Phone:  412-894-7386**
**Mobile:  412-770-7053**
**Facsimile:  412-644-6995**
**Email:  vanessa.black@usdoj.gov**

*The above email is intended for the recipient only and may be confidential and protected by the attorney/client privilege or another privilege.  If you are not the intended recipient, please advise the sender immediately.  Unauthorized use or distribution is prohibited and may be unlawful.*

1

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

LANCE THORNTON,      )
                              )
        Plaintiff,      )
                              )     NO.  10721-2023
   v.                      )
                              )
STEVEN DELUCA, JOHN DOE 1,   )
JOHN DOE 2, JOHN DOE 3,      )    TYPE OF PLEADING
JOHN DOE 4, JOHN DOE 5,      )    **NOTICE OF REMOVAL**
JOHN DOE 6, JOHN DOE 7,      )
JOHN DOE 8, JOHN DOE 9,      )
JOHN DOE 10 AND CITY OF ERIE, )
PENNSYLVANIA,             )
                              )
        Defendants.   )

CODE AND CLASSIFICATION:

*FILED ON BEHALF OF*
*DEFENDANT, STEVEN DELUCA:*

KEZIA O. L. TAYLOR
Assistant U.S. Attorney

NAME, ADDRESS AND
TELEPHONE OF:

  X   Counsel of Record

_____  Individual, if Pro Se

Western District of PA
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7567

Attorney's Firm ID No.: 288

of Common Pleas _ Erie County, PA . do certify that
this is a true and correct copy of the original record
filed in said court.

Prothonotary:

Date:         Deputy:

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN DELUCA, JOHN DOE 1, | ) |
| JOHN DOE 2, JOHN DOE 3, | ) |
| JOHN DOE 4, JOHN DOE 5, | ) |
| JOHN DOE 6, JOHN DOE 7, | ) |
| JOHN DOE 8, JOHN DOE 9, | ) |
| JOHN DOE 10 AND CITY OF ERIE, | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Defendants. | ) |

NO.  10721-2023

## <u>NOTICE OF REMOVAL</u>

To:   Aubrea Hagerty-Hayne
      Prothonotary
      Erie County Courthouse
      140 West Sixth Street, Room 120
      Erie, PA 16501
      prothonotary@eriecountypa.gov

      Timothy D. McNair, Esquire
      McNair Law Offices, PLLC
      821 State Street
      Erie, PA 16501
      tmcnair@mcnairlaw.com

PLEASE TAKE NOTICE that on June 6, 2023, the Defendant Steven DeLuca filed in the

Office of the Clerk of the United States Court for the Western District of Pennsylvania, at Civil

Action No. 23-164E, a Notice of Removal to remove to the said District Court the action pending

against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe

5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania,

in the Court of Common Pleas of Erie County, Pennsylvania, entitled *"Lance Thornton, Plaintiff*

*v. Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania, Defendants"* at No. 10721-2023.

A copy of the Notice of Removal has been filed with the Court of Common Pleas of Erie County, Pennsylvania pursuant to 28 U.S.C. § 1446(d).

The filing of the Notice together with the giving of the Notice herein effects the removal and the proceedings against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie, Pennsylvania, shall proceed no further unless and until remanded by the United States Court for the Western District of Pennsylvania.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
Tel:    (412) 894-7567
Fax:    (412) 644-6995
Kezia.Taylor@usdoj.gov
PA ID No. 203759

*Counsel for Defendant*
*Steven DeLuca*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE THORNTON,                        )
                                       )
                  Plaintiff,           )      CIVIL ACTION NO.   1:23-cv-164
                                       )                        _____
        v.                             )
                                       )
STEVEN DELUCA, JOHN DOE 1,             )      *(Electronically Filed)*
JOHN DOE 2, JOHN DOE 3,                )
JOHN DOE 4, JOHN DOE 5,                )
JOHN DOE 6, JOHN DOE 7,                )
JOHN DOE 8, JOHN DOE 9,                )
JOHN DOE 10 AND CITY OF ERIE,          )
PENNSYLVANIA,                          )
                                       )
                  Defendants.          )

## **NOTICE OF REMOVAL**

1.      Removal of this action is pursuant to 28 U.S.C. §§ 1442 and 2679(d)(2) in that Task

Force Officer Steven DeLuca was specially deputized by the United States Marshals Service to

serve on a specific task force.  While serving on that task force on March 12, 2023, he was

considered a federal officer acting within the course and scope of his task force employment under

the direction of a federal officer. Steven DeLuca is named as a Defendant in this action.

