IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LANCE THORNTON, <br>     Plaintiff <br><br> v. <br><br> STEVEN DELUCA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, JOHN DOE 10, and CITY OF ERIE, PENNSYLVANIA, <br><br>     Defendants | Case No.: 1:23-cv-164 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ADMINISTRATIVE CLOSURE**

NOW COMES the Plaintiff, Lance Thornton, by counsel, and respectfully answers Defendant Steven DeLuca's Motion for Administrative Closure, respectfully representing:

1. Admitted.

2. Denied. The Removal Clarification Act of 2011 is unconstitutional because it permits the government to prejudice the rights of aggrieved individuals by removing cases based on a guess as to the nature of the claim being asserted. This deprives the state court litigant of due process in that the state court plaintiff has no opportunity to define his cause of action before it is removed, and as is the case here, a case may be removed for an incorrect reason. In this case, the case was removed because the United States Attorney incorrectly guessed that this case was seeking a remedy for a state law

tort claim under the Federal Tort Claims Act ("FTCA"), relying on an inadvertent entry in a non-substantive cover sheet filed solely for statistical purposes with the Court of Common Pleas. Defendant never sought clarification of the nature of the claim before removing it. Defendant then filed a Motion to Substitute the federal government for defendant DeLuca, seeking dismissal with prejudice against DeLuca. This was calculated to deprive Plaintiff of his substantive rights by permitting DeLuca to invoke the judgment bar of the FTCA, barring any constitutional claims Plaintiff may have against him. See *Brownback v. King,* 141 S. Ct. 740, 209 L.Ed.2d 33 (2021)

    3.    Admitted that the plaintiff incorrectly checked a box on a non-substantive cover sheet filed with the Common Pleas Court for statistical purposes. That does not change or define the substantive nature of the claim and is a thin reed indeed to rely on to seek to foreclose Plaintiff's constitutional claim. Defendant presumably intentionally ignored Plaintiff's counsel's explanation of why this is not an FTCA case, which it is not. and refused to accept Plaintiff's explanation of the nature of the claim. Instead, the Assistant United States Attorney spent roughly 45 minutes on the phone "fedsplaining" the FTCA to counsel, who has handled FTCA cases since 1983.

    4.    This completely misstates the substance and effect of F.R.Civ.P. 81 (c). That rule does not require an answer *at all,* stating that an answer must be filed "(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief." In this case, since there is no pleading filed "stating a claim for relief" no answer is required of the government. The government is engaging in desperate and twisted logic in its attempt to overwhelm the Plaintiff and prejudice his rights.

    5.    Admitted.

6. This makes no sense. The government cites no rule, statute, case, or other law supporting its claim that it is entitled to invoke administrative closure. Plaintiff requires more knowledge of the facts of the case before he files a complaint. The requested discovery will enable him to plausibly set forth the elements of his cause of action.

7. The parties have not advised the court that they have settled their case, as in *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004), nor has the Plaintiff requested a stay, as in *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 391-92 (1st Cir. 1999).

8. While it is obvious that an order of administrative closure is not an order on the merits, it would require this court to dispose of a motion to reopen the case, and under the terms sought by the government, would require Plaintiff to file a complaint while the government denies him access to the basic facts of the case, such as the identities of the parties. This is merely another attempt to unfairly prejudice Plaintiff. At this point, the case is ready to proceed, and imposing further delay because of the government's antics here would be a waste of time.

9. Denied. Plaintiff's substantive rights will be prejudiced by an Administrative Closing of this case under the terms demanded by the government in that he will not be able to fully plead his case and will have to defend motions to dismiss and attempt to re-plead while the government withholds basic, non-prejudicial facts from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the government's Motion for Administrative Closure.

        Respectfully submitted,

        MCNAIR LAW OFFICES, PLLC


By: <u>*/s/Timothy D. McNair*</u>
    Timothy D. McNair, Esquire
    821 State Street
    Erie, PA 16501
    (814) 452-0700
    (814) 454-2371 (fax)
    tmcnair@mcnairlaw.com