IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:23-cv-164 |
| ) | |
| STEVEN DELUCA, JOHN DOE 1, ) | JUDGE CATHY BISSOON |
| JOHN DOE 2, JOHN DOE 3, ) | |
| JOHN DOE 4, JOHN DOE 5, ) | *(Electronic Filing)* |
| JOHN DOE 6, JOHN DOE 7, ) | |
| JOHN DOE 8, JOHN DOE 9, ) | |
| JOHN DOE 10, AND CITY OF ERIE, ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY**

Defendant DeLuca,[1] by his attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Kezia O. L. Taylor, Assistant United States Attorney, files this Brief in Opposition in response to Plaintiff's Motion for Expedited Discovery. Plaintiff's Motion for Expedited Discovery should be denied because: (1) he cannot meet the "good cause" standard applicable to motions for leave to conduct expedited discovery; (2) he has more than enough evidence to satisfy the pleading requirements of Rule 8(a); and (3) listing "John Does" as defendants is not prejudicial.

**BACKGROUND**

In Plaintiff's Motion for Expedited Discovery, he asserts that to draft an "adequate" complaint, he wants this Court to order Defendant DeLuca and the City of Erie to "provide full

---

[1] Because Plaintiff speculates in both his Answer to Motion for Substitution (ECF No. 7) and Brief in Opposition to Motion for Substitution (ECF No. 8) that he may also advance a *Bivens* cause of action, if Plaintiff brings a *Bivens* action, Defendant DeLuca will begin the process of obtaining representation approval from the Department of Justice pursuant to 28 C.F.R. § 50.15(a)(2).

and complete responses" to the following:

## INTERROGATORIES

(1)  Identify each individual who participated in the planning, execution, after-action review, or otherwise in the Search.

(2)  For each person identified in your previous Interrogatory, identify the person's employer, and the agency or authority with which each person was affiliated.

(3)  Set forth in detail the substance of the facts known to the persons named above prior to eight o'clock A.M. on March 12, 2023, that led to the conclusion that the Search was justified.

(4)  Identify each individual, if any, who sought or obtained a search or arrest warrant, or who advised any person who participated in the Search that no warrant was necessary to enter and search 410 Roslyn Avenue at any time.

(5)  Identify the individual in command of the group searching 410 Roslyn Avenue.

(6)  Identify the individual(s) who attempted to kick open the front door of 410 Roslyn St. at the outset of the Search.

(7)  Set forth whether any social media search of Plaintiff, Lance Thornton, was done prior to eight o'clock a.m. on March 12, 2023. If so, identify the websites reviewed and identify the individual or individuals performing any such social media survey.

(8)  Identify all ambulance personnel called to or staged at Roslyn Avenue at the time of the Search.

(9)  Set forth the source and substance of the "credible tip" you allege was received prior to the Search indicating that there was justification for the Search.

(10) Was any advice sought from a judicial officer prior to the Search regarding the propriety of the Search?

(11) If your answer to the preceding interrogatory is in the affirmative, identify the person or persons who sought the advice, and identify the person from whom the advice was sought.

(12)  Set forth the policy of the Erie Police Department governing encounters with persons with disabilities.

REQUEST FOR PRODUCTION OF DOCUMENTS

(13)  All documents directing or authorizing the persons or organizations named in your response to Interrogatory 1 to perform the Search.

(14)  All documents that refer, relate to or constitute any application for a search warrant, whether filed or not, including any transcripts of telephone conversations, notes, investigative reports and the like.

(15)  All documents relating to the decision to conduct the Search.

(16)  Any order or decision concerning any search warrant application seeking authority to search 410 Roslyn Avenue in Erie, Pennsylvania, at any time.

(17)  All memoranda or documents referring or relating to the Search, including any and all reports prepared by any person participating in the Search or supervising any of the individuals involved in the Search.

(18)  Produce all body-worn camera recordings relating to the Search. To the extent that you are aware of the existence of any body-worn camera recording that you claim is not available to you, identify the custodian of all such recordings and set forth the reason it is not available to you.

(19)  Produce all emails generated before, during, and after the Search that refer or relate to the Search, whether sent or received or not.

