IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-164 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| STEVEN DELUCA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion to Remand to State Court (Doc. 9). For the reasons that follow, the Court will grant Plaintiff's Motion in part and remand this action to the Court of Common Pleas of Erie County, Pennsylvania. Plaintiff commenced this action on or about March 24, 2023, by filing a Praecipe for Writ of Summons against Defendants Steven DeLuca, City of Erie, and ten John Doe defendants in the Court of Common Pleas for Erie County, Pennsylvania. (Notice of Removal ¶ 2 & Ex. A). On or about April 20, 2023, Plaintiff served Pre-Complaint Discovery Requests in the Court of Common Pleas directed to Defendants DeLuca and City of Erie. Plaintiff did not file a Complaint in the state court proceeding.

Although no Complaint had been filed, Defendants nevertheless removed the case to this Court on June 6, 2023, under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Defendants also cited the removal provision contained in the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2), because Plaintiff checked a box on the cover sheet attached to his Praecipe

indicating that the nature of his action was an intentional tort claim.[1] Defendants attached a Certification of Scope of Employment to the Notice of Removal stating that Defendant DeLuca was acting in the scope of his employment as a deputized federal task force officer at the time of the events that Defendants anticipate will be the subject of Plaintiff's Complaint (Doc. 1-3). Although Plaintiff's eventual Complaint likely will assert federal claims, Plaintiff argues that removal at this pre-complaint stage of the proceedings is premature. The Court agrees in part.

The Court of Appeals for the Third Circuit has held that a writ of summons does not qualify as an "initial pleading" sufficient to trigger removal. *See* Sikirica v. Nationwide Ins. Co. 416 F.3d 214, 223 (3d Cir. 2005); *see also* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 941 F. Supp. 2d 568, 571 (E.D. Pa. 2013) (ruling that removal of praecipe for writ of summons and pre-complaint discovery was premature even though the eventual complaint likely would raise ERISA claims). Accordingly, the Court will remand Plaintiff's principal case to state court. Defendants may seek removal of the action again if and when Plaintiff files his Complaint.

Because Defendants removed this case under Section 1442, however, the Court's inquiry does not end there. "Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." Serfass v. Oliveras-Smith, No. CV 19-806, 2019 WL 3318466, at *2 (E.D. Pa. July 22, 2019) (quoting In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila., 790 F.3d 457, 466–67 (3d Cir. 2015), as amended (June 16, 2015)); *see also* 28 U.S.C. § 1442(a) ("A civil action . . . that is commenced in a State court and that is against or directed to [an officer of the United States]

---

[1] In his briefing before this Court, Plaintiff contends that this checked box was inadvertent and non-dispositive, and that he intends to bring additional claims, including a *Bivens* action.

2

may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending"). Importantly, Section 1442(d)(1) provides that: "[t]he term[] "civil action" . . . include[s] any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court." 28 U.S.C. § 1442(d)(1).  Pre-complaint discovery has been found to fall within this definition particularly where, as here, a court order has been sought.[2]  *See* Serfass, 2019 WL 3318466, at *2.  This way, the law protects federal officials from state-law sanctions, as well as from plaintiffs trying to circumvent federal procedure, which does not permit most pre-complaint discovery.  *See* id. (finding no independent basis for removal of plaintiff's claim in its entirety, but retaining jurisdiction over enforceability of pending interrogatories).  For all of these reasons, removal of the instant action was proper only as to the pending discovery requests, and the Court will consider the same.

Consistent with the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to Remand (Doc. 9) is GRANTED IN PART and DENIED IN PART.  The Motion is DENIED only with respect to Plaintiff's request for pre-complaint discovery, over which the Court retains jurisdiction. *See* Doc. 15.  Those discovery requests are GRANTED to the extent that Defendants are ordered to provide Plaintiff forthwith the identities of the John Doe officers who executed the warrant at issue along with Defendant DeLuca.  The remainder of Plaintiff's

---

[2] Specifically, Plaintiff served pre-complaint written discovery in the state case pursuant to Pa. R. Civ. P. 4003.8.  Defendants responded to the discovery with partial responses and objections, after which Plaintiff filed a motion to compel responses.  Defendants removed the action after the Court of Common Pleas ordered a response to the Motion to Compel.

requests are premature, and his motion to compel any additional information prior to the filing of his Complaint is denied. The Motion to Remand is GRANTED in all other respects and the principal case is REMANDED FORTHWITH to the Court of Common Pleas, Erie County, Pennsylvania (Civil Division, Case No. 10721-2023). The remaining pending Motions (Doc. 2, Motion to Substitute Party; and Doc. 13, Motion for Administrative Closure) are DENIED AS MOOT.

    IT IS SO ORDERED.

March 31, 2024　　　　　　　　　　　　　　　　　s/Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All Counsel of Record