2.      On or about March 24, 2023, Plaintiff, Lance Thornton, filed a Praecipe for Writ of

Summons in the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-

2023, against Defendants Steven DeLuca, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John

Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10 and City of Erie,

Pennsylvania. *See* Ex. A, Plaintiff's Praecipe for Writ of Summons.

3.      Plaintiff declared on his Civil Cover Sheet that the nature of this action is a state

law tort claim. *See* Ex. A, Civil Cover Sheet attached to Praecipe for Writ of Summons filed with

the Prothonotary of the Court of Common Pleas of Erie County.

    4.      On or about April 20, 2023, Plaintiff, Lance Thornton, filed Pre-Complaint Discovery Requests Directed to Defendants Steven DeLuca and City of Erie, Pennsylvania, in the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023.

    5.      A Complaint has not been filed in the above-described civil action.

    6.      No trial or proceeding has been commenced in said civil action.

    7.      A federal officer, or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil action is commenced against him "for or relating to any act under color of such office."[1]

    8.      Plaintiff's state tort claim relates to actions taken by Steven DeLuca acting under color of office and in the performance of his office duties as a deputized federal officer.

    9.      Congress provided in 28 U.S.C. § 2679(d)(2) that "[u]pon certification by the Attorney General that an employee acted within the scope of office or employment at the time of the incident out of which the plaintiff's claim arose, any civil action or proceeding commenced upon that claim in state court shall be removed without bond *at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." (emphasis added). The civil "action or proceeding shall then be deemed to be an action or proceeding against the United States under the FTCA, and the United States shall be substituted as the party defendant." Congress also provided

---

[1] Section 1442(d)(1) defines "civil action" to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." The definition is broad and clearly encompass removal of state court subpoena-related proceedings, including pre-filing discovery proceedings. The Removal Clarification Act of 2011 § 2, Pub. L. No. 112-51 125 Stat 545 (Nov. 9, 2011), broadened the definition of "civil action" for just this purpose. *See also* H. Rep. No. 112-17(I) at 6, *reprinted in* 2011 U.S.C.C.A.N. 420, 425.

in § 2679(d)(2) that "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

10.    The Attorney General has delegated authority to certify scope of office or employment under § 2679 to the United States Attorney and to the Directors of the Torts Branch of Department of Justice Civil Division. 28 C.F.R. § 15.4(a). Filed with this Notice of Removal is a Certification by the Acting United States Attorney for the District of the Western District of Pennsylvania that Steven DeLuca was acting within the scope of office or employment at the time of incident out of which Plaintiff's state tort claim arose. *See* Ex. B, Acting United States Attorney's Certification of Employment.

11.    Accordingly, this action must be deemed to be an action against the United States for purposes of Plaintiff's state tort claim, and it is therefore properly removed under 28 U.S.C. § 2679(d)(2). *See Osborn v. Haley*, 549 U.S. 525 (2007) (Attorney General could validly certify that the federal employee named as defendant was acting within scope of his employment to warrant substitution of United States as defendant pursuant to § 2679).

12.    A true and correct copy of all pleadings and processes is attached hereto and marked as Ex. A.

13.    The above-described civil action may be removed to this Court without bond pursuant to 28 U.S.C. §§ 1442, 2408 and 2679(d)(2).

WHEREFORE, Defendant, Steven DeLuca removes this matter from the Court of Common Pleas of Erie County, Pennsylvania, at Docket No. 10721-2023, to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
Tel:    (412) 894-7567
Fax:    (412) 644-6995
Kezia.Taylor@usdoj.gov
PA ID No. 203759

*Counsel for Defendant*
*Steven DeLuca*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2023, a true and correct copy of the within

NOTICE OF REMOVAL was duly served by either electronic filing and/or first-class mail, upon

the following:

Aubrea Hagerty-Hayne
Prothonotary
Erie County Courthouse
140 West Sixth Street, Room 120
Erie, PA 16501
prothonotary@eriecountypa.gov

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for Defendant*
*City of Erie*

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney

JS 44 (Rev. 04/21)

Case 1:23-cv-00164-GR   Document 1   Filed 06/06/2   Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LANCE THORNTON | STEVEN DELUCA, et al. |

| (b) County of Residence of First Listed Plaintiff   Erie | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Timothy D. McNair, Esq.,  814-452-0700 | Kezia O. L. Taylor, AUSA   412-894-7567 |
| 821 State St., Erie, PA 16501 | USAO, 700 Grant St., Ste. 4000, Pittsburgh, PA 15219 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [x] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1442, 2408 and 2679(d)(2)