(20)  To the extent that you claim that the Search was conducted under the sole authority of the United States and that you or your employees were acting as deputies of the United States Marshal Service or any task force created by or involving it, produce all certificates or documents appointing any of your employees as Deputy United States Marshals, and a complete and unredacted copy of any Memorandum of Understanding or agreement between the City of Erie or any bureau or division thereof and the United States Marshal Service establishing any such task force and containing any agreement or procedures regarding the operation of any such task force.

ECF Nos. 15, ¶ 18, p. 6; 15-2.

**ARGUMENT**

A. **Plaintiff Does Not Meet the "Good Cause" Standard for Granting Expedited Discovery**

First, Plaintiff's pre-complaint discovery demands are premature, onerous, and not necessary to draft an "adequate" complaint. ECF No. 15, ¶¶ 13, 16. Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … by court order." *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("matters of docket control and conduct of discovery are committed to the sound discretion of the district court"). This Court has held that "a 'good cause' standard applies to motions for leave to conduct expedited discovery prior to participation in a Rule 26(f) conference, whereby the court considers the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Teets v. Doe One*, No. 2:20-cv-1334, 2021 WL 808572, at *1 (W.D. Pa. March 3, 2021).

In *Teets*, the plaintiff, who was formerly incarcerated, alleged that three John Does knowingly kept him incarcerated beyond his release date. *Id.* Teets sought, via subpoena, <u>limited</u> discovery in order to obtain his inmate file (which included documents related to his release), and documents verifying the identity of any employee who reviewed his records <u>for the sole purpose</u> of calculating his release date. *Id.* Under the totality of the circumstances, this Court permitted the pre-complaint discovery, recognizing that incarcerated plaintiffs are disadvantaged because "owing to their incarceration or institutionalization, [they are] unable to conduct a **pre-trial** investigation to fill in the gaps." *Id.* at 2 (quoting *Alston v. Parker*, 363 F.3d 229, 233 n. 6 (3d Cir. 2004) (emphasis added). Further, this Court found that Teets' requests were narrowly tailored to

identify the John Does, and to the extent that they were not so tailored, this Court limited his second request to identifying only the three people he described by their position in his complaint. *Id.*

Here, unlike in *Teets*, Plaintiff: (1) is not incarcerated and, therefore, not subject to the restrictions of performing discovery while incarcerated; (2) will be able to conduct normal discovery and any "pre-trial investigation" necessary to unearth additional facts to support his claims; and (3) failed to tailor his pre-complaint discovery to requesting only the identity of the John Does. *See* Plaintiff's Pre-Complaint Discovery Requests set forth *supra*. In fact, Plaintiff makes twenty (20) discovery demands including, but not limited to, body-worn camera footage; the identity of *all* ambulance personnel called to or staged at Roslyn Avenue at the time of the search; facts related to whether any social media search of Plaintiff was made; *any and all* police policies governing encounters with persons with disabilities; *all* documents that refer, relate to, or constitute any application for a search warrant, whether filed or not, including *any* transcripts of telephone conversations, notes, investigative reports, and the like; and produce *all* emails generated before, during, and after the search, whether sent or received or not. ECF Nos. 15, p. 6; 15-2. It cannot be gainsaid that the copious amount of information sought is needed to draft an "adequate" complaint. Further, Plaintiff demands at the pleading stage what he can request through the normal course of discovery. *See* Fed. R. Civ. P. 26. Also, interestingly here, Plaintiff has video surveillance of the March 12, 2023 incident from his home doorbell and home surveillance cameras; the videos were posted to a YouTube account bearing his name.[2] Therefore, it is disingenuous for Plaintiff to aver that he needs *more* video footage to draft an "adequate" complaint. Similarly, Plaintiff has facts sufficient to draft an "adequate" complaint as evidenced

---

[2] https://www.youtube.com/watch?v=-uoZ9IZoExc
https://www.youtube.com/watch?v=cxtucZyRrJs

by his filings – Brief in Opposition to Motion for Substitution and Brief in Support of Motion for Remand.  ECF Nos. 8 and 10, respectively.  In both filings, Plaintiff writes paragraphs of factual allegations, which detail the events of March 12, 2023.  Therefore, considering the foregoing and applying the "good cause" standard, Plaintiff has neither provided this Court with a reasonable basis for expediting discovery, nor a basis for the breadth of the discovery he requests.