Brief description of cause:
Removal of civil action filed in Court of Common Pleas of Erie County, Pennsylvania

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 6/6/23 | /s/ Kezia O. L. Taylor |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ ERIE _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: *107JL-2023* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: <br> Lance Thornton | Lead Defendant's Name: <br> Steven DeLuca |
| --- | --- |
| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: <br> (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: Timothy D. McNair, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

| | | |
|---|---|---|
| LANCE THORNTON | : | IN THE COURT OF COMMON PLEAS |
| | : | OF ERIE COUNTY, PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| Vs. | : | |
| | : | |
| STEVEN DELUCA, JOHN DOE 1, JOHN | : | CASE NO 10721-2023 |
| DOE 2, JOHN DOE 3, JOHN DOE 4, | : | |
| JOHN DOE 5, JOHN DOE 6, JOHN DOE | : | |
| 7, JOHN DOE 8, JOHN DOE 9, JOHN | : | |
| DOE 10 AND CITY OF ERIE, | : | |
| PENNSYLVANIA | : | |

WRIT OF SUMMONS

TO:  THE ABOVE NAMED DEFENDANT (S):

YOU ARE HEREBY NOTIFIED THAT THE ABOVE NAMED PLAINTIFF (S) HAS
(HAVE) COMMENCED AN ACTION AGAINST YOU.

COPIES OF ALL PLEADINGS FILED SHOULD BE SERVED UPON PLAINTIFF (S) /
COUNSEL:

> Timothy D. McNair, Esq.
> 831 State Street
> Erie Pa 16501
> (814) 452-0700

AUBREA HAGERTY-HAYNES
CLERK OF RECORDS
PROTHONOTARY DIVISION

Date: March 27, 2023

By _____
Eruvinia Rivera-Vera, Deputy

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LANCE THORNTON,<br>Plaintiff<br><br>v.<br><br>STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>Defendants | : : : : : : : : : : : : : : : : : | CIVIL DIVISION - LAW<br><br>Case No.: 10721-2023<br><br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF SERVICE OF PLAINTIFF'S PRE-COMPLAINT DISCOVERY
REQUESTS DIRECTED TO DEFENDANT STEVEN DELUCA AND
DEFENDANT CITY OF ERIE, PENNSYLVANIA**

Notice is hereby given that Plaintiff's Pre-Complaint Discovery Requests Directed to

Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania was served on the 20th

day of April, 2023 by hand delivery to Ed Betza, Esquire City of Erie, Office of City Solicitor,

626 State Street, Erie, PA 16501 and by hand delivery to Steven DeLuca, City of Erie, Bureau of

Police, 626 State Street, Erie, PA 16501.

| **CERTIFICATE OF COMPLIANCE**<br><br>I certify that this filing complies with the<br>provisions of the Case Records Public Access<br>Policy of the Unified Judicial System of<br>Pennsylvania that require filing confidential<br>information and documents differently than<br>non-confidential information and<br>documents.<br><br>*signature*<br><br>Timothy D. McNair, Esquire | Respectfully submitted,<br><br>MCNAIR LAW OFFICES, PLLC<br><br>By: *signature*<br>Timothy D. McNair, Esquire<br>821 State Street<br>Erie, PA 16501<br>(814) 452-0700<br>(814) 454-2371 (fax)<br>tmcnair@mcnairlaw.com |

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON,<br>     Plaintiff | : <br> : <br> : <br> : | CIVIL DIVISION – LAW |
| v. | : <br> : <br> : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN<br>DOE 2, JOHN DOE 3, JOHN DOE 4,<br>JOHN DOE 5, JOHN DOE 6, JOHN<br>DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>JOHN DOE 10, and CITY OF ERIE,<br>PENNSYLVANIA<br>     Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

On this 20th day of April, 2023 the undersigned does depose and say that he

served a true and correct copy of Plaintiff's Pre-Complaint Discovery Requests Directed to

Defendant Steven DeLuca and Defendant City of Erie, Pennsylvania by hand delivery upon

the following:

Ed Betza, Esquire
City of Erie, Office of City Solicitor
City Hall
626 State Street
Erie, PA 16501

Steven DeLuca
City of Erie, Bureau of Police
City Hall
626 State Street
Erie, PA 16501

Timothy D. McNair, Esquire
Attorney for Lance Thornton, Plaintiff

A.    "Search" shall mean the incident occurring on the morning of March 12, 2023, at or near 410 Roslyn Avenue in Erie, Pennsylvania involving Erie Police and other law enforcement authorities.