Further, it would be prejudicial to prematurely force Defendant DeLuca into responding to Plaintiff's twenty (20) discovery demands before he files a responsive pleading, and before this Court rules upon his right to assert a qualified-immunity defense.  Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Accordingly, the Supreme Court has repeatedly stressed that qualified-immunity issues should be resolved at the earliest stage of litigation.  *See, e.g.*, *Hunter v. Bryant*, 502 U.S. 224, 226 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery); *Mitchell*, 472 U.S. at 526 ("the *Harlow* Court refashioned the qualified immunity doctrine in such a way as to avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery'").  Consequently, discovery should not proceed until this Court has determined that Plaintiff has pled facts that, if true, are sufficient to overcome the defense of qualified immunity.  For then, heeding the guidance of the *Harlow* Court, any alleged need Plaintiff has for expedited discovery is outweighed by the prejudice to Defendant DeLuca.  *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from … (A) discovery").

  **B.** **Plaintiff Has Sufficient Evidence to Comply with Rule 8(a)'s Pleading Standard, and His Proffered Cases Offer No Support for Expedited Discovery**

Second, at the pleading stage in Federal Court, the Third Circuit opined that a plaintiff is only required to know the injuries that he has suffered and be able to articulate enough facts to

present a legally cognizable claim. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must only be enough to raise a right to relief above the speculative level). Specifically, Rule 8(a) General Rules of Pleading provides:

**(a)** **Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Here, it is simple: Plaintiff can either articulate to his counsel what harm he suffered and the alleged events that caused the harm (*i.e.*, his knowledge), and his counsel can draft a complaint, or he can file an administrative claim with the federal agency and potentially resolve his claim without Federal Court intervention. *See* the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680. Instead, Plaintiff seeks permission to ignore the simplicity of Rule 8(a)'s pleading standard and the administrative remedy available in favor of unnecessarily burdening Defendants with his extensive discovery demands. ECF No. 15-2. Conspicuously, Plaintiff attempts to heighten Rule 8(a)'s pleading requirement in order to support his demand for expedited discovery. Plaintiff's attempt to change Rule 8(a)'s pleading requirement should not be so permitted.

Further, the cases Plaintiff cites to do not support his Motion for Expedited Discovery or can be distinguished. *See supra, Teets* is distinguishable. In his Motion, Plaintiff principally relies upon *Alston v. Parker* for support; however, the Third Circuit held in *Alston* that ***pre-complaint discovery "is not essential at the pleading stage*** in order to satisfy the standard of notice pleading, and the District Court did not abuse its discretion in not ordering it." 363 F.3d 229, 236 (3d Cir.

2004) (emphasis added). In fact, the *Alston* Court opined that pre-complaint discovery is only advisable in "difficult cases," and there is nothing "difficult" about Plaintiff's case, especially because he was at his home on March 12, 2023, he knows what happened, has video camera footage, and he should be able to articulate his alleged harm. *Id.*[3]

Additionally, in support of his request for expedited discovery, Plaintiff completely mischaracterizes the facts and circumstances that led this Court to grant expedited discovery in *Folino v. Doe*, No. 17-1584, 2017 WL 11486323 (W.D. Pa. Dec. 13, 2017). In *Folino*, the following reasons were essential to this Court's grant of expedited discovery: (1) plaintiff's discovery requests were "sufficiently narrowly tailored to gather the minimum information necessary to discover Defendants' identities"; (2) there was "no other way for Plaintiff to discover Defendants' identities outside of serving a subpoena"; and (3) the plaintiff could not "serve Defendants or proceed with [his] lawsuit until he c[ould] identify Defendants." *Id.* at * 1. Unlike in *Folino*, Plaintiff has not sufficiently tailored his requests to only discover the Defendants' identities; the Defendants' identities will be made known in discovery; and Plaintiff can proceed with his lawsuit without identifying additional Defendants.