B.    "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees. "You" further includes all persons who participated in the Search or preparations for the Search, or analysis and reporting after the fact of the Search.

C.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

D.    "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

E.    "Person" or "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

F.    "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

G.    "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size.  In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

H.    "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

I.    "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

J.    The period of time encompassed by these requests shall be from the date You received the alleged "credible tip" regarding Plaintiff, his property or relatives or associates of Plaintiff to the date responses to these requests are served unless otherwise indicated. These requests shall continuing and your duty is to supplement your responses with such responsive information as is discovered or obtained by you until the date of trial.

## INTERROGATORIES

1.    Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

### ANSWER:

2.    For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

### ANSWER:

3.    Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

### ANSWER:

4.    Identify each individual, if any, who sought or obtained a search or arrest

warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

**ANSWER:**

5.      Identify the individual in command of the group searching 410 Roslyn Avenue.

**ANSWER:**

6.      Identify the individual(s) who attempted to kick open the front door of 410 Roslyn St. at the outset of the Search.

**ANSWER:**

7.      Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock a.m. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

**ANSWER:**

8.      Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

**ANSWER:**

9.      Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

**ANSWER:**

10.      Was any advice sought from a judicial officer prior to the Search regarding

the propriety of the Search?

**ANSWER:**

11.    If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

**ANSWER:**

12.    Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.    All documents directing or authorizing the persons or organizations named in your response to Interrogatory 1 to perform the Search.

**RESPONSE:**

2.    All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

**RESPONSE:**

3.    All documents relating to the decision to conduct the Search.

**RESPONSE:**

4.    Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at any time.

**RESPONSE:**

5.    All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

**RESPONSE:**

6.    Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recording that you claim is not available to you, identify the custodian of all such recordings and set forth the reason it is not available to you.

**RESPONSE:**

7.    Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

**RESPONSE:**

8.    To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting as deputies of

the United States Marshal Service or any task force created by or involving it, produce

all certificates or documents appointing any of your employees as Deputy United States

Marshals, and a complete and unredacted copy of any Memorandum of Understanding

or agreement between the City of Erie or any bureau or division thereof and the United

States Marshal Service establishing any such task force and containing any agreement or

procedures regarding the operation of any such task force.

**RESPONSE:**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| LANCE THORNTON, <br>    Plaintiff | : <br> : <br> : <br> : | CIVIL DIVISION - LAW |
| v. | : <br> : <br> : | Case No.: 10721-2023 |
| STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA <br>    Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |

## **VERIFICATION**

I, Steven DeLuca, subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and Request for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____          _____

Date                                              Steven DeLuca

# McNair Law Offices, PLLC

ATTORNEYS AND COUNSELORS AT LAW

April 20, 2023

Steven DeLuca
City of Erie, Bureau of Police
City Hall
626 State Street
Erie, PA 16501

Re:   Thornton v. DeLuca, et al.
No.: 10721-2023

Dear Mr. DeLuca:

Enclosed please find the original and one copy of Plaintiff's discovery requests in aid of preparation of a Complaint as well as a time-stamped copy Notice of Service of same. These are served upon you pursuant to the Pennsylvania Rules of Civil Procedure and require your response.

Should you have questions, I would suggest that you contact an attorney.

Thank you.

Very truly yours,

MCNAIR LAW OFFICES, PLLC

By: _____
     Timothy D. McNair, Esquire

TDM/arr
Enclosures
cc:   Ed Betza, Esquire *via hand delivery*
      Lance Thornton *via email*

# McNair Law Offices, PLLC

ATTORNEYS AND COUNSELORS AT LAW

April 20, 2023

City of Erie, Office of City Solicitor
City Hall
626 State Street
Erie, PA 16501

      Re:   Thornton v. DeLuca, et al.
            No.: 10721-2023

Dear Mr. Betza:

Enclosed herewith please find the original and one copy of Plaintiff's discovery requests in aid of the preparation of a Complaint pursuant to Pa.R.C.P. 4003.8 as well as a time-stamped copy Notice of Service of same.

Since these discovery requests relate only to knowledge and documents in the possession of the City of Erie or Mr. DeLuca, and are limited to the facts concerning a search conducted at 410 Roslyn Avenue, Erie, Pennsylvania 16506 on March 12, 2023, and seek primarily the identification of parties and circumstances leading up to the conduct of the search, we believe that these are squarely within the limitations of Pa.R.C.P. 4003.8.

It has been represented to us that all of the documents requested are in the possession of the United States Marshal Service, which is not a party to this case. Nonetheless, we are not required or inclined to accept such representation without documentary proof. Should you maintain this position, we expect that you will file a Motion for Protective Order so that we may seek a ruling from the Court.

Should you have any questions, please contact me.

Thank you.

                            Very truly yours,

                            MCNAIR LAW OFFICES, PLLC

                    By:                     
                            Timothy D. McNair, Esquire

TDM/arr
Enclosures

cc:   Steven DeLuca *via hand delivery*
      Lance Thornton *via email*

```
  PYS511                    Erie County Prothonotary                    Page    1
```
```
                            Civil Case Print
2023-10721  LANCE THORNTON (vs) STEVEN DELUCA, AL
```

```
Reference No..:                              Filed........:    3/24/2023
Case Type.....: TORT - INTENTIONAL           Time.........:         3:29
Judgment......:               .00            Execution Date   0/00/0000
Judge Assigned:                              Jury Trial...:
Disposed Desc.:                              Disposed Date.   0/00/0000
------------ Case Comments -------------     Higher Crt 1.:
                                             Higher Crt 2.:
```

```
*****************************************************************************
        General Index                        Attorney Info

THORNTON LANCE                  PLAINTIFF     MCNAIR TIMOTHY D, ESQ
NO ADDRESS GIVEN

DELUCA STEVEN                   DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 1                      DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 2                      DEFENDANT
NO ADDRESS GIVEN

DOE JOHN 3                      DEFENDANT

DOE JOHN 4                      DEFENDANT

DOE JOHN 5                      DEFENDANT

DOE JOHN 6                      DEFENDANT

DOE JOHN 7                      DEFENDANT

DOE JOHN 8                      DEFENDANT

DOE JOHN 9                      DEFENDANT

DOE JOHN 10                     DEFENDANT

ERIE CITY OF PENNSYLVANIA       DEFENDANT
```

```
*****************************************************************************
*  Date     Entries                                                         *
*****************************************************************************

            - - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - - -
  3/24/2023 CAPTION: LANCE THORNTON VS STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2,
            JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN
            DOE 8, JOHN DOE 9, JOHN DOE 10 AND CITY OF ERIE, PENNSYLVANIA
            -------------------------------------------------------------------
  3/24/2023 CIVIL COVER SHEET FILED.
            -------------------------------------------------------------------
  3/24/2023 PRAECIPE FOR WRIT OF SUMMONS F/TIMOTHY D MCNAIR ESQ W/CERT OF
            COMPLIANCE
            -------------------------------------------------------------------
  3/27/2023 WRIT OF SUMMONS ISSUED.
            -------------------------------------------------------------------
  4/06/2023 SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS     RET TYPE: REGULAR
            LITIGANT..: CITY OF ERIE
            ADDRESS...: 626 STATE STREET
            CTY/ST/ZIP: ERIE, PA 16501
            HND TO....: MARILYN POL (DEPUTY CITY CLERK), AIC
            SHF/DPTY..: ANDY JACKSON
            DATE/TIME.: 4-4-23 @09:39
            -------------------------------------------------------------------
  4/06/2023 SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS     RET TYPE: REGULAR
            LITIGANT..: STEVEN DELUCA
            ADDRESS...: 626 STATE STREET
            CTY/ST/ZIP: ERIE, PA 16501
            HND TO....: MARILYN POL (DEPUTY CITY CLERK), AIC
            SHF/DPTY..: ANDY JACKSON
            DATE/TIME.: 4-4-23 @09:40
```

```
  PYS511                        Erie County Prothonotary                      Page      2
```
```
                               Civil Case Print
2023-10721  LANCE THORNTON (vs) STEVEN DELUCA, AL

Reference No..:                              Filed.........:   3/24/2023
Case Type.....: TORT - INTENTIONAL           Time..........:      3:29
Judgment......:               .00            Execution Date   0/00/0000
Judge Assigned:                              Jury Trial....
Disposed Desc.:                              Disposed Date.   0/00/0000
----------- Case Comments -------------      Higher Crt 1.:
                                             Higher Crt 2.:
            COSTS.....: $ 119.00
            --------------------------------------------------------------
4/20/2023   NOTICE OF SERVICE OF PLAINTIFF'S PRE-COMPLAINT DISCOVERY REQUESTS
            DIRECTED TO DEFENDANT STEVEN DELUCA AND DEFENDANT CITY OF ERIE,
            PENNSYLVANIA, UPON ED BETZA, ESQ, OFFICE OF CITY SOLICITOR, 626
            STATE ST ERIE PA 16501 ON 4/20/23; AND STEVEN DELUCA, CITY OF ERIE,
            BUREAU OF POLICE, 626 STATE ST ERIE, PA 16501, ON 4/20/23.
            F/TIMOTHY D MCNAIR, ESQ. W/CERT OF COMPLIANCE AND CERT OF SERVICE
            - - - - - - - - - - - - - LAST ENTRY - - - - - - - - - - - - - -

*****************************************************************************
*                          Escrow Information                               *
* Fees & Debits           Beg Bal   Pymts/Adj      End Bal                   *
*****************************************************************************

SUMMONS TAX                  .50         .50          .00
JCS/ATJ                    40.25       40.25          .00
SUMMONS                    98.00       98.00          .00
AUTOMATION FEE              5.00        5.00          .00
                          ----------------------- ------------
                          143.75      143.75          .00

*****************************************************************************
*        End of Case Information                                            *
*****************************************************************************
```

Case 1:23-cv-0...64-CB   Document 1-3   Filed 06/06/2...   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE THORNTON,                              )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )        CIVIL ACTION NO. 23-_____
                                             )
STEVEN DELUCA, JOHN DOE 1,                   )        JUDGE
JOHN DOE 2, JOHN DOE 3,                      )
JOHN DOE 4, JOHN DOE 5,                      )        (Electronic Filing)
JOHN DOE 6, JOHN DOE 7,                      )
JOHN DOE 8, JOHN DOE 9,                      )
JOHN DOE 10, AND CITY OF ERIE,               )
PENNSYLVANIA,                                )
                                             )
            Defendants.                      )

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania,
pursuant to the provisions of 28 U.S.C. § 2679 (1988), as amended by Public Law 100-694, and
by virtue of the authority vested in me by the Attorney General of the United States under
28 C.F.R. § 15.4, hereby certify that I have read the Praecipe for Writ of Summons and the Pre-
Complaint Discovery Requests Directed to Defendant Steven DeLuca and the City of Erie in this
action. On the basis of the information now available to me with respect to the state tort action, I
find that the Defendant, Task Force Officer Steven DeLuca, was deputized as a federal officer
and acting within the scope of his employment as an employee of the United States Marshals
Service with respect to the state tort action.


Date:  June __5__, 2023                      _____
                                             TROY RIVETTI
                                             Acting United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2023, a true and correct copy of the within

NOTICE OF REMOVAL was duly served by either electronic filing and/or first-class mail, upon

the following:

Aubrea Hagerty-Hayne
Prothonotary
Erie County Courthouse
140 West Sixth Street, Room 120
Erie, PA 16501
prothonotary@eriecountypa.gov

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Edward J. Betza, Esquire
City of Erie, Office of Solicitor
City Hall, Room 505
626 State Street
Erie, PA 16501
*Counsel for Defendant*
*City of Erie*

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
*Assistant U.S. Attorney*



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

KOT/vlb

Joseph F. Weis Jr. U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219          412/644-3500

June 7, 2023

***EMAIL: prothonotary@eriecountypa.gov***
  ***KMalone@eriecountypa.gov***
***and CERTIFIED MAIL, RETURN RECEIPT REQUESTED***

Aubrea Hagerty-Hayne
Prothonotary
Erie County Courthouse
140 West Sixth Street, Room 120
Erie, PA 16501

**RE:   Lance Thornton v. Steven DeLuca, et al.**
      **No. 10721-2023 (Erie County)**
      **United States District Court Civil Action No. 23-164E**

Dear Prothonotary:

Enclosed herewith is a Notice of Removal, the original of which was filed on June 6, 2023, with the United States District Court for the Western District of Pennsylvania.

The action removed from the Court of Common Pleas to the District Court is the action titled as above. In accordance with 28 U.S.C. § 1446(d), we are hereby filing said Notice in your office.

At your earliest convenience, please forward to this office a certified copy of all records and pleadings in connection with the above case in order that same can be filed with the Clerk of the United States District Court in accordance with 28 U.S.C. § 1447(b).

For any fee chargeable for your service, please bill us in the usual manner.

Very truly yours,

TROY RIVETTI
Acting United States Attorney

*/s/ Kezia O.L. Taylor*
KEZIA O.L. TAYLOR
Assistant U.S. Attorney

Enclosure