Similarly, Plaintiff's reliance upon this Court's decision in *Curran v. Venango County*, No. 23-00019, 2023 WL 3166419 (W.D. Pa. April 28, 2013) is misplaced. In *Curran*, this Court construed plaintiff's motion to compel as a motion to conduct limited discovery, granted the latter,

---

[3] Also, Plaintiff incorrectly avers that *Alston* stands for the proposition that "withholding information from the Plaintiff and moving to dismiss based on an insufficient Complaint was disapproved." ECF No. 15, ¶ 19. To the contrary, the *Alston* Court reasoned that "the lack of discovery was not the real barrier blocking Alston's path to relief. Rather, it was the stringent pleading standard presupposed by the parties and the District Court." *Id.* at 232. Further, the defendants in *Alston* filed their 12(b)(6) motion in response to claims they gleaned from Alston's complaint and not because the complaint was "insufficient" as Plaintiff alleges. *Id.* at 234.

and held that plaintiff's sole discovery request for medical records was limited, and that the medical records would permit the plaintiff to identify the appropriate defendants. *Id.* at *1-2. Another distinction in *Curran* was that the plaintiff had already filed a complaint, which belies Plaintiff's argument herein that he cannot perfect a complaint without the names of the additional Defendants.

Accordingly, Plaintiff does not need additional discovery to comply with Rule 8(a)'s pleading standard, and his proffered cases offer no support for the breadth of discovery he seeks nor for his request for expedited discovery.

### C. Listing "John Does" as Defendants Is Not Prejudicial to Plaintiff's Causes of Action

Plaintiff concludes that because he is unaware of the identities of all the law enforcement, "the filing of [his] complaint would result in the government filing its promised Motion to Dismiss." ECF No. 15, ¶ 16. Plaintiff is incorrect if he believes that the basis for a motion to dismiss would be because his case caption includes John Does. Rule 12(b) sets forth the seven (7) bases for a motion to dismiss, and noticeably absent from the list is the failure of a plaintiff to name all defendants. Further, it is telling that the very action Plaintiff alleges that he might bring – *i.e.*, a *Bivens* action – was an action against six <u>unknown</u> agents. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Thus, *Bivens* establishes that the names of the defendants are not required to file a complaint in Federal Court. Therefore, Plaintiff is neither hampered nor prejudiced by being unable to name more than Defendants DeLuca and the City of Erie.[4]

---

[4] Notwithstanding, Defendant DeLuca will provide Plaintiff with the names of the known law enforcement officers who were at the scene on March 12, 2023, if this Court deems it necessary at the pleading stage.

9

## **CONCLUSION**

Accordingly, the totality of the circumstances counsel against granting Plaintiff's Motion for Expedited Discovery because: (1) Plaintiff failed to establish that there is "good cause" to expedite discovery; (2) Plaintiff failed to narrowly tailor his discovery requests; (3) Plaintiff has sufficient information to meet Rule 8(a)'s pleading standard; (4) Plaintiff cannot establish how he is prejudiced by only knowing two defendants; (5) Plaintiff has no justifiable basis for eroding the qualified-immunity doctrine; and (6) Defendant DeLuca will be prejudiced if forced to comply with Plaintiff's onerous discovery demands.[5]

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR (PA 203759)
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel.: (412) 894-7567
Fax: (412) 644-6995
Email: kezia.taylor@usdoj.gov
*Counsel for Defendant DeLuca*

---

[5] As the undersigned counsel explained to Plaintiff in an email dated June 16, 2023, if Plaintiff's Complaint is sufficient to survive a motion to dismiss, Federal Defendants will comply with Federal Rules of Civil Procedure 26(a) and (b) and provide Plaintiff with all known nonprivileged matters relevant to any party's claim or defense with considering the proportional needs of the case. ECF No. 15-4. Also noted in that email, if Plaintiff's Complaint is sufficient to survive a motion to dismiss, Federal Defendants will consent to Plaintiff amending his pleading to include the names of additional law enforcement defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2023, a true and correct copy of the within Brief in Opposition to Plaintiff's Motion for Expedited Discovery was served by electronic filing, upon the following:

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*Counsel for Plaintiff*

Jason A. Checque, Esquire
626 State Street
Erie, PA 16501
checquelaw@gmail.com
*Counsel for City of Erie*

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney